**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

**Attorneys for Plaintiffs**

Gregory B. Thomas (SBN 239870)
E-mail: gthomas@bwslaw.com
Christopher E. Brumfiel (SBN 214866)
E-mail: cbrumfiel@bwslaw.com
Jasper L. Hall (SBN 341113)
E-mail: jhall@bwslaw.com
**BURKE, WILLIAMS & SORENSEN, LLP**
1999 Harrison Street, Suite 1650
Oakland, California 94612-3520
Tel: 510.273.8780   Fax: 510.839.9104

**Attorneys for Defendant County of Alameda**

Kymberly E. Speer
Deputy Attorney General
E-mail: Kymberly.Speer@doj.ca.gov
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-0985

**Attorneys for Defendant**
**STATE OF CALIFORNIA, appearing**
**by and through its California Highway Patrol**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| MARIA LINA YURIAR and JUAN GUILLERMO,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF ALAMEDA; STATE OF CALIFORNIA; and DOES 1-20, inclusive,<br><br>    Defendants. | Case No. 4:23-cv-06438-KAW<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Judge:   Hon. Kandis A. Westmore<br><br>Trial Date:        None |

Counsel for Plaintiff and Defendant (collectively, "Parties") have met and conferred as required by Federal Rule of Civil Procedure 26(f) and this Court's Order Setting Initial Case Management Conference. (Dkt. No. 6.) Pursuant to Rule 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, the Parties hereby submit the following Joint Rule 26(f) and Initial Case Management Statement.

**I.     Jurisdiction, Venue & Service**

Jurisdiction: The Parties agree that this court has jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. 1983. The Court has supplemental jurisdiction over the related state law claims to 28 U.S.C. § 1367.

Venue: The Parties agree that venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b).

Service: Defendant County of Alameda was served on January 9, 2024 and answered Plaintiff's Complaint on January 26, 2024. (Dkt. Nos. 7, 12)

**II.    Facts:**

    **A.     Plaintiff's Position:**

On July 3, 2023, Juan Diego Burnal Yuriar, Decedent, was fatally shot by members of the Alameda County Sheriff's Department and the California Highway Patrol, while on the 1600 Block of 163 Avenue, in Ashland (Unincorporated San Leandro), California. Decedent died as a result of his gunshot wounds. Decedent was unarmed at the time of the incident and he did not have any type of weapon, such as a gun or knife, in his hands during the incident, nor did he attempt to obtain any of the involved officers' guns or equipment. Further, there were less than lethal alternatives to using deadly force against Decedent, especially since he was unarmed. Moreover, Decedent did not seriously physically injure anyone during the incident and he did not pose an immediate or imminent threat of death or serious physical injury to either the involved deputies and officers or any other person.

Decedent was not about to kill or cause serious bodily injury to anyone when he was fatally shot by the involved deputies and officers. Decedent also was not immediately life threatening, making the use of deadly force against him unnecessary.

The principal factual issues in dispute are Decedent's action just before and at the time of the shooting, as well as the involved officers' actions leading up to and at the time of the incident. Plaintiffs have not obtained the investigation materials regarding the shooting so the extent of the factual disputes has not been ascertained.

### B. Defendant State's Position:

Decedent and another suspect were apprehended by CHP officers. Then Decedent tried to run away, and a struggle ensued between Decedent and a CHP officer, during which Decedent punched the officer in the face and head several times. The officer's gun discharged. Defendants do not yet know if there are factual issues in dispute.

### C. Defendant County of Alameda's Position:

On July 3, 2023, an Alameda County Sheriff's Office Deputy responded to the scene of a CHP arrest and observed an active struggle between a CHP Officer and the Decedent. The Deputy discharged his weapon at the Decedent.

## III. Legal Issues:

### A. Plaintiff's Position:

Whether the officers use of deadly force against Decedent was excessive and unreasonable; whether the officers were negligent, including pre-shooting negligence, during the incident; whether it was reasonable to mistakenly believe that Decedent posed an immediate threat of death or serious bodily injury at the time of the shooting, even though he was unarmed; whether the officers acted willful, wanton or maliciously entitled Plaintiffs to punitive damages; and the nature and extent of damages, including both survival and wrongful death damages.

### B. Defendants' Position:

The primary legal issues raised by the Complaint are:

(1) Whether Defendants used excessive force and violated the Decedent's rights under the Fourth and Fourteenth Amendment of the United States Constitution.

(2) Whether Defendants denied the Decedent medical care and violated the Decedent's rights under the Fourth and Fourteenth Amendment of the United States Constitution.

(3) Whether Defendants denied Plaintiff's right to familial association under the Fourteenth Amendment of the United States Constitution.

(4) Whether Defendants committed battery against the Decedent.

(5) Whether Defendants negligently breached a duty owed to the Decedent under California Government Code § 820.

(6) Whether Defendants violated the Decedent's rights under the Tom Bane Act (Cal. Civ. Code § 52.1).

(7) Whether Defendants are statutorily immune from liability based on Plaintiff's state law claims.

(8) Whether individually-named Defendants, if any, are entitled to qualified immunity.

(9) Whether Plaintiff is entitled to the relief sought in this case and the nature and extent of her claimed damages.

(10) Defendants' defenses.

## IV. Motions:

There are no pending motions at this time.

The Defendant State intends to file a Rule 12(c) motion and motion for summary judgment.

Defendant County of Alameda anticipates filing a Motion for Partial Summary Judgment and/or Summary Judgment.

## V. Amendment of Pleadings:

Plaintiffs plan to amend the Complaint to add the shooting officers as named defendants. It is believed there are two shooting officers, one from the CHP department and the other from the Sheriff's Department (names currently unknown). A proposed deadline for amending the pleadings is September 6, 2024.

Defendant State does not currently anticipate filing any amended pleadings, and reserves the right to seek leave to amend as circumstances require.

Defendant County of Alameda reserves the right to seek leave to amend their pleadings should the need arise.

## VI. Evidence Preservation:

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## VII. Disclosures:

The parties have agreed to exchange initial disclosures on or before March 26, 2024.

## VIII. Discovery:

### Plaintiff's Discovery

The parties have not taken any discovery to date. The parties anticipate propounding written discovery, including request for production of documents, and then taking depositions of the parties, any witnesses to the shooting, medical responders and the medical examiner who conducted the autopsy.

### Defendant State's Discovery

Defendant State anticipates propounding interrogatories and document requests, and taking depositions of Plaintiff and witnesses. Discovery will encompass the following subjects:

(i) Plaintiff's state law claims against Defendant State.

(ii) Plaintiff's federal claims against Defendant State.

(iii) Plaintiff's claims for damages; and

(iv) Other claims and defenses.

### Defendant County of Alameda's Discovery

Defendant County of Alameda anticipates propounding interrogatories and document requests, and taking depositions of Plaintiff and witnesses. Discovery will encompass the following subjects:

(i) Plaintiff's state law claims against Defendant County of Alameda.

(ii) Plaintiff's federal claims against Defendant County of Alameda.

(iii) Plaintiff's claims for damages; and

(iv) Other claims and defenses.

  (b) The Parties have not entered into a stipulated protective order.

  (c) The Parties are agreeable to enter into a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f)(3)

  (d) The Parties anticipate that the ordinary discovery rules in this case may require modification due to the Department of Justice's investigation into this incident. This investigation will likely raise certain objections and possible delays when conducting discovery.

**IX. Class Actions:**

This is not a class action.

**X. Related Cases:**

There are no related civil cases.

**XI. Relief:**

  **A. Plaintiff's Statement:**

Plaintiffs seek both survival and wrongful death damages in excess of $5,000,000, as well as punitive damages and statutory attorneys' fees. These damages are calculated based on the pain and suffering and loss of enjoyment of live (survival damages) and on the loss of love, care, society, comfort, etc. (wrongful death damages) based on the death of Plaintiffs' son.

  **B. Defendant State's Statement:**

Defendant State denies that Plaintiff is entitled to any relief. Defendant State does not seek any affirmative relief in this case.

  **C. Defendant County of Alameda's Statement:**

Defendant County of Alameda denies that Plaintiff is entitled to any relief. Defendant County of Alameda does not seek any affirmative relief in this case.

**XII. Settlement and ADR:**

The Parties have stipulated to referral to a Mandatory Settlement Conference with a Magistrate Judge. The Parties also stipulated that they need to conduct initial discovery prior to settlement. Plaintiffs have stated that they would need the investigation materials, including recorded interviews and depose the involved officers. Plaintiffs anticipate that this will be an issue considering the ongoing Department of Justice investigation.

There needs to be some initial discovery conducted before there are any real prospects for settlement.

The parties stipulate to a settlement conference with the Magistrate Judge.

The parties propose a deadline date of March 21, 2025.

At a minimum, Plaintiffs would need the investigation materials, including the recorded interviews of the shooting officers before they could conduct a meaningful settlement conference. Ideally, Plaintiffs would also get to depose the shooting officers before any settlement conference, which may be an issue in light of the ongoing DOJ investigation.

### XIII. Other References:

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XIV. Narrowing of Issues:

The Parties will seek to narrow the issues via the discovery process via the discovery process, meeting and conferring, and motion(s) for summary or partial summary judgment following discovery. The Parties reserve the right to seek bifurcation of the issues if the need arises.

The issues most consequential are going to be liability, damages, and any applicable defenses and/or immunities such as qualified immunity.  The Parties are unsure whether an expedited resolution is appropriate, considering the ongoing DOJ investigation which may delay discovery.

### XV. Expedited Trial Procedure:

The Parties do not believe that an expedited schedule is appropriate.

### XVI. Scheduling:

The Parties have met and conferred, and based on their respective schedules, they propose the following schedule:

| | |
|---|---|
| Deadline to Amend Pleadings | June 11, 2024 |
| Close of Non-Expert Discovery: | May 14, 2025 |
| Expert Disclosure | June 18, 2025 |

| | | |
|---|---|---|
| Rebuttal Expert Disclosure | | July 18 13, 2025 |
| Close of Expert Discovery | | August 29, 2025 |
| Deadline to File Dispositive Motions | | September 26, 2025 |
| Dispositive Motion Hearing | | December 17, 2025 |
| Pretrial Conference Statement | | TBD |
| Pretrial Conference | | TBD |
| Trial | | TBD |

## XVII. Trial:

Per Plaintiffs: Jury Trial approximately 5-7 days.

Per State Defendants: Jury Trial, approximately 7 days.

Per County Defendants: Jury Trial, approximately 7 days.

## XVIII. Disclosure of Non-party Interested Entities or Persons:

No persons, firms, partnerships, corporations (including parent corporations) or other entities are known by the Parties to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

## XIX. Professional Conduct:

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XX. Other:

The Parties are not aware of any other matter they should bring to the Court's attention at this time.

Dated: March 12, 2024                   LAW OFFICES OF DALE K. GALIPO

                                        By:   */s/ Eric Valenzuela*
                                              Eric Valenzuela
                                              Attorneys for Plaintiffs

| | |
|---|---|
| Dated: March 12, 2024 | BURKE, WILLIAMS & SORENSEN, LLP |
| | By:     */s/ Christopher E. Brumfiel*<br>Gregory B. Thomas<br>Christopher E. Brumfiel<br>Jasper L. Hall<br>Attorneys for Defendant<br>COUNTY OF ALAMEDA |
| Dated: March 12, 2024 | |
| | By:     */s/ Kymberly E. Speer*<br>Kymberly E. Speer<br>Deputy Attorney General<br>Attorneys for Defendant<br>STATE OF CALIFORNIA, appearing by and through its California Highway Patrol |

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____

UNITED STATES DISTRICT JUDGE