1  LAW OFFICES OF DALE K. GALIPO
2  Dale K. Galipo (Bar No. 144074)
   dalekgalipo@yahoo.com
3  Eric Valenzuela (Bar No. 284500)
   evalenzuela@galipolaw.com
4  21800 Burbank Boulevard, Suite 310
   Woodland Hills, California, 91367
5  Telephone:   (818) 347-3333
   Facsimile:    (818) 347-4118
6
7  Attorneys for Plaintiffs

8

9                 **UNITED STATES DISTRICT COURT**

10               **NORTHERN DISTRICT OF CALIFORNIA**

11

12  MARIA LINA YURIAR; and JUAN        |  Case No. 4:23-cv-06438 KAW
13  GUILLERMO,                         |
                                       |  **FIRST AMENDED COMPLAINT**
14              Plaintiffs,            |  **FOR DAMAGES**
15              vs.                    |  1. Unreasonable Search and Seizure—
                                       |     Excessive Force (42 U.S.C. § 1983)
16  COUNTY OF ALAMEDA; STATE OF        |  2. Unreasonable Search and Seizure—
17  CALIFORNIA; BASIR QURISHI;         |     Denial of Medical Care (42 U.S.C.
    ALEXIS PEREZ-ROJAS; and DOES 3-    |     § 1983)
18  10, inclusive,                     |  3. Substantive Due Process—(42
19                                     |     U.S.C. § 1983)
                Defendants.            |  4. Battery (Wrongful Death and
20                                     |     Survival Damages)
                                       |  5. Negligence (Wrongful Death and
21                                     |     Survival Damages)
                                       |  6. Violation of Bane Act (Cal. Civil
22                                     |     Code § 52.1)
23                                        **DEMAND FOR JURY TRIAL**
24                 **COMPLAINT FOR DAMAGES**
25      1.    Plaintiffs MARIA LINA YURIAR and JUAN GUILLERMO, for their
26  complaint against Defendants COUNTY OF ALAMEDA, the STATE OF
27  CALIFORNIA, Qurishi Alexis Perez-Rojas; and Does 3-10, inclusive, allege as
28  follows:

## INTRODUCTION

2.    This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law and in connection with the fatal officer involved shooting of Juan Diego Bernal Yuriar ("DECEDENT"), by members of the County of Alameda Sheriff's Department ("CASD") and of the California Highway Patrol ("CHP").

## PARTIES

3.    At all relevant times, Juan Diego Burnal Yuriar ("DECEDENT"), was an individual residing in the County of Alameda, California.

4.    Plaintiff MARIA LINA YURIAR is an individual residing in the County of Alameda, and is the natural mother to DECEDENT.  MARIA LINA YURIAR sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT.  MARIA LINA YURIAR seeks both survival damages, including DECEDENT's pain and suffering and loss of enjoyment of life and wrongful death damages under state and federal law.

5.    Plaintiff JUAN GUILLERMO is an individual residing in the County of Alameda, California, and is the natural father to DECEDENT.  JUAN GUILLERMO sues both in his individual capacity as the father of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT.  JUAN GUILLERMO seeks both survival damages, including DECEDENT's pain and suffering and loss of enjoyment of life and wrongful death damages under state and federal law.

6.    At all relevant times, Defendant COUNTY OF ALAMEDA ("COUNTY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  At all relevant times, COUNTY was the employer of Defendant ALEXIS PEREZ-ROJAS, who was a COUNTTY sheriff's deputy, DOES 3-4, who were COUNTY sheriff's deputies' supervisorial officers, and

1  DOES 5-6, who was a managerial, supervisorial, and policymaking employees of

2  the COUNTY sheriff's department.  On information and belief, at all relevant

3  times, ALEXIS PEREZ-ROJAS and DOES 3-6 were residents of the County of

4  Alameda, California.  ALEXIS PEREZ-ROJAS and DOES 3-6 are sued in their

5  individual capacity for damages only.

6      7.    At all relevant times, STATE OF CALIFORNIA ("STATE") is and was a

7  duly organized public entity, form unknown, existing under the laws of the State of

8  California.  At all relevant times, STATE was the employer of Defendant BASIR

9  QURISHI, who was a STATE California highway patrol officer, DOES 7-8, who

10  were STATE's CHP officers' supervisorial officers, and DOES 9-10, who were

11  managerial, supervisorial, and policymaking employees of the STATE's CHP

12  department.  On information and belief, at all relevant times, BASIR QUIRISHI

13  and DOES 7-10 were residents of the County of Alameda, California.  BASIR

14  QUIRISHI and DOES 7-10 are sued in their individual capacity for damages only.

15      8.    At all relevant times, Defendants ALEXIS PEREZ-ROJAS and DOES 3-6

16  were duly authorized employees and agents of COUNTY, who were acting under

17  color of law within the course and scope of their respective duties as sheriff's

18  deputies and with the complete authority and ratification of their principal,

19  Defendant COUNTY.

20      9.    At all relevant times, Defendants BASIR QUIRISHI and DOES 7-10 were

21  duly authorized employees and agents of STATE, who were acting under color of

22  law within the course and scope of their respective duties as CHP officers and with

23  the complete authority and ratification of their principal, Defendant STATE.

24      10.   At all relevant times, Defendants ALEXIS PEREZ-ROJAS and DOES 3-6

25  were duly appointed deputies and/or employees or agents of COUNTY, subject to

26  oversight and supervision by COUNTY's elected and non-elected officials.

27      11.   At all relevant times, Defendants BASIR QUIRISHI and DOES 7-10 were

28  duly appointed officers and/or employees or agents of STATE, subject to oversight

FIRST AMENDED COMPLAINT FOR DAMAGES

and supervision by STATE's elected and non-elected officials.

12.   In doing the acts and failing and omitting to act as hereinafter described, Defendants ALEXIS PEREZ-ROJAS and DOES 3-6 were acting on the implied and actual permission and consent of COUNTY.

13.   In doing the acts and failing and omitting to act as hereinafter described, Defendants BASIR QUIRISHI and DOES 7-10  were acting on the implied and actual permission and consent of STATE.

14.   At all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COUNTY defendant.

15.   At all times mentioned herein, each and every STATE defendant was the agent of each and every other STATE defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every STATE defendant.

16.   The true names of defendants DOES 3 through 10, inclusive, are unknown to PLAINTIFFS, who therefore sue these defendants by such fictitious names. PLAINTIFFS will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

17.   On October 24, 2023, PLAINTIFFS served their claims for damages with COUNTY and STATE pursuant to applicable sections of the California Government Code.

18.   On November 3 and November 6, 2023, STATE rejected PLAINTIFFS' claims for damages.

19.   On November 3, 2023, STATE rejected PLAINTIFFS' claims for damages. On December 8, 2023, COUNTY rejected PLAINTIFFS' claims by operation of

law.

## JURISDICTION AND VENUE

20.   This Court has jurisdiction over this civil action because it is a civil rights excessive force case that involves a federal question and the nature of the claims and the amount in controversy meet the requirements for jurisdiction in the Superior Court of the State of California.

21.   Venue is proper in this Court because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Alameda, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

22.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 21 of this Complaint with the same force and effect as if fully set forth herein.

23.   On July 3, 2023, DECEDENT was on the 1600 Block of 163 Avenue, in Ashland (Unincorporated San Leandro), California.   While at this location, Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS discharged their firearms at DECEDENT, striking him several times, causing him serious physical injury and eventually killing him.

24.   DECEDENT was unarmed at the time of the incident and he did not have any type of weapon, such as a gun or knife, in his hands during the incident. Further, there were less than lethal alternatives to using deadly force against DECEDENT, especially since he was unarmed.

25.   DECEDENT did not seriously physically injure anyone during the incident and he did not pose an immediate or imminent threat of death or serious physical injury to either BASIR QURISHI and ALEXIS PEREZ-ROJAS or any other person.  DECEDENT was not about to kill or cause serious bodily injury to anyone when he was fatally shot by the involved deputies and officers.  The conduct of

1  DECEDENT was not immediately life threatening, making the use of deadly force
2  against him unnecessary.

3  26.  On information and belief, Defendants BASIR QURISHI and ALEXIS
4  PEREZ-ROJAS did not provide timely medical care to DECEDENT, they did not
5  timely summons medical assistance for DECEDENT, and/or they prevented
6  medical assistance from being timely provided to DECEDENT.

8  **FIRST CLAIM FOR RELIEF**
9  **Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**
10  (By Plaintiffs against Defendants Basir Qurishi and Alexis Perez-Rojas)
11  27.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1
12  through 26 of this Complaint with the same force and effect as if fully set forth
13  herein.

14  28.  Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS' unjustified
15  shooting deprived DECEDENT of his right to be secure in his persons against
16  unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth
17  Amendment to the United States Constitution and applied to state actors by the
18  Fourteenth Amendment.

19  29.  The unreasonable use of force by Defendants BASIR QURISHI and
20  ALEXIS PEREZ-ROJAS deprived DECEDENT of his right to be secure in his
21  person against unreasonable searches and seizures as guaranteed to him under the
22  Fourth Amendment to the United States Constitution and applied to state actors by
23  the Fourteenth Amendment.

24  30.  As a result, DECEDENT suffered extreme mental and physical pain and
25  suffering, loss of enjoyment of life and eventually suffered a loss of life and of
26  earning capacity.  Plaintiffs have also been deprived of the life-long love,
27  companionship, comfort, support, society, care, and sustenance of DECEDENT, and
28  will continue to be so deprived for the remainder of their natural lives.

31.     As a result of the conduct of Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS, they are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

32.     This use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT was unnamed, he did not pose an immediate threat of death or serious bodily injury at the time of the shooting, and there were less than lethal alternatives available, which were not exhausted before resorting to the use of deadly force against DECEDENT.  Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

33.     The conduct of Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to the involved deputies and officers.

34.     Plaintiffs bring this claim as successor-in-interest to the DECEDENT, and seek both survival damages, including DECEDENT's pain and suffering and loss of life/enjoyment of life and wrongful death damages for the violation of DECEDENT's rights.

35.     Plaintiffs also seek attorney fees under this claim.

### SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(By Plaintiffs Against Defendants Basir Qurishi and Alexis Perez-Rojas)

36.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

-7-

37.    The denial of medical care by Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

38.    As a result, DECEDENT suffered extreme mental and physical pain and suffering and eventually suffered a loss of life and earning capacity.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

39.    Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

40.    After shooting DECEDENT multiple times, Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS did not timely summons medical attention for DECEDENT, who was bleeding profusely and had obvious serious injuries, and BASIR QURISHI and ALEXIS PEREZ-ROJAS also did not allow and prevented responding medical personnel on-scene to timely render medical aid/assistance to DECEDENT.

41.    The conduct of Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS.

42.    Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of

DECEDENT's rights.

43.     Plaintiffs also seek attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF

**Substantive Due Process (42 U.S.C. § 1983)**

(By Plaintiffs Against Defendants Basir Qurishi and Alexis Perez-Rojas)

44.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 36 of this Complaint with the same force and effect as if fully set forth herein.

45.     MARIA LINA YURIAR and had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

46.     JUAN GUILLERMO had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his son, DECEDENT.

47.     As a result of the excessive force by Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS, and their failure to intervene, DECEDENT died. Plaintiffs MARIA LINA YURIAR and JUAN GUILLERMO were thereby deprived of their constitutional right of familial relationship with DECEDENT.

48.   Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS, while acting under color of state law, thus violated the Fourteenth Amendment rights of MARIA LINA YURIAR and JUAN GUILLERMO to be free from unwarranted interference with their familial relationship with DECEDENT.

49.   The aforementioned actions of Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs MARIA LINA YURIAR and JUAN GUILLERMO and with purpose to harm unrelated to any legitimate law enforcement objective.

50.   Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS, acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT and Plaintiffs.

51.   As a direct and proximate cause of the acts of Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS, DECEDENT experienced severe pain and suffering and lost his life and earning capacity.  Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses.

52.   As a result of the conduct of Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS, they are liable for DECEDENT'S injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

53.   The conduct of Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS.

54.   Plaintiffs brings this claim individually and seek wrongful death damages for the violation of Plaintiffs' rights.

55.   Plaintiffs also seek attorney fees under this claim.

**FOURTH CLAIM FOR RELIEF**

**Battery (Cal. Govt. Code § 820)**

(Survival and Wrongful Death)

(By Plaintiffs Against Defendants Basir Qurishi, Alexis Perez-Rojas, County and State)

56.     Plaintiffs repeat and realleges each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

57.     Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS, while working as sheriff's deputies for the COUNTY's sheriff's department, and as officers for the STATE's CHP department, and while acting within the course and scope of their duties, intentionally shot DECEDENT multiple times.  As a result of the actions of Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity.  Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS had no legal justification for using force against DECEDENT and said defendants' use of force while carrying out their deputy and CHP officer duties was an unreasonable use of force.  Especially since DECEDENT was unarmed during the incident, no one had suffered serious bodily injury and there were less than lethal alternatives to using deadly force against DECEDENT which had not yet been exhausted yet.

58.     As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of their son, DECEDENT, and will continue to be so deprived for the remainder of their natural life.  Plaintiffs are also claiming funeral and burial expenses and loss of financial support.

59.     COUNTY and STATE are vicariously liable for the wrongful acts of Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

60.     The conduct of Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to Decedent, to an award of exemplary and punitive damages.

61.     Plaintiffs brings this claim both individually and as a successors-in-interest to DECEDENT, and seek both survival damages, including pre-death pain and suffering and wrongful death damages under this claim.

### FIFTH CLAIM FOR RELIEF
**Negligence (Cal. Govt. Code § 820)**

(Survival and Wrongful Death)

(Against All Defendants)

62.     Plaintiffs repeat and realleges each and every allegation in paragraphs 1 through 55 of this Complaint with the same force and effect as if fully set forth herein.

63.     The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

        (a)     the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

        (b)     the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

        (c)     the negligent detention, arrest, and use of force, including deadly

force, against Decedent;

    (d)    failure to recognize that DECEDENT was unarmed and that he had not caused anyone serious bodily injury during the incident;

    (e)    the failure to summons and provide prompt medical care to Decedent;

    (f)    the failure to properly train and supervise employees, both professional and non-professional, including Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS;

    (g)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Decedent; and

    (h)    the negligent handling of evidence and witnesses.

64.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity.  Further, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs also are claiming funeral and burial expenses and loss of financial support.

65.    COUNTY and STATE are vicariously liable for the wrongful acts of Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

66.    Plaintiffs bring this claim both individually and as successor in interest to DECEDENT and seek both wrongful death damages and survival damages under

this claim, including pre-death pain and suffering.

## **SIXTH CLAIM FOR RELIEF**

### **Violation of Bane Act (Cal. Civil Code § 52.1)**

(By Plaintiffs against Defendants Basir Qurishi, Alexis Perez-Rojas, County and State)

67.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

68.     California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion.

69.     Conduct that violates the Fourth Amendment can also amount to conduct that violates the California Bane Act.

70.     Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT was unarmed during the incident, no one had suffered serious bodily and DECEDENT never attempted to touch or grab any of the involved officers' equipment or guns.  Further, DECEDENT did not pose an imminent threat of death or serious bodily injury towards anyone when he was fatally shot and there were less than lethal alternatives available which were not utilized before resorting to the use of deadly force.  Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures and to be free from having unreasonable and excessive force used against him.  Further, the involved deputies and officers acted with a reckless disregard of constitutional and statutory rights of the Decedent, including the right to be free from having unreasonable and excessive deadly force used against him.

71.    The involved officers intentionally used excessive deadly force against DECEDENT by recklessly disregarding the DECEDENT's right to be free from excessive force.

72.    Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS, while working as deputies for the COUNTY's sheriff's department and the STATE's CHP department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of DECEDENT to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

73.    On information and belief, DECEDENT reasonably believed that if he exercised his rights, including his civil rights, Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS would commit acts involving violence, threats, coercion, or intimidation against them or their property.

74.    On information and belief Defendant Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS injured DECEDENT to prevent him from exercising his rights or retaliated against Decedent for having exercised his rights.

75.    DECEDENT was caused to suffer extreme pain and suffering and eventually suffered a loss of life and of earning capacity.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

76.    The conduct of Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS was a substantial factor in causing the harms, losses, injuries, and damages of DECEDENT and Plaintiffs.

77.    COUNTY and STATE are vicariously liable for the wrongful acts of Defendants BASIR QURISHI and ALEXIS PEREZ-ROJAS pursuant to section

1  815.2(a) of the California Government Code, which provides that a public entity is
2  liable for the injuries caused by its employees within the scope of the employment if
3  the employee's act would subject him or her to liability.

4      78.    The conduct of Defendants BASIR QURISHI and ALEXIS PEREZ-
5  ROJAS was malicious, wanton, oppressive, and accomplished with a conscious
6  disregard for the rights of DECEDENT entitling Plaintiffs to an award of exemplary
7  and punitive damages.

8      79.    Plaintiffs bring this claim in a representative capacity as the successors-
9  in-interest to DECEDENT, and seek survival damages, including for pre-death pain
10  and suffering and loss of enjoyment of life for the violation of DECEDENT's rights.

11      80.    The Plaintiffs also seek statutory attorney's fees under this claim,
12  including a multiplier as permitted by law.

13

14                              **PRAYER FOR RELIEF**

15      WHEREFORE, Plaintiffs request entry of judgment in her favor and against
16  Defendants the County of Alameda, the State of California, Basir Qurishi, Alexis
17  Perez-Rojas and Does 3-10, inclusive, as follows:

18          A.    For compensatory damages, including both survival damages,
19                including pain and suffering and loss of enjoyment of life and
20                wrongful death damages under state law and federal law, in the
21                amount to be proven at trial;
22          B.    For funeral and burial expenses and loss of financial support;
23          C.    For punitive damages against the individual defendants in an
24                amount to be proven at trial;
25          D.    For interest;
26          E.    For treble damages under Civil Code Section 52.1.
27          F.    For reasonable costs of this suit and attorneys' fees; and
28

1          G.      For such further other relief as the Court may deem just, proper,

2                  and appropriate.

3

4

5    DATED:  April 19, 2024          LAW OFFICES OF DALE K. GALIPO

6

7                                    By_____s/ Eric Valenzuela_____

8                                        Dale K. Galipo
                                         Eric Valenzuela
9                                        Attorneys for Plaintiffs

10

11

12

13                      **<u>DEMAND FOR JURY TRIAL</u>**

14

15        Plaintiffs hereby demand a trial by jury.

16

17   DATED:  April 19, 2024          LAW OFFICES OF DALE K. GALIPO

18

19

20                                   By_____s/ Eric Valenzuela_____

21                                       Dale K. Galipo
                                         Eric Valenzuela
22                                       Attorneys for Plaintiffs

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES