1  ROB BONTA
   Attorney General of California
2  ROHIT S. KODICAL
   Supervising Deputy Attorney General
3  KYMBERLY E. SPEER
   Deputy Attorney General
4  State Bar No. 121703
    1515 Clay Street, 20th Floor
5   P.O. Box 70550
    Oakland, CA  94612-0550
6   Telephone:  (510) 879-0985
    Fax:  (510) 622-2270
7   E-mail:  Kymberly.Speer@doj.ca.gov
   *Attorneys for Defendants State of California,*
8  *appearing by and through its California Highway*
   *Patrol and Officer Basir Qurishi*
9

10           IN THE UNITED STATES DISTRICT COURT

11           FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13

| MARIA LINA YURIAR and JUAN GUILLERMO, | 4:23-cv-06438 KAW |
|---|---|
| Plaintiffs, | **ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES** |
| v. | Judge:     The Honorable Kandis A. Westmore |
| COUNTY OF ALAMEDA; STATE OF CALIFORNIA; BASIR QURISHI; ALEXIS PEREZ-ROJAS; and DOES 3-10, inclusive, | Trial Date:    December 8, 2025 |
| | Action Filed:  December 14, 2023 |
| Defendants. | |

Defendants State of California, appearing by and through its California Highway Patrol, and Officer Basir Qurishi (Defendants), responding to Plaintiffs' First Amended Complaint for Damages (Complaint), admit, deny, and allege as follows:

1. Defendants can neither admit nor deny Plaintiffs' paragraphs 1, 2, 16, 22, 27, 34, 35, 36, 42, 43, 44, 54, 55, 56, 61, 62, 66, 67, 68, 69, 79 and 80 because they are neither statements of fact nor legal conclusions.

2.  Defendants lack sufficient information or belief to respond to the allegations in paragraphs 3-6, 8, 10, 12, 14, 15, 24-25, 30, 45, 46, and therefore deny them.

3.  Responding to the allegations in paragraph 23, Defendants admit that, during the incident on July 3, 2023, a County deputy and Officer Basir Qurishi discharged their firearms at the Decedent.  Defendants further admit that Decedent was struck several times and suffered serious physical injuries, and that he eventually died.

4.  Responding to the allegations in paragraphs 7, 9, 11, and 13, Defendants admit that Officer Basir Qurishi was employed by Defendants California Highway Patrol, a public entity, and that Officer Qurishi was acting in the course and scope of his duties at the time of the incident. Defendants deny the balance of the allegations in these paragraphs and further deny that Plaintiff sustained any damage as a proximate result of Defendants' actions or inactions.

5.  Defendants deny the allegations in paragraphs 25, 26, 28-33, 37-41, 45-53, 57-60, 63-65, 70-78 and further deny that Plaintiffs sustained any damage as a proximate result of Defendant's or its employees' actions or inactions.

6.  Responding to the allegations in paragraph 17, Defendants admit that, according to the proof of service, Plaintiffs served their Government Code claim on the State on October 24, 2023.  Defendants lack information or belief to the respond to the remainder of the allegations in this paragraph, and therefore deny them.

7.  Responding to the allegations in paragraphs 18 and 19, Defendants admit the State rejected Plaintiffs' claim on November 3, 2023.  Defendants lacks sufficient information or belief to respond to the balance of the allegations in these paragraphs, and therefore deny them.

8.  Responding to the allegations in paragraph 20, Defendant State of California, appearing by and through its California Highway Patrol, waives its Eleventh Amendment immunity and consents to this Court's jurisdiction.

9.  Responding to the allegations in paragraph 21, Defendants do not contest venue in this Court.

///

# AFFIRMATIVE DEFENSES

As separate and affirmative defenses, Defendants allege:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and every claim alleged in it, fail to state a claim against Defendants upon which the Court can grant relief.

## SECOND AFFIRMATIVE DEFENSE

That at all times alleged, Defendants acted in good faith and are entitled to qualified immunity. Defendants' conduct was protected by all applicable statutory and common law immunities, including, but not limited to, all absolute and qualified immunities.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint does not rise to the level of a constitutional statutory violation.

## FOURTH AFFIRMATIVE DEFENSE

Defendants did not deprive Plaintiffs or their decedent of any right, privilege, or immunity guarantee by the Constitution or laws of the United States or laws of the State of California.

## FIFTH AFFIRMATIVE DEFENSE

Defendants did not act with malicious intent to deprive any person of a constitutional right or to cause injury, and therefore are not liable.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover attorneys' fees for any claim based on the state or common law.

## SEVENTH AFFIRMATIVE DEFENSE

Under Cal. Gov't Code §§ 962, 965-965.9, 984 and 985, any judgment entered may be paid by periodic payments rather than in a lump sum and may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to trial.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to take reasonable steps to mitigate their injuries, and damages, if any there are. Any recovery by Plaintiffs should be reduced by those damages Plaintiffs failed to adequately mitigate.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint and each of its causes of action are uncertain.

**TENTH AFFIRMATIVE DEFENSE**

The actions or inactions complained of by Plaintiffs were proximately caused by the negligence or wrongful conduct of persons and/or entities other than Defendants, and that liability, if any, of Defendants should therefore either be barred or reduced to the extent of such negligence.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants' conduct occurred in the proper exercise of the officers' job duties and police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States or State of California, or to do any person any other injury.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants are entitled to qualified immunity, and official and quasi-judicial immunity. Defendants acted at all times relevant to this lawsuit in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and the laws of the United States and the State of California. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

**THIRTEENTH AFFIRMATIVE DEFENSE**

Should Plaintiffs recover damages, the amount should be abated, apportioned, and reduced to the extent that the negligence or other legal responsibility of any other person or entity caused or contributed to the damages, if any.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants did not owe a duty of care to Plaintiffs, and did not have a special relationship to any person alleged in the Complaint so as to give rise to any duty running to any person. *Zelig v. Cnty. of L.A.*, 27 Cal. 4th 111, 1131 (2002).

**FIFTEENTH AFFIRMATIVE DEFENSE**

There was reasonable cause to make or attempt to make the detention or arrest, if any, alleged in the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE:**

To the extent that Defendants or any of their employees or agents used force during the incident alleged in the Complaint, it was privileged as reasonably necessary, and was believed to be reasonably necessary, in self-defense and the lawful defense of third parties.

**SEVENTEENTH AFFIRMATIVE DEFENSE:**

To the extent that Defendants or any of their employees or agents used force in the incident alleged in the Complaint, such use of force was in the exercise of the right of self-defense or the right to defend others.  Decedent knew an arrest or detention was being made by peace officers and had a duty to refrain from using force to resist, and was in violation of Penal Code sections 148, 241, 243, 245 and 834 a in failing to refrain from assaulting, threatening, battering, obstructing and resisting peace officers. Cal. Civ. Code, §§ 43, 50; Cal. Pen. Code, §§ 197, 198.5, 417, 692, 835 a, 836.5 (b).

**EIGHTEENTH AFFIRMATIVE DEFENSE:**

Decedent willfully and unlawfully used force and violence upon the officers and provoked the altercation and events alleged in the Complaint.  The force employed, to prevent the continuance of such conduct was reasonable and not excessive

Wherefore, Defendants pray for judgment against Plaintiffs as follows:

1. That Plaintiffs take nothing by way of the Complaint, and judgment be entered in favor of Defendants on all claims;
2. That Defendants be awarded costs of suit;

3. That Defendants be awarded attorneys' fees pursuant to statute; and,

4. For such other and further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendants respectfully demand a trial by jury and a court reporter to record the proceedings herein pursuant to Fed. R. Civ. P. 38.

Dated:  May 1, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
ROHIT S. KODICAL
Supervising Deputy Attorney General

*Kymberly E. Speer* (signature)

KYMBERLY E. SPEER
Deputy Attorney General
*Attorneys for Defendants State of California, appearing by and through its California Highway Patrol, and Officer Basir Qurishi*

OK2024400262
44147616.docx