Gregory B. Thomas (SBN 239870)
E-mail: gthomas@bwslaw.com
Christopher E. Brumfiel (SBN 214866)
E-mail: cbrumfiel@bwslaw.com
Jasper L. Hall (SBN 341113)
E-mail: jhall@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, California 94612-3520
Tel: 510.273.8780   Fax: 510.839.9104

Attorneys for Defendants
COUNTY OF ALAMEDA and ALEXIS PEREZ-ROJAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| MARIA LINA YURIAR and JUAN GUILLERMO,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA; STATE OF CALIFORNIA; BASIR QURISHI; ALEXIS PEREZ-ROJAS; and DOES 3-10, inclusive,<br><br>Defendants. | Case No. 4:23-cv-06438-KAW<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS COUNTY OF ALAMEDA AND ALEXIS PEREZ-ROJAS TO STAY DISCOVERY**<br><br>*Filed concurrently with Declaration of Christopher E. Brumfiel; Declaration of Captain Robert Evans; and [Proposed] Order*<br><br>Judge:   Hon. Kandis A. Westmore<br>Date:    July 18, 2024<br>Time:    1:30 p.m.<br>Crtrm.:  TBD<br><br>Trial Date:            None |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4878-6148-5500 v3

1

Case No. 4:23-cv-06438-KAW
NOTICE OF MOTION/MOTION TO STAY DISC

**TO ALL PARTIES AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE** that on Thursday, July 18, 2024 at 1:30 pm, or as soon thereafter as this matter may be heard before Judge Kandis A. Westmore, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, Defendants COUNTY OF ALAMEDA and ALEXIS PEREZ-ROJAS (collectively "Alameda County Defendants") will move the Court to stay discovery of this instant action.

This motion is based on this Notice of Motion and Motion, Memorandum of Points and Authorities, the Declaration of Captain Robert Evans, the Declaration of Christopher E. Brumfiel, and the documents on file with the court, and such further evidence and argument as the court may permit.

Dated: May 22, 2024                                    BURKE, WILLIAMS & SORENSEN, LLP

By:   */s/ Jasper L. Hall*
Gregory B. Thomas
Christopher E. Brumfiel
Jasper L. Hall
Attorneys for Defendants
COUNTY OF ALAMEDA and ALEXIS PEREZ-ROJAS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On July 3, 2023, Defendant Deputy Alexis Perez-Rojas ("Perez-Rojas") was involved in the fatal shooting of Juan Diego Bernal Yuriar ("Yuriar") in San Leandro, California. On July 4, 2023, pursuant to Government Code 12525.3, the California Department of Justice – Special Prosecutions Division ("CA DOJ"), launched a formal investigation into the shooting. The instant civil action, filed by Yuriar's heirs on December 15, 2023, seeks civil damages arising from the same shooting.

In recognition of the fact that any discovery propounded on Perez-Rojas and/or County of Alameda would implicate the Fifth Amendment rights of Perez-Rojas, counsel for County of Alameda and Perez-Rojas advised the Court at the initial Case Management Conference that a formal stay of discovery proceedings might be appropriate. The Court urged the parties to attempt to meet and confer regarding the issues presented by CA DOJ's investigation and the concurrent civil action.

Thereafter, Plaintiffs propounded numerous written discovery requests on County of Alameda, seeking documents relating to the shooting and Perez-Rojas. The County contends that Plaintiffs' requests for production, specifically, the requests targeted at Perez-Rojas, implicate his Fifth Amendment rights in any criminal proceeding arising out of CA DOJ's investigation – the sole entity investigating this incident.

Accordingly, by way of the instant motion, County of Alameda and Perez-Rojas, respectfully request that the instant civil action be stayed for period of no less than 180 days in order to allow CA DOJ to complete its investigation and to avoid any Fifth Amendment issues in the event the CA DOJ ultimately elects to file criminal charges against Perez-Rojas. The modest stay proposed by County of Alameda and Perez-Rojas would not prejudice Plaintiffs, and based upon the representation of the handling Deputy Attorney General that the CA DOJ is making every effort to conclude its investigation this year, would allow ample time for fact discovery in the instant action prior to ADR or trial.

Therefore, Defendants County of Alameda and Perez-Rojas respectfully request that discovery be stayed in the instant civil action for a period of no less than 180 days, with a further

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4878-6148-5500 v3

3

Case No. 4:23-cv-06438-KAW
NOTICE OF MOTION/MOTION TO STAY DISC

Status Conference regarding the Discovery Stay set for 90 days after the entry of the Court's order, or until the conclusion of CA DOJ's investigation.

## II.     RELEVANT FACTS

This lawsuit arises from the Plaintiffs' allegations that on July 3, 2023, Perez-Rojas and California Highway Patrol Officer Basir Qurishi (hereinafter "Officer Qurishi") used unreasonable force against Yuriar.

Plaintiffs filed their initial complaint on December 14, 2023, naming County of Alameda, and State of California as Defendants, alleging the following causes of action: (1) Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983); (2) Unreasonable Search and Seizure – Denial of Medical Care (42 U.S.C. § 1983); (3) Substantive Due Process (42 U.S.C. § 1983); (4) Battery (Cal. Govt. Code § 820); (5) Negligence (Cal. Govt. Code § 820); and (6) Violation of the Tom Bane Act (Cal. Civil Code § 52.1). [Dkt. No. 1.]

On February 16, 2024, counsel for County of Alameda and Perez-Rojas emailed Deputy Attorney General Aseil Mohmoud regarding the status of CA DOJ's investigation into the shooting pursuant to California Government Code 12525.3 and advising of the instant civil action arising out of the same shooting. *Declaration of Christopher E. Brumfiel* ("*Brumfiel Decl.*") at ¶ 2. In response, Deputy Attorney General Mohmoud advised that CA DOJ was working diligently to have its investigation completed "this year," and, that due to the active nature of investigation, no materials relating to the shooting could be produced. *Brumfiel Decl.* at ¶ 2.

On March 19, 2024, this Court conducted an initial Case Management Conference in the instant action. [Dkt. No. 25.] During the Conference, counsel for County of Alameda and Perez-Rojas raised the issues presented by CA DOJ's ongoing investigation including the potential for criminal charges against Perez-Rojas (and/or Qurishi), and the corresponding implication of Perez-Rojas and Qurishi's rights under the Fifth Amendment should County of Alameda produce materials relating to the shooting in response to discovery requests from Plaintiff. *Brumfiel Decl.* at ¶ 3. Counsel for County of Alameda and Perez-Rojas further noted that under the unique circumstances presented, a stay of discovery might be appropriate to allow for the conclusion of CA DOJ's investigation. On March 26, 2024, following the Conference, counsel for County of Alameda and

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4878-6148-5500 v3

4

Case No. 4:23-cv-06438-KAW
NOTICE OF MOTION/MOTION TO STAY DISC

Perez-Rojas produced an incident report as part of their initial disclosures under Federal Rule of Civil Procedure 26, with redactions to any references to Perez-Rojas and Qurishi. *Brumfiel Decl.* at ¶ 4.

On April 2, 2024, Plaintiffs propounded requests for production of documents on County of Alameda. *Brumfiel Decl.* at ¶ 5. Many of Plaintiffs' requests related specifically to documentation regarding Perez-Rojas' involvement in the shooting, including but not limited to statements made by Perez-Rojas, body-worn camera footage, witness testimony, and the personnel records of Deputy Perez-Rojas. *Brumfiel Decl.* at ¶ 5.

On April 19, 2024, pursuant to the parties' stipulation, Plaintiffs filed a First Amended Complaint naming Perez-Rojas and Qurishi as individual defendants. *Brumfiel Decl.* at ¶ 6; Dkt. No. 30.

Following receipt of Plaintiffs' request for production, counsel for County of Alameda and Perez-Rojas requested a meet and confer conference to discuss the scope of Plaintiffs' requests and County of Alameda and Perez-Rojas' concerns regarding same in light of the ongoing CA DOJ investigation. *Brumfiel Decl.* at ¶ 7.

On April 25, 2024, the parties met and conferred, with Plaintiffs taking the position that they would not agree to limit the scope of their request for production. *Brumfiel Decl.* at ¶ 7. Following the meet and confer conference, Alameda County Sheriffs' Office confirmed that CA DOJ is the sole investigating entity into the fatal shooting of Yuriar and that Plaintiffs should direct any requests for documentation related to the shooting directly to CA DOJ. *Declaration of Captain Robert Evans* ("*Evans Decl.*") at ¶ 2.

## III.     LEGAL ARGUMENT

### A.     The Court has Authority to Grant a Stay.

Absent substantial prejudice to the rights of the parties, District Courts have the discretion to stay civil proceedings – in the interests of justice - when a defendant's Fifth Amendment right against self-incrimination is implicated. *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).

Furthermore, the extent to which the defendant's Fifth Amendment rights are implicated is

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4878-6148-5500 v3

5

Case No. 4:23-cv-06438-KAW
NOTICE OF MOTION/MOTION TO STAY DISC

only one consideration. *Id.* at 325; *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). District Courts should also consider the following additional factors, when applicable: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Keating*, 45 F.3d at 324–25.

### B. The Court Should Grant a Stay Here Because Defendant Perez-Rojas' Fifth Amendment Rights are Implicated.

The strongest case for deferring civil proceedings until after the completion of criminal proceeding is where a party is under indictment and is required to defend a civil or administrative action concerning the same matter. *In re Zinnel*, No. 2:12-cv-00249-MCE, 2013 WL 1284339, at *3 (E.D. Cal. Mar. 28, 2013) (citing *Molinaro*, 889 F.2d at 903). However, even in cases where charges have not been filed, "the court may still order a stay if there is substantial overlap between a criminal investigation and the allegations in the civil lawsuit." *Williams v. Dumaguindin*, No. 2:20-cv-09042-VAP-AS, 2021 WL 4464189, at *2-3 (C.D. Cal. Aug. 26, 2021) (concluding that the defendant officer's Fifth Amendment interests were implicated in a civil rights action where the allegations in that complaint significantly overlapped with the district attorney's criminal investigation into that officer's involvement because the incident under investigation is the same as that from which the present lawsuit arises).

While Perez-Rojas has not been indicted, it is undisputed that CA DOJ is in the process of determining whether criminal charges are warranted. *See Ebay, Inc. v. Digital Point Solutions, Inc.*, 2010 WL 702463 at *3 (N.D. Cal. Feb. 25, 2010) ("[C]ourts will not categorically deny a stay 'solely because [a] defendant has not yet been indicted.'"). CA DOJ's investigation into the shooting overlaps in all respects with the factual allegations asserted in Plaintiffs' First Amended Complaint, and any adverse findings arising out of CA DOJ's investigation would undoubtedly be used in a future criminal trial against Perez-Rojas. *Id.* ("Some courts have gone so far as to recognize the

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4878-6148-5500 v3

6

Case No. 4:23-cv-06438-KAW
NOTICE OF MOTION/MOTION TO STAY DISC

extent of the overlap [between civil and criminal proceedings that involved the same or closely related facts] as the most important factor.")  Permitting Plaintiffs in the instant action to circumvent Perez-Rojas while propounding targeted discovery requests to his employer - County of Alameda - relating to his involvement in the shooting undoubtedly implicates his Fifth Amendment rights. *See Wroth v. City of Rohnert Park*, No. 17-CV-05339-JST, 2018 WL 888466, at *2 (N.D. Cal. Feb. 14, 2018) (quoting *Jones v. Conte*, No. C045312S1, 2005 WL 1287017, at *1 (N.D. Apr. 19, 2005) (Should Plaintiffs seek discovery from Defendants, specifically, deposing Defendant while the criminal investigation is pending, Defendant will face the choice between waiving his right against self-incrimination and potentially exposing himself to criminal liability, or asserting his right against self-incrimination thereby inviting prejudice in the civil case).

Furthermore, Alameda County Sheriff's Office and the Alameda County District Attorney's Office are not conducting investigations into the shooting at this juncture because CA DOJ has asserted sole jurisdiction. *Evans Decl.* at ¶ 2. Accordingly, County of Alameda and Perez-Rojas' request for a 180 day stay of discovery is appropriately granted when the issue of Perez-Rojas' Fifth Amendment rights is considered.  *See Williams*, 2021 WL 4464189, at *3 (Court finds that defendant's Fifth Amendment interests are implicated, and this factor weighs partially in favor of staying discovery for a definite and limited period); See also *Franco v. City of W. Covina*, No. EDCV 18-2587 JGB (SHKx), 2019 WL 6794203 at *4 (C.D. Cal. July 5, 2019) (limiting duration of stay pending Los Angeles District Attorney investigation to 90 days).

### C. The Keating Factors Require a Stay Due to the Threat of Criminal Prosecution Against Deputy Perez-Rojas.

#### 1. Plaintiffs Will Not be Prejudiced by a Temporary Stay While the California Department of Justice's Investigation Concludes.

The Court must consider Plaintiff's interest in "proceeding expeditiously with this litigation [. . .] and the potential prejudice" she will be subjected to if the present matter is delayed. *Keating*, 45 F.3d at p. 325.  Courts have "found prejudice to a plaintiff where a stay of discovery might result in his inability to identify other potential defendants, or where a stay may impact his ability to locate and present favorable evidence." *Petrov v. Alameda Cnty.*, No. 16-cv-04323-YGR, 2016 WL 6563355 at *4. (N.D. Cal. Nov. 4, 2016).

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4878-6148-5500 v3

7

Case No. 4:23-cv-06438-KAW
NOTICE OF MOTION/MOTION TO STAY DISC

1  Here, the prejudice to Plaintiffs is negligible. Defendants are only requesting a modest stay
2  on discovery, specifically, 180 days to allow CA DOJ to complete its investigation into this matter.
3  Moreover, a short stay on discovery is unlikely to lead to any loss of evidence being this case has
4  only been litigated for approximately 5 months and the incident occurred less than a year ago.
5  Moreover, any findings made by CA DOJ during the course of their investigation will be available to
6  Plaintiffs to support their civil case. Additionally, there are numerous body-worn camera videos and
7  incident reports that have memorialized witness statements and memories related to the incident. *Cf.*
8  *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 809 (N.D. Cal. 1989) ("Witnesses
9  relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress
10 for indefinite periods of time on end."). Furthermore, once the investigation is completed,
11 Defendants County of Alameda and Perez-Rojas intend on fully participating in the discovery
12 process.
13   A modest stay of 180 days to allow CA DOJ to complete its investigation will not be
14 substantially prejudicial to Plaintiffs' civil case. Therefore, this factor weighs in favor of granting a
15 modest stay on discovery.

16              **2.   The Burden on Deputy Perez-Rojas will be Significant Absent a Stay.**

17   A Court must consider the burden which any particular aspect of the proceedings may
18 impose on defendants. *Keating*, 45 F.3d at 324–25. Courts have found that even when a defendant's
19 Fifth Amendment rights are implicated, this factor does not support granting a stay unless the
20 defendant can show other 'compelling factors as described in *Keating*.'" *Petrov*, 2016 WL 6563355
21 at*5. Other compelling factors include expanded discovery rights and the potential of exposing "the
22 basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case."
23 *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980).
24   Here, requiring the County of Alameda to respond to Plaintiffs' requests for production and
25 any additional discovery from Plaintiffs will be prejudicial towards Perez-Rojas in the parallel CA
26 DOJ investigation. Many of Plaintiffs' requests pertain to records that include statements and
27 admissions from Perez-Rojas regarding the incident. *Brumfiel Decl.* at ¶ 5. Disclosure of this
28 information will undoubtedly influence CA DOJ's investigation and impact the civil case.

Furthermore, CA DOJ has complete control over the investigation and County of Alameda, including the Alameda County Sheriff's Office, has no insight into the investigation other than its estimated completion date. *Evans Decl.* at ¶ 2. Requiring County of Alameda or Perez-Rojas to participate in any discovery at this point in the investigation will likely impact CA DOJ's investigation and will certainly place undue prejudice on the Defendants.

Thus, this factor weighs in favor of the Court granting a modest stay of 180 days in light of the ongoing investigation.

### 3. A Short Stay of this Civil Action is in the Best Interests of Judicial Efficiency.

The Court must also consider the impact that staying the present matter will have on "the convenience of the court in the management of its cases, and the efficient use of judicial resources." *Keating*, 45 F.3d at 325. Normally, Courts have recognized that this *Keating* factor does not favor granting a stay because "the court has an interest in clearing its docket." *ESG Cap. Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1046 (C.D. Cal. 2014) (quoting *Molinaro*, 889 F.2d at 903). However, staying discovery in this case until the completion of CA DOJ's investigation will make efficient use of judicial resources being the investigation concerns the same events, and issues of common fact will be resolved and discovery in the civil case will be able to continue unobstructed by concerns of self-incrimination. *Jones*, 2005 WL 1287017, at *2. Furthermore, the findings of CA DOJ's investigation will undoubtedly streamline discovery and limit future and imminent discovery motions in this case. Finally, a modest 180-day stay will not impact the fact discovery cutoff or the trial deadlines.

Therefore, this factor also weighs in favor of granting a modest stay of discovery.

### 4. Non-Parties to the Civil Action Will Not be Harmed by a Stay.

Defendants are not aware of any non-parties directly involved here, there is no reason to deny a stay based upon the interests of non-parties. *Keating*, 45 F.3d at 324; *Petrov*, 2016 WL 6563355 at *6 (any interests non-parties may have are only "salient . . . where the third-parties at issue [have] a direct interest in the outcome of the litigation.").

Therefore, this factor weighs in favor of granting a modest stay of discovery.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4878-6148-5500 v3

9

Case No. 4:23-cv-06438-KAW
NOTICE OF MOTION/MOTION TO STAY DISC

**5.     Interests of the Public Will Not be Harmed by a Stay.**

Finally, Courts must consider the interests of the public. *Keating*, 45 F.3d at 325. The public's interest is already being served by the press and by CA DOJ's investigation itself. While some courts place a higher emphasis on the general public's interest in punishing criminal behavior as opposed to a private person's interest in obtaining a resolution of their claims when evaluating this factor, other courts have placed an equal emphasis on both interests. *In re Zinnel*, 2013 WL 1284339 at *6  *cf. Hymes v. Bliss*, No. 16-cv-04288-JSC, 2018 WL 3240991 at *4-5. (N.D. Cal. July 3, 2018). Here, the public's interest is already being served in this matter by CA DOJ's investigation. The public's interest will be further served based on the findings of CA DOJ's investigation – unobstructed by matters concerning the civil case.

Therefore, the public's interest weighs in favor of granting a modest stay of discovery.

## IV.     CONCLUSION

Ultimately, the balance of Deputy Perez-Rojas' Fifth Amendment rights and the *Keating* factors weigh in favor of moving parties. Therefore, Defendants County of Alameda and Deputy Perez-Rojas respectfully request that this Court stay discovery in the present matter for no less than 180 days with a further Status Conference regarding the Discovery Stay set for 90 days after the entry of the Court's order, or until the conclusion of CA DOJ's investigation.

Dated:  May 22, 2024                           BURKE, WILLIAMS & SORENSEN, LLP

By:      */s/ Jasper L. Hall*
Gregory B. Thomas
Christopher E. Brumfiel
Jasper L. Hall
Attorneys for Defendants
COUNTY OF ALAMEDA and ALEXIS PEREZ-ROJAS