Gregory B. Thomas (SBN 239870)
E-mail: gthomas@bwslaw.com
Christopher E. Brumfiel (SBN 214866)
E-mail: cbrumfiel@bwslaw.com
Jasper L. Hall (SBN 341113)
E-mail: jhall@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, California 94612-3520
Tel: 510.273.8780   Fax: 510.839.9104

Attorneys for Defendants
COUNTY OF ALAMEDA and ALEXIS PEREZ-ROJAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| MARIA LINA YURIAR and JUAN GUILLERMO,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA; STATE OF CALIFORNIA; BASIR QURISHI; ALEXIS PEREZ-ROJAS; and DOES 3-10, inclusive,<br><br>Defendants. | Case No. 4:23-cv-06438-KAW<br><br>**DECLARATION OF CHRISTOPHER E. BRUMFIEL IN SUPPORT OF DEFENDANTS COUNTY OF ALAMEDA AND ALEXIS PEREZ-ROJAS' MOTION TO STAY DISCOVERY**<br><br>*Filed concurrently with Notice of Motion and Motion, Declaration and [Proposed] Order*<br><br>Judge:   Hon. Kandis A. Westmore<br>Date:    July 18, 2024<br>Time:    1:30 p.m.<br>Crtrm.:  TBD<br><br>Trial Date:           None |

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4861-0612-6524 v1

1

Case No. 4:23-cv-06438-KAW
BRUMFIEL DECLARATION ISO
MOTION TO STAY DISCOVERY

# DECLARATION OF CHRISTOPHER E. BRUMFIEL

I, Christopher E. Brumfiel, declare as follows:

1. I am a partner with Burke, Williams & Sorensen, LLP, attorneys of record for Defendants COUNTY OF ALAMEDA and ALEXIS PEREZ-ROJAS. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of Defendants' Motion to Stay Discovery.

2. On February 16, 2024, my office contacted the California Department of Justice regarding their investigation into the officer involving shooting that resulted in the death of Juan Diego Bernal Yuriar, the decedent and son of the Plaintiffs in this case. Our office requested that any information regarding the status of the investigation and whether California Department of Justice would provide any investigatory materials for the parallel civil case. Deputy Attorney General Aseil Mohmoud, who is the lead attorney in the investigation, stated that the California Department of Justice is working diligently to complete their investigation this year.

3. On March 19. 2024, the parties participated in a case management conference with Judge Westmore. During that conference, I informed the Court and Plaintiffs' counsel that there are ongoing issues presented by the California Department of Justice ongoing investigation into the incident and potential for criminal charges against Deputy Perez-Rojas and California Highway Patrol Officer Basir Qurishi. Specifically, there are concerns regarding the implication of their Fifth Amendment rights should County of Alameda produce materials related to the incident in response to discovery requests from Plaintiff.

4. On March 26, 2024, pursuant to their obligations to produce documents with their Rule 26 initial disclosures, County of Alameda produced a single incident report related to incident. County of Alameda redacted any references to Deputy Perez-Rojas and California Highway Patrol Officer Basir Qurishi.

5. On April 2, 2024, Plaintiffs propounded requests for production of documents on County of Alameda. Many of these requests required County of Alameda to produce documents related to Deputy Perez-Rojas' involvement, including but not limited to statements made by Deputy Perez-Rojas, body-worn camera footage, witness testimony, and the personnel records of

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4861-0612-6524 v1

2

Case No. 4:23-cv-06438-KAW
BRUMFIEL DECLARATION ISO
MOTION TO STAY DISCOVERY

1  Deputy Perez-Rojas. Attached hereto as **Exhibit A** are Plaintiffs' requests for production of
2  documents propounded on County of Alameda.
3        6.      On April 19. 2024, pursuant to the parties' stipulation, Plaintiffs filed a First
4  Amended Complaint naming Deputy Perez Rojas and California Highway Patrol Officer Basir
5  Qurishi as individual defendants.
6        7.      On April 25, 2024, at the request of Defendants County of Alameda and Deputy
7  Perez-Rojas, the parties met and conferred to discuss the scope of Plaintiffs' requests for
8  production of documents. Defendants County of Alameda and Deputy Perez-Rojas requested that
9  Plaintiffs limit their discovery requests to all matters unrelated to Deputy Perez-Rojas due to
10 California Department of Justice's ongoing investigation into the incident. Plaintiffs refused to
11 limit their discovery requests.
12       I declare under penalty of perjury under the laws of the United States of America that the
13 foregoing is true and correct to the best of my knowledge.
14       Executed on this 22nd day of May, 2024, at Oakland, California.

                                                                                     */s/ Christopher E. Brumfiel*
                                                                                     Christopher E. Brumfiel

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4861-0612-6524 v1                 3                 Case No. 4:23-cv-06438-KAW
BRUMFIEL DECLARATION ISO
MOTION TO STAY DISCOVERY

# EXHIBIT A

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LINA YURIAR; and JUAN GUILLERMO,<br><br>  Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA; STATE OF CALIFORNIA; and inclusive DOES 1-20, inclusive,<br><br>  Defendants. | CASE NO.  4:23-cv-06438-KAW<br><br>**PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED** |

PROPOUNDING PARTY:    Plaintiffs MARIA LINA YURIAR and JUAN GILLERMO

RESPONDING PARTY:      Defendant COUNTY OF ALAMEDA

SET NO.:                             One

Pursuant to Federal Rules of Civil Procedure, Rule 34, Plaintiffs MARIA LINA YURIAR and JUAN GUILLERMO hereby propounds the following requests for production to Defendant COUNTY OF ALAMEDA.

# INSTRUCTIONS

1. In answering these requests, you are required to furnish all information that is available to you, including information in the possession of your attorneys, or other persons directly or indirectly employed by you, or connected with you or your attorneys, or your insurance carrier, and anyone else acting in your behalf or otherwise subject to your control. Thus, when production of any document in Defendant's possession is requested, such request includes documents subject to the Defendant's possession, custody or control. In the event that Defendant is able to provide only part of the document(s) called for in any particular Request for Production, provide all document(s) that Defendant is able to provide and state the reason, if any, for the inability to provide the remainder.

2. In answering these requests, you must make a diligent search of your records and material in your possession or available to you or your representatives. If you cannot obtain records and information in time to answer these requests, explain in your answer the circumstances and what is being done to obtain the information.

3. If you cannot answer any requests in full, answer it to the extent possible, explain why you cannot answer the remainder, and state the nature of the information or knowledge you cannot furnish.

4. If any document is withheld from production under a claim of privilege or other exemption from discovery, state the title and nature of the document, and furnish a list signed by the attorney of record giving the following information with respect to each document withheld:

    a. The name and title of the author and/or sender and the name and title of the recipient;

    b. the date of the document's origination;

    c. the name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

   d. the name and position, if any, of each person to whom the contents of the documents have heretofore been communicated by copy, exhibition, reading or substantial summarization;

   e. a statement of the specific basis on which privilege is claimed and whether or not the subject matter or the contents of the document is limited to legal advice or information provided for the purpose of securing legal advice;

   f. the identity and position, if any, of the person or persons supplying the attorney signing the list with the information requested in subparagraphs above; and

   g. any additional information necessary to establish the applicability of the claimed privilege to the withheld document(s).

  5. In the event that any document called for by this request has been destroyed or discarded, that document is to be identified by stating:

   a. Any addressor and addressee;

   b. Any indicated or blind copies;

   c. The document's date, subject matter, number of pages, and attachments or appendices;

   d. All persons to whom the document was distributed, shown, or explained;

   e. The date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; the persons who were authorized to carry out such destruction or discard; and

   f. Whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

  6. Instruction Regarding Alleged Ambiguity: To avoid ambiguity, significant effort has been spent to define a number of terms used in the following discovery requests. If you or your attorney claim that you do not understand the meaning of a term, please refer to the list of definitions or contact the opposing

attorney for clarification, preferably before responses are due so that the alleged ambiguous term can be clarified.

7. These discovery requests are not intended to be duplicative. All requests should be responded to fully and to the extent not covered by other requests. If there are documents that are responsive to more than one request, then please so note and produce each such document first in response to the request that is more specifically directed to the subject matter of the particular document.

   a. Any word written in the singular herein shall be construed as plural or vice versa when necessary to facilitate the response to any request.

   b. "And" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

8. This discovery request is continuing pursuant to Federal Rule of Civil Procedure 26(e). In answering these requests, you have a continuing duty to update your responses in the event you learn or obtain subsequent information that would affect your answers at the time made. In the event that any such information comes to your attention, possession, custody or control, or the attention, possession, custody or control of your associates or your attorneys subsequent to the submission of your response, when the information is responsive to any interrogatory in this set, you are required to furnish said additional information to the opposing attorney immediately.

## **DEFINITIONS**

The following terms used in these instructions and discovery requests are defined as follows (and are to be construed as broadly as possible to include the most information responsive to the discovery requests propounded herein) in **BOLDFACE CAPITALS:**

1. "**YOU**" or "**COUNTY**" means the County of Alameda and all its subdivisions, including the Alameda County Sheriff's Department ("ACSD") and any

of its agents, representatives, and attorneys, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2. The term **"DEFENDANT DEPUTY"** shall mean Defendants DOES 1-10, and their agents, associates, employees, attorneys, investigators, servants, and representatives.

3. The term "**DECEDENT**" shall mean Juan Diego Burnal Yuriar.

4. The term **"PLAINTIFFS"** shall mean MARIA LINA YURIAR and JUAN GUILLERMO referred to in paragraph 1 of the **COMPLAINT.**

5. "**PERSON**" or "**PERSONS**" means all natural person, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its agents, representatives, employees, officers and directors and anyone else acting on its behalf, pursuant to its authority or subject to its control.

6. The term **"DOCUMENT(S)"** shall mean any written, typed, printed, recorded or graphic matter, however produced or reproduced, of any type or description, regardless of origin or location, including without limitation all correspondence, records, tables, charts, analyses, graphs, schedules, reports, memoranda, notes, lists, telecopies, calendars, telexes, messages, licenses, certificates, permits, ledgers, books of account, orders, invoices, statements, acknowledgments, computer generated matter, photographs, photographic negatives, phonographic recordings, transcripts, or logs of any such recording, all other data compilations from which information can be obtained, or translated if necessary, reports and/or summaries of investigations, expressions or statement of policy, opinions or reports of consultants, lists of persons attending meetings, drafts and revisions of drafts of any documents, invoices, receipts, and original preliminary notes. If a document has been prepared in several copies, or additional copies have been made, or copies are not identical (or by reason of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), each non-identical copy is a separate document.

9. The term "**COMPLAINT**" shall mean the operative pleading in the above-captioned matter, *Yuriar v County of Alameda, et al.,* Case No. 4:23-cv-06438-KAW.

10. The term "**INCIDENT**" shall mean the shooting of **DECEDENT,** on July 3, 2023, and the events immediately preceding, which form the basis for the Complaint in this matter.

11. The term "**SCENE**" means the location (1600 Block of 163 Avenue, in Ashland (Unincorporated San Leandro), California) where the **INCIDENT** occurred.

12. The term "**RELATE(S) TO**," "**RELATED TO**" or "**RELATING TO**" shall mean to refer to, reflect, concern, pertain to or in any manner be connected with the matter discussed.

13. The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUESTS FOR PRODUCTION NO. 1:**

All DOCUMENTS that REFER OR RELATE TO every investigation by any PERSON, whether generated by the COUNTY, the ACSD, the Alameda County District Attorney's Office, the Internal Affairs Division of the ACSD, Internal Affairs Division of the COUNTY of Alameda Attorney's Office, the Federal Bureau of Investigation, or any other local, state or federal agency, regarding the INCIDENT. To the extent that Defendant contends that this Request calls for disclosure of confidential documents, Plaintiff will stipulate to a protective order.

///

**REQUESTS FOR PRODUCTION NO. 2:**

All audio recordings, video recordings, and photographs, including, without limitation, audio recordings from a belt recorder, voice recorder, body-worn-camera, dashboard camera, surveillance camera, home security camera, cellular telephone, or any other device capable of recording, of all PERSONS including but not limited to, PLAINTIFF, DEPUTIES witnesses and local businesses, that REFER OR RELATE TO the INCIDENT.

**REQUESTS FOR PRODUCTION NO. 3:**

All video recordings, photographs, laser readings, bullet trajectory analyses and diagrams of the SCENE.

**REQUESTS FOR PRODUCTION NO. 4:**

All audio recordings, video recordings and photographs, that REFER OR RELATE TO the INCIDENT, including but not limited to, photographs of physical evidence, belt or unit recordings, negotiation recordings, and telephone recordings, and interviews with both witnesses and involved DEPUTIES.

**REQUESTS FOR PRODUCTION NO. 5:**

All DOCUMENTS that REFER OR RELATE TO audio recordings, video recordings, and transcripts of each and every interview of all PERSONS, including but not limited to, PLAINTIFF, DEPUTIES and witnesses (including officers from non FCSD agencies), that REFER OR RELATE TO the INCIDENT.

**REQUESTS FOR PRODUCTION NO. 6:**

All DOCUMENTS that REFER OR RELATE TO any incident report, sheriff/police report, complaint report, memorandum and briefing that REFERS OR RELATES TO the INCIDENT.

**REQUESTS FOR PRODUCTION NO. 7:**

All DOCUMENTS that REFER OR RELATE TO any ballistics testing or report, trajectory analysis, toxicology testing or report, and topography analysis, that REFERS TO OR RELATES TO the INCIDENT.

**REQUESTS FOR PRODUCTION NO. 8:**

All DOCUMENTS that REFER OR RELATE TO any mobile digital terminal/computer reports or printouts of all dispatches or MDT/MDC/MDS entries that REFER OR RELATE TO the INCIDENT.

**REQUESTS FOR PRODUCTION NO. 9:**

All DOCUMENTS that REFER OR RELATE TO units' logs that REFER OR RELATE TO the INCIDENT.

**REQUESTS FOR PRODUCTION NO. 10:**

All DOCUMENTS that REFER OR RELATE TO audio recordings and transcripts of radio transmissions on **ACSD** or other agencies' police frequencies, including but not limited to any dispatch and tactical frequencies that covered the area of the SCENE during the INCIDENT.

**REQUESTS FOR PRODUCTION NO. 11:**

All DOCUMENTS that REFER OR RELATE TO logs, including but not limited to, supervisory personnel logs and crime scene personnel logs, of **ACSD** that REFER OR RELATE TO the INCIDENT.

**REQUESTS FOR PRODUCTION NO. 12:**

All DOCUMENTS that REFER OR RELATE TO **ACSD** policies, practices, procedures, guidelines, or customs that REFER OR RELATE TO the use of force,

including but not limited to, the use of firearms, the use of deadly force, and the reporting use of force, that were in effect on the date of the INCIDENT, including but not limited to, policy handbooks, training manuals, orders, field operations and memoranda.

**REQUESTS FOR PRODUCTION NO. 13:**

All DOCUMENTS that REFER OR RELATE TO any contact between officers or any PERSONS and DECEDENT before the INCIDENT, including but not limited to, audio recordings, video recordings, photographs, dispatch radio transmissions, MDT/MDC/MDS entries, incident reports, police reports, complaint reports, memoranda, briefings, units' logs and supervisory logs.

**REQUESTS FOR PRODUCTION NO. 14:**

All DOCUMENTS that reflect communications between officers or any PERSONS regarding the INCIDENT.

**REQUESTS FOR PRODUCTION NO. 15:**

All DOCUMENTS that REFER OR RELATE TO officer involved shootings by the shooting DEPUTY while in the line of duty before the INCIDENT. To the extent that Defendant contends that this Request calls for disclosure of confidential documents, Plaintiff will stipulate to a protective order.

**REQUESTS FOR PRODUCTION NO. 16:**

All DOCUMENTS that REFER OR RELATE TO any contact between deputies and any PERSONS with any witnesses to the INCIDENT, including but not limited to, audio recordings, video recordings, photographs, dispatch radio transmissions, MDT/MDC/MDS/CAD entries, incident reports, police

reports, complaint reports, memoranda, briefings, units' logs and supervisory logs.

**REQUESTS FOR PRODUCTION NO. 17:**

All DOCUMENTS that REFER OR RELATE TO any G.S.R. testing done on DECEDENT.

**REQUESTS FOR PRODUCTION NO. 18:**

All DOCUMENTS that REFER OR RELATE TO any testing/analysis done on any guns used during this INCIDENT and/or found at the SCENE, including but not limited to, any DNA and fingerprint testing/analysis.

**REQUESTS FOR PRODUCTION NO. 19:**

All medical records or paramedic run sheets and/or pre-hospital care reports that REFER OR RELATE TO the INCIDENT.

**REQUESTS FOR PRODUCTION NO. 20:**

All DOCUMENTS that REFER OR RELATE TO the summoning or arrival of paramedics to the SCENE.

**REQUESTS FOR PRODUCTION NO. 21:**

All DOCUMENTS that REFER OR RELATE TO any training that DEPUTIES receive from the ACSD with respect to the use of force.

**REQUESTS FOR PRODUCTION NO. 22:**

All DOCUMENTS that are cited or referenced in any police report REFERRING OR RELATING TO the INCIDENT.

**REQUESTS FOR PRODUCTION NO. 23:**

All DOCUMENTS that REFER OR RELATE TO evidence logs generated by the INCIDENT.

**REQUESTS FOR PRODUCTION NO. 24:**

All DOCUMENTS that REFER OR RELATE TO any training that DEFENDANT OFFICER received from the ACSD with respect to detentions and arrests.

DATED:  April 2, 2024            LAW OFFICES OF DALE K. GALIPO

                                                  By  *s/ Eric Valenzuela*
                                                     Eric Valenzuela
                                                     Attorneys for Plaintiffs

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367.

On April 2, 2024, I served the foregoing document described as: PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated below:

<u>SEE ATTACHED SERVICE LIST</u>

<u>METHOD OF SERVICE</u>

☐ (BY MAIL) I enclosed the documents in a sealed envelope or package and addressed to the parties at the addresses as indicated on the attached service list.

☐ I placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of this office for the collection, processing and mailing of documents. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ (BY ELECTRONIC SERVICE) I caused the foregoing document(s) to be sent via electronic transmittal to the notification addresses listed below as registered with this court's case management/electronic court filing system.

☐ (BY FEDERAL EXPRESS) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses as indicated on the attached service list. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 2, 2024, in Woodland Hills, California.

/s/ *Leslie De Leon*
Leslie De Leon

-12-

PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

Case No. 4:23-cv-06438-KAW

A-12

# SERVICE LIST

GREGORY B. THOMAS
CHRISTOPHER E. BRUMFIEL
JASPER L. HALL
444 S. Flower Street, Suite 2400
Los Angeles, CA 90071
Phone No.: (510) 273-8780
Fax No.: (510) 839-9104
Email: cbrumfiel@bwslaw.com

Attorneys for Defendant COUNTY OF ALAMEDA

KYMBERLY E. SPEER
Deputy Attorney General
1515 Clay Street Floor 20
Oakland, CA 94612
Phone No.: (510) 879-0985
Fax No.: (510) 622-2270
Email: Kymberly.Speer@doj.ca.gov

Attorneys for Defendant STATE OF CALIFORNIA, appearing by and through its California Highway Patrol