Gregory B. Thomas (SBN 239870)
E-mail: gthomas@bwslaw.com
Christopher E. Brumfiel (SBN 214866)
E-mail: cbrumfiel@bwslaw.com
Jasper L. Hall (SBN 341113)
E-mail: jhall@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, California 94612-3520
Tel: 510.273.8780    Fax: 510.839.9104

Attorneys for Defendants
COUNTY OF ALAMEDA and ALEXIS PEREZ-ROJAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| MARIA LINA YURIAR and JUAN GUILLERMO,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA; STATE OF CALIFORNIA; BASIR QURISHI; ALEXIS PEREZ-ROJAS; and DOES 3-10, inclusive,<br><br>Defendants. | Case No. 4:23-cv-06438-KAW<br><br>**ANSWER OF DEFENDANTS COUNTY OF ALAMEDA AND ALEXIS PEREZ-ROJAS TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>Judge:   Hon. Kandis A. Westmore<br><br>Trial Date:          None |

1. Defendants COUNTY OF ALAMEDA and ALEXIS PEREZ-ROJAS (collectively "Answering Defendants") hereby answer the First Amended Complaint for Damages filed on April 19, 2024 by Plaintiffs MARIA LINA YURIAR and JUAN GUILLERMO (collectively "Plaintiffs") as follows:

**INTRODUCTION**

2. In response to paragraph 2, Answering Defendants admit that the instant action is brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, as well as state law. Answering Defendants deny all remaining allegations in this paragraph and deny that Answering Defendants violated any rights of Juan Diego Burnal Garcia ("Decedent" arising under the United States Constitution or state law.

# PARTIES

3. In response to paragraph 3, Answering Defendants admit that Juan Diego Burnal Yuriar is the Decedent in this matter. Except as specifically admitted herein, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3, and on that basis deny each and every allegation.

4. In response to paragraph 4, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4, and on that basis deny each and every allegation.

5. In response to paragraph 5, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5, and on that basis deny each and every allegation.

6. In response to paragraph 6, Answering Defendants admit that County of Alameda is a California municipal entity. Answering Defendants further admit that Defendant Deputy Alexis Perez-Rojas was an employee of Alameda County Sheriff's Office at the time of the incident. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6, and on that basis deny each and every allegation.

7. In response to paragraph 7, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7, and on that basis deny each and every allegation.

8. In response to paragraph 8, Answering Defendants admit that Defendant Deputy Alexis Perez-Rojas was an employee of Alameda County Sheriff's Office at the time of the incident. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8, and on that basis deny each and every allegation.

9. In response to paragraph 9, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9, and on that basis deny each and every allegation.

10. In response to paragraph 10, Answering Defendants admit that Defendant Deputy Alexis Perez-Rojas was an employee of Alameda County Sheriff's Office at the time of the

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4857-9297-7848 v2

2

Case No. 4:23-cv-06438-KAW
DEFTS' ANSWER TO PLTFS' FIRST
AMENDED COMPLAINT FOR DAMAGES

incident. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 11, and on that basis deny each and every allegation.

11. In response to paragraph 11, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11, and on that basis deny each and every allegation.

12. In response to paragraph 12, Answering Defendants deny each and every allegation.

13. In response to paragraph 13, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13, and on that basis deny each and every allegation.

14. In response to paragraph 14, Answering Defendants deny each and every allegation.

15. In response to paragraph 15, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15, and on that basis deny each and every allegation.

16. In response to paragraph 16, Answering Defendants deny each and every allegation.

17. In response to paragraph 17, Answering Defendants admit that on October 24, 2023, Plaintiffs filed a claim for damages against Defendant County of Alameda pursuant to Government Code Section 910.4. Except as specifically admitted herein, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17, and on that basis deny each and every allegation.

18. In response to paragraph 18, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18, and on that basis deny each and every allegation.

19. In response to paragraph 19, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19, and on that basis

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4857-9297-7848 v2　　　3　　　Case No. 4:23-cv-06438-KAW
DEFTS' ANSWER TO PLTFS' FIRST
AMENDED COMPLAINT FOR DAMAGES

deny each and every allegation.

## JURISDICTION

20. In response to paragraph 20, Answering Defendants admit that this Court has jurisdiction over this matter.

21. In response to paragraph 21, Answering Defendants admit that venue is proper.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

22. In response to paragraph 22, Answering Defendants reallege and incorporate by reference herein all responses previously asserted above.

23. In response to paragraph 23, Answering Defendants admit that on July 3, 2023, Decedent sustained at least one gunshot wound while on or in the vicinity of the 1600 block of 163rd Avenue in San Leandro, California. Except as admitted herein, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23, and on that basis deny each and every allegation.

24. In response to paragraph 24, Answering Defendants deny each and every allegation.

25. In response to paragraph 25, Answering Defendants deny each and every allegation.

26. In response to paragraph 26, Answering Defendants deny each and every allegation.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**

**(By Plaintiffs against Does 1-3, and 11-13)**

27. In response to paragraph 27, Answering Defendants re-allege and re-incorporate by reference herein all responses previously asserted above.

28. In response to paragraph 28, Answering Defendants deny each and every allegation.

29. In response to paragraph 29, Answering Defendants deny each and every allegation.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4857-9297-7848 v2

4

Case No. 4:23-cv-06438-KAW
DEFTS' ANSWER TO PLTFS' FIRST
AMENDED COMPLAINT FOR DAMAGES

30. In response to paragraph 30, Answering Defendants deny each and every allegation.

31. In response to paragraph 31, Answering Defendants deny each and every allegation.

32. In response to paragraph 32, Answering Defendants deny each and every allegation.

33. In response to paragraph 33, Answering Defendants deny each and every allegation.

34. In response to paragraph 34, Answering Defendants deny each and every allegation.

35. In response to paragraph 35, Answering Defendants deny each and every allegation.

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure – Denial of Medical Care (42 U.S.C. § 1983)

### (Against Defendants DOES 1-3 and 11-13)

36. In response to paragraph 36, Answering Defendants re-allege and re-incorporate by reference herein all responses previously asserted above.

37. In response to paragraph 37, Answering Defendants deny each and every allegation.

38. In response to paragraph 38, Answering Defendants deny each and every allegation.

39. In response to paragraph 39, Answering Defendants deny each and every allegation.

40. In response to paragraph 40, Answering Defendants deny each and every allegation.

41. In response to paragraph 41, Answering Defendants deny each and every allegation.

42. In response to paragraph 42, Answering Defendants deny each and every

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4857-9297-7848 v2

5

Case No. 4:23-cv-06438-KAW
DEFTS' ANSWER TO PLTFS' FIRST
AMENDED COMPLAINT FOR DAMAGES

1 allegation.

43. In response to paragraph 43, Answering Defendants deny each and every allegation.

## THIRD CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

### (Against Defendant DOES 1-3 and 11-13)

44. In response to paragraph 44, Answering Defendants re-allege and re-incorporate by reference herein all responses previously asserted above.

45. In response to paragraph 45, Answering Defendants deny each and every allegation.

46. In response to paragraph 46, Answering Defendants deny each and every allegation.

47. In response to paragraph 47, Answering Defendants deny each and every allegation.

48. In response to paragraph 48, Answering Defendants deny each and every allegation.

49. In response to paragraph 49, Answering Defendants deny each and every allegation.

50. In response to paragraph 50, Answering Defendants deny each and every allegation.

51. In response to paragraph 51, Answering Defendants deny each and every allegation.

52. In response to paragraph 52, Answering Defendants deny each and every allegation.

53. In response to paragraph 53, Answering Defendants deny each and every allegation.

54. In response to paragraph 54, Answering Defendants deny each and every allegation.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4857-9297-7848 v2

6

Case No. 4:23-cv-06438-KAW
DEFTS' ANSWER TO PLTFS' FIRST
AMENDED COMPLAINT FOR DAMAGES

55. In response to paragraph 55, Answering Defendants deny each and every allegation.

## FOURTH CLAIM FOR RELIEF

**Battery (Cal. Govt. Code § 820)**

**(Survival and Wrongful Death)**

**(Against Defendants Does 1-3 and 11-13, County and State)**

56. In response to paragraph 56, Answering Defendants re-allege and re-incorporate by reference herein all responses previously asserted above.

57. In response to paragraph 57, Answering Defendants deny each and every allegation.

58. In response to paragraph 58, Answering Defendants deny each and every allegation.

59. In response to paragraph 59, Answering Defendants deny each and every allegation.

60. In response to paragraph 60, Answering Defendants deny each and every allegation.

61. In response to paragraph 61, Answering Defendants deny each and every allegation.

## FIFTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820)**

**(Survival and Wrongful Death)**

**(Against All Defendants)**

62. In response to paragraph 62, Answering Defendants re-allege and re-incorporate by reference herein all responses previously asserted above.

63. In response to paragraph 63, Answering Defendants deny each and every allegation.

64. In response to paragraph 64, Answering Defendants deny each and every allegation.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4857-9297-7848 v2

7

Case No. 4:23-cv-06438-KAW
DEFTS' ANSWER TO PLTFS' FIRST
AMENDED COMPLAINT FOR DAMAGES

65. In response to paragraph 65, Answering Defendants deny each and every allegation.

66. In response to paragraph 66, Answering Defendants deny each and every allegation.

## SIXTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

### (By Plaintiffs against Does 1-3 and 11-13, County and State)

67. In response to paragraph 67, Answering Defendants re-allege and re-incorporate by reference herein all responses previously asserted above.

68. In response to paragraph 68, Answering Defendants deny each and every allegation.

69. In response to paragraph 69, Answering Defendants deny each and every allegation.

70. In response to paragraph 70, Answering Defendants deny each and every allegation.

71. In response to paragraph 71, Answering Defendants deny each and every allegation.

72. In response to paragraph 72, Answering Defendants deny each and every allegation.

73. In response to paragraph 73, Answering Defendants deny each and every allegation.

74. In response to paragraph 74, Answering Defendants deny each and every allegation.

75. In response to paragraph 75, Answering Defendants deny each and every allegation.

76. In response to paragraph 76, Answering Defendants deny each and every allegation.

77. In response to paragraph 77, Answering Defendants deny each and every

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4857-9297-7848 v2

8

Case No. 4:23-cv-06438-KAW
DEFTS' ANSWER TO PLTFS' FIRST
AMENDED COMPLAINT FOR DAMAGES

1   allegation.

2   78.   In response to paragraph 78, Answering Defendants deny each and every
3   allegation.

4   79.   In response to paragraph 79, Answering Defendants deny each and every
5   allegation.

6   80.   In response to paragraph 80, Answering Defendants deny each and every
7   allegation.

## PRAYER

Answering Defendants deny that Plaintiffs are entitled to any relief for which they pray, and Answering Defendants accordingly deny all of the allegations contained in Plaintiffs' claim for relief.

Except as specifically admitted herein, Answering Defendants deny each and every allegation in Plaintiffs' Complaint. Answering Defendants reserve the right to amend this Answer and assert additional defenses based on further investigation and discovery.

## AFFIRMATIVE DEFENSES

Answering Defendants allege the following affirmative defenses with respect to the claims alleged in Plaintiffs' Complaint, without assuming the burden of proof where the burden of proof rests on Plaintiffs. Answering Defendants also hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve any right to amend this answer and to assert all such defenses.

## FIRST AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Answering Defendants assert that the First Amended Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a claim for relief against Answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Plaintiffs' claims, and each of them, as set forth in the Complaint, are barred or limited by the applicable statutes of limitations under either federal or California law.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4857-9297-7848 v2

9

Case No. 4:23-cv-06438-KAW
DEFTS' ANSWER TO PLTFS' FIRST
AMENDED COMPLAINT FOR DAMAGES

### THIRD AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Answering Defendants are not liable to Plaintiffs, in whole or in part, because the losses or harm that the Plaintiffs have allegedly suffered was not caused by any act or omission of Answering Defendants.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Plaintiffs failed to give notice to Answering Defendants in connection with the filing of certain of the claims that require notice.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Answering Defendants at all times acted in good faith and with reasonable grounds for believing that they had not violated federal or California law.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, the Complaint, and each cause of action thereof, is barred because Plaintiffs failed to notify Answering Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented Answering Defendants from taking any action to remedy such alleged violations.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, the Complaint fails to state a claim against Answering Defendants upon which attorneys' fees or costs can be awarded.

### EIGHTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Answering Defendants do not have supervisory liability or vicarious liability for any act or omission alleged in Plaintiffs' Complaint.

### NINTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, this Complaint is barred by the relevant portions of the California Government Code, including, but not limited to, sections 815, 815.2, 818.2, 820.2, 820.4, 820.6, 820.8, and 821.

### TENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Answering Defendants did not deprive Plaintiffs of

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4857-9297-7848 v2

10

Case No. 4:23-cv-06438-KAW
DEFTS' ANSWER TO PLTFS' FIRST
AMENDED COMPLAINT FOR DAMAGES

any right, privilege or immunity guaranteed by the Constitution, the laws of the United States, and the laws of California.

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Answering Defendants allege that the Complaint fails to state a cause of action for violation of 42 U.S.C. § 1983 under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).  There can be no recovery for a federal civil rights violation when there is no constitutional deprivation occurring pursuant to governmental custom or policy. *Id*.

### TWELFTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Answering Defendants allege that all relevant times, Answering Defendants and their agents or employees acted within the scope of their discretion, with due care and good faith fulfillment of their responsibilities in accordance with applicable Court orders, statutes, rules, regulations, and established and lawful policies and procedures, within the bounds of reason under all circumstances known to them, and with the good faith belief that their actions comported with all applicable federal and state laws, and they are therefore immune from liability.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Answering Defendants allege that they are not responsible for the alleged acts or omissions of Defendant's employees under a respondeat superior theory of liability.  *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Answering Defendants allege that Plaintiffs' claims, and each of them, are barred in whole or in part by the doctrine of qualified immunity.

### FIFTEENTH AFFIRMATIVE DEFENSE

As and for a separate and affirmative defense, Answering Defendants assert that all actions taken by any individual Defendant were taken in good faith and with reasonable belief that said actions were valid, necessary and constitutionally proper.  Furthermore, each action or decision not to act was reasonable under the totality of the circumstances present and operative as of the time of each such decision, and said act or decision not to act did not violate any clearly

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4857-9297-7848 v2

11

Case No. 4:23-cv-06438-KAW
DEFTS' ANSWER TO PLTFS' FIRST AMENDED COMPLAINT FOR DAMAGES

established statutory or constitutional right of which a reasonable person should have known. Thus, any individual Defendant is entitled to qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 812 (1982); *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981).

### SIXTEENTH AFFIRMATIVE DEFENSE

As and for a separate and affirmative defense, Answering Defendants are informed and believe and thereon allege that Decedent's own conduct estops Plaintiff from claiming the damages alleged in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Answering Defendants are informed and believe and thereon allege that, to the extent Plaintiff suffered any damages, the damages were suffered in whole or in part by the negligence of Plaintiff, and the damages of Plaintiff should be reduced by a proportional amount.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As and for a separate and affirmative defense, Plaintiffs have failed to comply with the California Government Claims Act ("GCA"), including the claim presentation and timing deadlines contained in the GCA.

### NINETEENTH AFFIRMATIVE DEFENSE

As and for a separate and affirmative defense, Answering Defendants assert that every action and omission alleged in the Complaint, to the extent that such act or omission was committed by Answering Defendants, such act or omission was legally justified and Plaintiffs' claims based thereon are therefore barred.

### TWENTIETH AFFIRMATIVE DEFENSE

As and for a separate and affirmative defense, Answering Defendants assert that Plaintiffs have not been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission by Answering Defendants.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As and for a separate and affirmative defense, Answering Defendants assert that neither a public entity nor a public employee is liable for his or her act or omission, exercising due care, in

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4857-9297-7848 v2

12

Case No. 4:23-cv-06438-KAW
DEFTS' ANSWER TO PLTFS' FIRST
AMENDED COMPLAINT FOR DAMAGES

the execution or enforcement of any law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

As and for a separate and affirmative defense, Answering Defendants assert that neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him or her.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

As and for a separate and affirmative defense, Answering Defendants are immune from liability or damages based on the claims asserted.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

As and for a separate affirmative defense, the Complaint and all claims for relief therein should be dismissed on the ground that Plaintiffs may have failed to join necessary and indispensable parties.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

As and for a separate and affirmative defense, Answering Defendants are informed and believe and thereon allege that the Complaint and each and every claim therein is barred because Plaintiffs failed to mitigate their damages, if any there were.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

As and for a separate and affirmative defense, Answering Defendants assert that the allegations of the Complaint are barred by the applicable statutes of limitations, including but not limited to those set forth in the California Code of Civil Procedure, including but not limited to section(s) 335.1, and 343, as well as those set forth in the California Government Code, including but not limited to section(s) 911 and 945 et seq.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As and for a separate and affirmative defense, Answering Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action because the Complaint is couched in conclusory terms.  Accordingly, the right to assert additional defenses, if and to the extent such affirmative defenses are applicable, is hereby reserved.

/ / /

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4857-9297-7848 v2

13

Case No. 4:23-cv-06438-KAW
DEFTS' ANSWER TO PLTFS' FIRST AMENDED COMPLAINT FOR DAMAGES

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

As and for a separate affirmative defense, Plaintiffs failed to give notice to Answering Defendants in connection with the filing of certain of the claims that require notice.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

As and for a separate affirmative defense, Answering Defendants at all times acted in good faith and with reasonable grounds for believing that they had not violated federal or California law.

**THIRTIETH AFFIRMATIVE DEFENSE**

As and for a separate affirmative defense, the Complaint, and each cause of action thereof, is barred because Plaintiffs failed to notify Answering Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented Answering Defendants from taking any action to remedy such alleged violations.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

As and for a separate affirmative defense, the Complaint fails to state a claim against Answering Defendants upon which attorneys' fees or costs can be awarded.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

As and for a separate affirmative defense, Answering Defendants allege that Plaintiffs have failed to plead that each government official defendant has violated the Constitution through his or her own conduct, and they therefore may not be held liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

**RESERVATION OF ADDITIONAL DEFENSES**

Answering Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses. Answering Defendants reserve the right to assert additional affirmative defenses in the event investigation and discovery indicate that they would be appropriate.

**DEMAND FOR JURY TRIAL**

Answering Defendants hereby demand a trial before a jury on all issues presented by Plaintiffs' Complaint triable to a jury.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4857-9297-7848 v2

14

Case No. 4:23-cv-06438-KAW
DEFTS' ANSWER TO PLTFS' FIRST AMENDED COMPLAINT FOR DAMAGES

WHEREFORE, Answering Defendants pray as follows:

1. That Plaintiffs take nothing by way of their Complaint and that judgment be rendered in Answering Defendants' favor;

2. That Answering Defendants be awarded their costs of suit incurred in defense of this action;

3. That Answering Defendants be awarded their attorney's fees and litigation expenses incurred in defense of this action; and

4. For such other relief as the Court deems proper.

Dated: July 12, 2024                    BURKE, WILLIAMS & SORENSEN, LLP

By:       */s/ Jasper L. Hall*
Gregory B. Thomas
Christopher E. Brumfiel
Jasper L. Hall
Attorneys for Defendants
COUNTY OF ALAMEDA and ALEXIS PEREZ-ROJAS

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4857-9297-7848 v2

15

Case No. 4:23-cv-06438-KAW
DEFTS' ANSWER TO PLTFS' FIRST AMENDED COMPLAINT FOR DAMAGES