UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LINA YURIAR, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>    Defendants. | Case No.  23-cv-06438-KAW<br><br>**ORDER DENYING MOTION TO STAY DISCOVERY**<br>Re: Dkt. No. 40 |

Plaintiffs Maria Lina Yuriar and Juan Guillermo filed the instant wrongful death suit against Defendants Alameda County, California, Basir Qurishi, and Alexis Perez-Rojas. (First Amend. Compl. ("FAC"), Dkt. No. 30.) Pending before the Court is Defendants Alameda County's and Perez-Rojas's motion to stay discovery. (Mot. to Stay, Dkt. No. 40.) The Court previously deemed this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). (Dkt. No. 43.) Having considered the parties' filings and the relevant legal authority, the Court DENIES the motion to stay discovery.

## I. BACKGROUND

Plaintiffs are the parents of Juan Diego Bernel Yuriar ("Decedent"). (FAC ¶¶ 4-5.) Plaintiffs allege that on July 3, 2023, Defendants Qurishi and Perez-Rojas shot Decedent several times, resulting in his death. (FAC ¶ 23.) On July 4, 2023, the California Department of Justice – Special Prosecutions Division ("CA DOJ") launched a formal investigation into the shooting, as required by California Government Code § 125252.3. (Mot. to Stay at 3.)

On May 22, 2024, Defendants Alameda County and Perez-Rojas filed the instant motion to stay the instant case pending the completion of the CA DOJ's investigation, citing Defendant Perez-Rojas's Fifth Amendment rights. (Mot. to Stay at 3.) On May 24, 2024, Plaintiffs filed

their opposition. (Pls.' Opp'n, Dkt. No. 41.) No reply was filed.

## II. LEGAL STANDARD

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). Courts, however, have "discretion to stay civil proceedings when the interests of justice seem to require such action." *Id.* (internal quotation omitted). "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and competing interests involved in the case." *Id.* (internal quotation omitted). This requires that the court "consider the extent to which the defendant's fifth amendment rights are implicated," as well as the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 325.

## III. DISCUSSION

### A. Extent to Which Fifth Amendment Rights are Implicated

Defendant Perez-Rojas argues that his Fifth Amendments rights are implicated because the CA DOJ is investigating whether criminal charges are warranted based on the shooting of Decedent. (Mot. to Stay at 6.)

The Ninth Circuit has found that "[t]he case for staying civil proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment privilege is threatened." *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989) (internal quotation omitted). While "courts will not categorically deny a stay solely because the defendant has not yet been indicted," courts have recognized that "[t]he potential prejudice to a civil defendant facing a parallel criminal investigation is more remote than it is for an indicted defendant." *Ebay, Inc. v. Dig. Point Sols., Inc.*, No. C 08-4052 JF (PVT), 2010 U.S. Dist. LEXIS 23253, at *10 (N.D. Cal.

Feb. 25, 2010). Thus, many courts routinely decline to grant a *Keating* stay where there is no "evidence from any investigating agency that suggests any officer acted unlawfully or that criminal charges are likely or imminent[.]" *A.H. v. Cty. of San Bernardino*, No. EDCV 23-1028 JGB (SHKx), 2023 U.S. Dist. LEXIS 231467, at *8-10 (C.D. Cal. Dec. 28, 2023) (collecting cases).

Here, there is no showing that Defendant Perez-Rojas is likely to be prosecuted. Rather, Defendant Perez-Rojas is being investigated because the CA DOJ is "required to investigate all incidents of an officer-involved shooting resulting in the death of an unarmed civilian in the state." *Current Cases*, STATE OF CALIFORNIA DEPARTMENT OF JUSTICE, https://oag.ca.gov/ois-incidents/current-cases (last visited June 18, 2024). "Given that the CA DOJ automatically investigates every one of these incidents, Defendants effectively ask the Court to create a blanket rule requiring a stay of civil proceedings where there is a mere possibility of criminal charges against the involved officers." *A.H.*, 2023 U.S. Dist. LEXIS 231467, at *10 (internal quotation omitted). The Court declines to establish such a rule. *Id.*; *see also Herd v. Cty. of San Bernardino*, No. ED CV 17-02545-AB (SPx), 2018 U.S. Dist. LEXIS 225891, at *6 (C.D. Cal. Sep. 17, 2018) ("The Court finds no basis in either law or reason to create a blanket rule requiring a stay of civil proceedings where there is a mere possibility of criminal charges against the involved officers.").

The implication to Defendant Perez-Rojas's Fifth Amendment rights is further lessened because Plaintiffs have stated that they are willing to temporarily hold off on Defendant Officers' depositions "while they attempt to obtain the investigation materials and conduct all other related discovery, which does not require the Defendant Officers to answer any questions relating to the incident[.]" (Pls.' Opp'n at 2-3.) Plaintiffs further state that that they would seek another telephonic conference with the Court before deposing Defendant Officers, "and will not propound any special interrogatories or requests for admission on the Defendant Officers in the meantime." (*Id.* at 3.) Under such circumstances, the Court finds that Defendant Perez-Rojas has a "real but not overwhelming Fifth Amendment interests that must be considered in light of the other *Keating* factors discussed below." *Vargas v. Cty. of L.A.*, No. CV 19-3279 PSG (ASx), 2019 U.S. Dist.

3

LEXIS 212552, at *6 (C.D. Cal. July 10, 2019); *A.H.*, 2023 U.S. Dist. LEXIS 231467.

### B.  Plaintiffs' Interests in Proceeding Expeditiously

The Court finds that the second *Keating* factor weighs strongly against a stay. As a general matter, Plaintiffs, "like all civil plaintiffs, . . . have an 'interest in having their case resolved quickly.'" *A.H.*, 2023 U.S. Dist. LEXIS 231467, at *11 (quoting *ESG Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1046 (C.D. Cal. 2014)). Further, Plaintiffs point to the risk that a stay threatens their ability to secure evidence as witnesses may relocate and memories may fade. (Pls.' Opp'n at 7.) Courts have found such risks to weigh against a *Keating* stay. *See A.H.*, 2023 U.S. Dist. LEXIS 231467, at *11-13 (collecting cases).

Defendants Alameda County and Perez-Rojas suggest that any prejudice would be "negligible" because they are only requesting a stay of 180 days. (Mot. to Stay at 8.) Defendants Alameda County and Perez-Rojas, however, further make clear that the purpose of the stay is "to allow CA DOJ to complete its investigation," and thus any stay could ultimately be far longer than 180 days depending on how long it takes for the CA DOJ to complete the investigation. (*Id.* at 3; *see also id.* at 3-4 (requesting a stay "for a period of no less than 180 days") (emphasis added).) While Defendants Alameda County and Perez-Rojas assert that the CA DOJ is "working diligently to complete their investigation this year," that is far from a guarantee. (*See* Brumfiel Decl. ¶ 2.) Indeed, the CA DOJ's current lists of cases under review includes incidents as far back as August 2021, as well as seventeen cases from 2022. *Current Cases*, STATE OF CALIFORNIA DEPARTMENT OF JUSTICE, https://oag.ca.gov/ois-incidents/current-cases (last visited June 18, 2024). "As such, the Court finds that Defendants' new request effectively amounts to a request for an indefinite stay, which is disfavored." *A.H.*, 2023 U.S. Dist. LEXIS 231467, at *15.

### C.  Burden on Defendants

The Court finds that the third *Keating* factor weighs only slightly in favor of a stay. Defendants Alameda County and Perez-Rojas argue that Plaintiffs' document requests pertain to records that include statements and admissions from Defendant Perez-Rojas regarding the incident and suggest that such disclosures could influence the CA DOJ's investigation. (Mot. to Stay at 8.) Defendants Alameda County and Perez-Rojas, however, fail to provide any explanation of how

disclosure of existing reports and other documents would affect the ongoing investigation. *Compare with A.H.*, 2023 U.S. Dist. LEXIS 231467, at *16-17 (stating that the court was "unpersuaded" by arguments that disclosure of information would likely undermine the CA DOJ). Further, as discussed above, Plaintiffs have stated that they will not seek a deposition or propound interrogatories or requests for admission on Defendant Perez-Rojas at this time. (Pls.' Opp'n at 2-3.)

### D. Convenience of the Court and Efficient Use of Judicial Resources

The Court finds that the fourth *Keating* factor weighs against a stay. "Courts have recognized that this *Keating* factor normally does not favor granting a stay, because 'the court has an interest in clearing its docket.'" *ESG Capital Partners LP*, 22 F. Supp. 3d at 1046 (quoting *Molinaro*, 889 F.2d at 903). This is particularly the case here where there is no date set for the completion of the CA DOJ's investigation; thus, the case could linger on the Court's docket for years before discovery is even permitted to proceed. While Defendants argue that staying discovery may resolve some issues of common fact, it is unclear how this will be given there may be no indictment. *See Ebay, Inc.*, 2010 U.S. Dist. LEXIS 23253, at *18 (rejecting the defendants' argument that "resolution of the criminal proceedings may narrow the issues for trial in the civil action" because "the extent to which common issues would be resolved in a criminal proceeding is speculative when no criminal charges actually are pending").

### E. Interests of Non-Parties

The Court finds that the fifth *Keating* factor is neutral, as neither party identifies any third parties that are affected by the case.

### F. Public Interest

Finally, the Court finds that the sixth *Keating* factor weighs against a stay. Many courts have f[oun]d that the public interest is best served by the speedy resolution of civil rights cases such as this one[.]" *A.H.*, 2023 U.S. Dist. LEXIS 231467, at *20. "It is especially important, in cases where police misconduct has been alleged, for the public to see justice be fairly and efficiently done." *Estate of Morad v. City of Long Beach*, No. CV 16-06785 MWF (AJWx), 2017 U.S. Dist. LEXIS 214639, at *28 (C.D. Cal. Apr. 28, 2017).

Defendants Alameda County and Perez-Rojas argue that this interest is already being served by the press and the CA DOJ's investigation. (Mot. to Stay at 10.) Even assuming this is true, this does not mean there is no public interest in resolving this case.

Weighing the *Keating* factors together, the Court finds that a discovery stay is not warranted.

## IV.   CONCLUSION

For the reasons stated above, the Court DENIES Defendants Alameda County's and Perez-Rojas's motion to stay.

IT IS SO ORDERED.

Dated: July 30, 2024

KANDIS A. WESTMORE
United States Magistrate Judge