LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LINA YURIAR, et al., | Case No.: 4:23-cv-06438 KAW |
| Plaintiff, | **JOINT LETTER** |
| vs. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants | |

The Parties met and conferred by telephone conference prior to filing this Joint Letter have complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery prior to filing the joint letter.

| | | |
|---|---|---|
| Dated: | May 30, 2025 | LAW OFFICES OF DALE K. GALIPO |
| | | */s/ Eric Valenzuela* |
| | | Eric Valenzuela |
| | | Attorneys for Plaintiffs |
| | | |
| Dated: | May 30, 2025 | DEAN GAZZO & ROISTACHER, LLP |
| | | */s/ Lee H. Roistacher* |
| | | Lee H. Roistacher |
| | | Attorneys for Defendants |
| | | |
| Dated: | May 30, 2025 | BURKE, WILLIAMS & SORENSEN, LLP |
| | | */s/ Gregory B. Thomas* |
| | | Gregory B. Thomas |
| | | Attorneys for Deputy Perez-Rojas |

This case stems from the July 3, 2023, fatal officer involved shooting of Juan Diego Burnal Yuriar involving CHP Officer Basir Qurishi and former County of Alameda Sheriff's Deputy Alexis Perez-Rojas.  Plaintiffs seek to take the depositions of Qurishi and Perez-Rojas, however, the California DOJ has not finished its criminal investigation of the shooting.  Depositions during the pending criminal investigations raise 5th Amendment concerns for Quirshi and Perez-Rojas.

Staying discovery pending completion of the DOJ investigation was previously raised with the Court during the March 19, 2024, Case Management Conference, and the Court subsequently denied a motion to stay discovery.  *See* Doc.  35.

The parties have engaged in written discovery and had a settlement conference on December 5, 2024, which resulted in settlement and dismissal of all County Defendants. *See* Doc. 56.  Plaintiffs and State Defendants continued settlement discussions but were unable to reach a resolution.

Plaintiffs are ready to take Qurishi's and Perez-Rojas' depositions without further delay.  Plaintiffs are also agreeable to continuing the fact discovery cut-off of July 14, 2025 to complete remaining depositions as well as the expert disclosure and discovery cut off dates.  *See* Doc. 25. The parties agree and request that counsel for the County be allowed to participate in the informal discovery conference since Plaintiffs seek to depose Perez-Rojas.

State Defendants' Position

The State Defendants agree that the Plaintiffs have the right to take Qurishi's deposition.  But the issue is should Qurishi's deposition be postponed until the DOJ completes the criminal investigation to avoid requiring Qurishi to choose between the negative inference that comes with invoking his 5th Amendment rights or potentially incriminating himself.  *See Doe v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000).

Based on a review of the timelines for completed reports (https://oag.ca.gov/ois-incidents/case-archive), the investigation should be complete within the next several months.

Moreover, State Defendants intend on filing a summary judgment motion and recognize that Qurishi's deposition must be completed to prepare the motion and for plaintiffs to oppose.  Even if Qurishi waived his 5th Amendment rights and was deposed, the State Defendants' ability to prepare a summary judgment motion will still be significantly hampered because Perez-Rojas will not sit for a deposition until the investigation is complete leaving Qurishi as the only witness to what occurred. *See Gonzalez v. City of Anaheim*, 747 F.3d 789, 795-96 (9th Cir. 2014) (en banc) (Gonzalez cannot testify because he is dead, and no other witnesses saw the incident. In such cases, we "must ensure that the officer is not taking advantage of the fact that the witness most likely to contradict his story—the person shot dead—is unable to testify.").

State Defendants believe a fair compromise is to stay Qurishi's and Perez-Rojas' depositions for 90 days to see if the criminal investigation concludes, and extend the fact discovery cut-off date, expert disclosure and discovery cut-off dates (experts cannot complete reports without both Qurishi and Perez-Rojas' depositions), and the dispositive motion deadline date accordingly.  In the meantime, the parties can complete all other discovery and the Court can set a status conference at the expiration of the 90-day deposition stay for the parties to address the status of the criminal investigation, any remaining discovery, and the final pretrial conference and trial dates.  Plaintiffs suffer no prejudice from this process.  *Zurich Am. Ins. Co. v. Omnicell, Inc.*, 2019 U.S. Dist. LEXIS 22907, at *14 (N.D. Cal. Feb. 12, 2019) ("[A] delay in recovery of damages 'is not the kind of prejudice which should move a court to deny a requested postponement.'").

Deputy Perez-Rojas's Position

The Court should stay Perez-Rojas's deposition until the DOJ completes its criminal investigation, which remains "under investigation." https://oag.ca.gov/ois-incidents/current-cases. During their recent meet and confer, the parties generally agreed based on recent history that the investigation will likely to be concluded by September.

Courts have discretion to stay civil proceedings pending the outcome of criminal proceedings. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). Not staying Perez-Rojas's deposition until the DOJ investigation concludes will likely result in Perez-Rojas invoking his 5th Amendment rights out of an abundance of caution, which may result in unnecessary and prejudicial adverse inferences in this case. *See Doe,* 232 F.3d at 1264. Perez-Rojas will be free to testify in this civil case without the cloud of potential criminal charges once the DOJ investigation concludes and, as expected, he is cleared of any criminal wrongdoing.

The Court previously denied a blanket discovery stay. Doc. 45. However, the procedural posture of the case has changed dramatically. Plaintiffs now possess all relevant body-worn camera footage, surveillance footage, police reports, and voluntary post-incident statements. Most significantly, all County Defendants have been dismissed with prejudice. Doc. 60. This tips the balance of the *Keating* factors in favor of Perez-Rojas because he is now a non-party. Accordingly, Perez-Rojas respectfully requests the Court stay his deposition until the DOJ completes its investigation.

Plaintiff's Position:

Because the Decedent was unarmed during the incident, the DOJ must conduct a criminal investigation under California Assembly Bill 1506. https://oag.ca.gov/ois-incidents/current-cases. Plaintiffs previously informed the Court that they would bring

the matter before the Court's attention before seeking to depose the involved officers. Doc. 35 at 3.

The Ninth Circuit has found that "[t]he case for staying civil proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment privilege is threatened." *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989). While "courts will not categorically deny a stay solely because the defendant has not yet been indicted," courts recognize "[t]he potential prejudice to a civil defendant facing a parallel criminal investigation is more remote than it is for an indicted defendant." *Ebay, Inc. v. Dig. Point Sols., Inc*., 2010 U.S. Dist. LEXIS 23253, at *10 (N.D. Cal. Feb. 25, 2010). Thus, many courts routinely decline to grant a *Keating* stay where there is no "evidence from any investigating agency that suggests any officer acted unlawfully or that criminal charges are likely or imminent[.]" *A.H. v. Cty. of San Bernardino*, , 2023 U.S. Dist. LEXIS 231467, at *8-10 (C.D. Cal. Dec. 28, 2023) (collecting cases); Doc. 45, at 2-3.

Here, there is no showing that Qurishi or Perez-Rojas are likely to be prosecuted. "Given that the CA DOJ automatically investigates every one of these incidents, Defendants effectively ask the Court to create a blanket rule requiring a stay of civil proceedings where there is a mere possibility of criminal charges against the involved officers." *A.H*., 2023 U.S. Dist. LEXIS 231467, at *10. The Court should decline to establish such a rule. *Id*.; *see also Herd v. Cty. of San Bernardino*, 2018 U.S. Dist. LEXIS 225891, at *6 (C.D. Cal. Sep. 17, 2018) ("The Court finds no basis in either law or reason to create a blanket rule requiring a stay of civil proceedings where there is a mere possibility of criminal charges against the involved officers."). Under such circumstances, the Court should find that Qurishi or Perez-Rojas have a "real but not overwhelming Fifth Amendment interests that must be considered in light of the other

*Keating* factors discussed below." *Vargas v. Cty. of L.A.*, 2019 U.S. Dist. LEXIS 212552, at *6 (C.D. Cal. July 10, 2019); *A.H.*, 2023 U.S. Dist. LEXIS 231467.

Plaintiffs, "like all civil plaintiffs, . . . have an 'interest in having their case resolved quickly.'" *A.H.*, 2023 U.S. Dist. LEXIS 231467, at *11 (quoting *ESG Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1046 (C.D. Cal. 2014)). Further, there is a real risk that a stay threatens Plaintiffs' ability to secure evidence as witnesses may relocate and memories may fade. Courts have found such risks to weigh against a *Keating* stay. *See A.H.*, 2023 U.S. Dist. LEXIS 231467, at *11-13 (collecting cases). Further, the DOJ's current list of cases under review includes incidents as far back as May 2022, as well as eighteen cases from 2023. https://oag.ca.gov/ois-incidents/current-cases. "As such, … any discovery stay would effectively amount to a request for an indefinite stay, which is disfavored." *A.H.*, 2023 U.S. Dist. LEXIS 231467, at *15.

Dated:   May 30, 2025              LAW OFFICES OF DALE K. GALIPO

                                   */s/ Eric Valenzuela*
                                   Eric Valenzuela
                                   Attorneys for Plaintiffs

Dated:   May 30, 2025              DEAN GAZZO & ROISTACHER, LLP

                                   */s/ Lee H. Roistacher*
                                   Lee H. Roistacher
                                   Attorneys for Defendants

Dated:   May 30, 2025              BURKE, WILLIAMS & SORENSEN, LLP

                                   */s/ Gregory B. Thomas*
                                   Gregory B. Thomas
                                   Attorneys for Deputy Perez-Rojas