UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LINA YURIAR, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 23-cv-06438-KAW<br><br>**ORDER RE 5/30/25 DISCOVERY LETTER**<br><br>Re: Dkt. No. 61<br><br>[Discovery Letter No. 1] |

Plaintiffs Maria Lina Yuriar and Juan Guillermo filed the instant wrongful death suit against Alameda County, the state of California, Basir Qurishi, and Alexis Perez-Rojas, alleging that Qurishi and Perez-Rojas shot and killed their son, Juan Diego Bernel Yuriar ("Decedent"). (First Amend. Compl. ("FAC"), Dkt. No. 30.) The parties have since settled the claims against Alameda County and Perez-Rojas; thus, the only remaining defendants are California and Qurishi. (*See* Dkt. No. 59.) On May 30, 2025, the parties filed a discovery letter concerning whether Perez-Rojas's and Defendant Qurishi's depositions should proceed at this time. (Discovery Letter at 3, Dkt. No. 61.) While the parties do not dispute that the depositions should take place, the parties dispute whether the depositions should be stayed until after the California Department of Justice – Special Prosecutions Division ("CA DOJ") has completed its investigation into the shooting. (*Id.*)

Alameda County and Perez-Rojas previously filed a motion to stay discovery based on the pending DOJ investigation. (Dkt. No. 40.) On July 30, 2024, the Court denied the motion to stay. (Order re Mot. to Stay, Dkt. No. 45.) As explained there, "[t]he Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). Courts, however, have "discretion

1  to stay civil proceedings when the interests of justice seem to require such action." *Id.* (internal

2  quotation omitted). "The decision whether to stay civil proceedings in the face of a parallel

3  criminal proceeding should be made in light of the particular circumstances and competing

4  interests involved in the case." *Id.* (internal quotation omitted). This requires that the court

5  "consider the extent to which the defendant's fifth amendment rights are implicated," as well as

6  the following additional factors:

7
> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

12  *Id.* at 325.

13  The Court finds that the depositions may proceed. As an initial matter, while Perez-

14  Rojas's and Defendant Qurishi's Fifth Amendment rights are implicated by being deposed, this

15  interest is not overwhelming. The Ninth Circuit has found that "[t]he case for staying civil

16  proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment

17  privilege is threatened." *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir.

18  1989) (internal quotation omitted). The Court previously found there was no showing that Perez-

19  Rojas is likely to be prosecuted, and there is still no such showing as to either Perez-Rojas or

20  Defendant Qurishi. (*See* Order re Motion to Stay at 3.) Rather, the CA DOJ is required to

21  investigate every such incident. Additionally, while more than ten months have passed since the

22  Court's order denying Alameda County's and Perez-Rojas's motion to stay, neither Defendant

23  Qurishi nor Perez-Rojas point to any developments suggesting that prosecution is likely. Under

24  such circumstances, the Court finds that the Fifth Amendment interest is real but not dispositive.

25  Next, the Court again finds that the first additional *Keating* factor weighs strongly against a

26  stay. As a general matter, Plaintiffs, "like all civil plaintiffs, . . . have an 'interest in having their

27  case resolved quickly.'" *A.H. v. Cty. Of San Bernardino*, No. EDCV 23-1028 JGB (SHKx), 2023

28  U.S. Dist. LEXIS 231467, at *11 (C.D. Cal. Dec. 28, 2023) (quoting *ESG Capital Partners LP v.*

2

*Stratos*, 22 F. Supp. 3d 1042, 1046 (C.D. Cal. 2014)).  Further, Plaintiffs again point to the risk that a stay threatens their ability to secure evidence as memories may fade.  (Discovery Letter at 7.)  Courts have found such risks to weigh against a stay.  *See id.* at *11-13 (collecting cases).

The Court finds the second *Keating* factor only somewhat favors a stay.  While denial of a stay will burden Perez-Rojas's and Defendant Qurishi's Fifth Amendment interest, as discussed above, the Fifth Amendment interests are not strong given there is no parallel criminal case or a likelihood of prosecution.  *See Elena v. City of L.A.*, No. 2:22-cv-07651-JLS-KSx, 2023 U.S. Dist. LEXIS 131045, at *7-8 (C.D. Cal. June 20, 2023) (finding that the burden was not significant where the officer had not been indicted).

The Court finds that the third *Keating* factor weighs strongly against a stay.  "Courts have recognized that this *Keating* factor normally does not favor granting a stay, because 'the court has an interest in clearing its docket.'"  *ESG Capital Partners LP*, 22 F. Supp. 3d at 1046 (quoting *Molinaro*, 889 F.2d at 903).  As previously explained, there is no set date for the completion of the CA DOJ's investigation; thus, the case could linger on the Court's docket for years before discovery can be completed.  Indeed, Defendants acknowledge that the expert discovery deadlines and dispositive motion deadline would need to be extended because expert reports and dispositive motions would be dependent on the depositions.  (Discovery Letter at 4.)  Continuing these deadlines would, in turn, require continuing the trial date.  The Court acknowledges that the parties have since stipulated to an extension (*see* Dkt. No. 62), but even these extended deadlines may need to be continued depending on when the CA DOJ's investigation is completed.

The Court finds that the fourth *Keating* factor only somewhat favors a stay.  Perez-Rojas correctly points out that since the prior motion to stay, the claims against him have settled, making him a non-party.  (Discovery Letter at 5.)  This is not dispositive, however.  *See Maldonado v. City of Fresno*, No. 1:24-cv-00102-KES-SAB, 2025 U.S. Dist. LEXIS 69864, at *28 (E.D. Cal. Apr. 11, 2025) (finding *Keating* stay was not warranted even though the interest of a third-party was implicated).  Perez-Rojas argues that he may invoke his Fifth Amendment rights, thus resulting in unnecessary and prejudicial adverse inferences in this case, but it is unclear how this harms his personal interests when the claims against Perez-Rojas have already been settled.  (*See*

3

*id.*)

Finally, the Court again finds that the fifth *Keating* factor weighs against a stay. Many courts have f[oun]d that the public interest is best served by the speedy resolution of civil rights cases such as this one[.]" *A.H.*, 2023 U.S. Dist. LEXIS 231467, at *20. "It is especially important, in cases where police misconduct has been alleged, for the public to see justice be fairly and efficiently done." *Estate of Morad v. City of Long Beach*, No. CV 16-06785 MWF (AJWx), 2017 U.S. Dist. LEXIS 214639, at *28 (C.D. Cal. Apr. 28, 2017).

Weighing the *Keating* factors together, the Court finds that a stay on the depositions of Perez-Rojas and Defendant Qurishi is not warranted in this case. Accordingly, the Court will permit Plaintiffs to proceed with their depositions.

This order disposes of Dkt. No. 61.

IT IS SO ORDERED.

Dated: June 26, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge