Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
Kimberly A. Sullivan, Esq. (317857)
Brooke M. Mesner, Esq. (SBN 354265)
440 Stevens Avenue, Suite 100
Solana Beach, CA  92075
Telephone:  (858) 380-4683
Facsimile:  (858) 492-0486
E-mail:  lroistacher@deangazzo.com
        ksullivan@deangazzo.com
        bmesner@deangazzo.com

Attorneys for Defendants
State of California by and through California Highway
Patrol and Officer Basir Qurishi

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LINA YURIAR; and JUAN GUILLERMO,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA; STATE OF CALIFORNIA; BASIR QURISHI' ALEXIS PEREZ-ROJAS; and DOES 3-10, inclusive,<br><br>Defendants. | Case No.:    4:23-cv-06438 KAW<br><br>**JOINT DISCOVERY LETTER BRIEF**<br><br><br>Magistrate: Judge Kandis A. Westmore<br>Referred to: Magistrate Judge Peter H Kang (Settlement)<br><br>Complaint Filed: 12/14/2023<br>Trial Date: 03/02/2026 |

The undersigned parties hereby attest that Kimberly Sullivan and Brooke Mesner, counsel for defendants Basir Qurishi and California Highway Patrol, met and conferred by video conference with Eric Valenzuela, counsel for plaintiffs Maria Yuriar and Juan Guillermo. The video conference occurred on September 8, 2025. The parties have complied with Section 9 of the Northern District Guidelines for Professional Conduct regarding discovery prior to filing this joint letter.

The parties' signatures are on page 6.

///

///

///

Joint Statement of Facts Regarding Dispute Over Plaintiffs' Discovery Verifications

During their depositions, plaintiffs Maria Yuriar and Juan Guillermo testified –through a translator– that they do not read or write in English. Nevertheless, all discovery in this case has been propounded and answered in English. The current discovery verifications signed by plaintiffs do not indicate whether the discovery requests and responses were translated from English to Spanish (or vice versa).

After the depositions of the plaintiffs, a dispute arose between the parties regarding whether the plaintiffs understood the written discovery requests and whether accurate translations had been provided.

Defense counsel proposed revised verifications for all discovery responses, requiring plaintiffs to affirm that the requests and responses were accurately translated. This proposed verification would also require the translator's name and their relationship to plaintiffs.

Plaintiffs' counsel agrees the plaintiffs will sign a new verification affirming that translations were provided, but objects to the requirement that plaintiffs disclose the name and relationship of the translator(s).

Defendants' Position

Because plaintiffs do not understand English and there are inconsistencies between plaintiffs' deposition testimony and their discovery responses, defense counsel believes the plaintiffs did not understand the discovery requests/responses or the verifications they signed. Examples of the inconsistencies for each plaintiff are detailed below:

*Maria Yuriar:*

Request For Production No. 4 requests: "All correspondence between YOU and Juan Diego Bernal-Yuriar, including but not limited to, emails, letters, text messages, voice messages, birthday cards, anniversary cards, holiday cards, thank you cards, etc. from the last five years."

Mrs. Yuriar responded: "After a diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive documents in his possession, custody, or control that have not already been produced. Plaintiff's investigation is ongoing and he will produce additional non-privileged documents if and when obtained." (Defense Exhibit A).

However, during Mrs. Yuriar's deposition, she testified that she still has "many, many" text messages between her and Juan Diego-Bernal Yuriar, and she has the card he left her on Mother's Day. (See Defense Exhibit B - Yuriar Depo pp. 32, 79)

*Juan Guillermo*

Special Interrogatory No. 20 asks: "Since your birth, state how many times or the frequency with which you spoke with Decedent on the telephone before his death. For each telephone call, state the date when the call took place and who initiated the call." (See Exhibit B).

In response, Mr. Guillermo stated: "Plaintiff lived with his son up until 2012, so they would speak every day during this time. After 2012, Decedent would speak to his dad at least once a week, but over the years the calls became much less frequent." (See Defense Exhibit C).

However, during his deposition, Mr. Guillermo testified that he "would communicate with [his son] a lot" and that they spoke on the phone the week before the officer involved shooting. (See Defense Exhibit D – Guillermo Depo., p. 19-20).

Mr. Guillermo also testified that he did not recall responding to written questions in this case, nor did he recall signing a verification stating that responses to certain questions are true and correct. (See Exhibit D – Guillermo Depo., p. 20)

*Defendants' Proposed Compromise and Authority*

Because the plaintiffs do not speak or write in English, and the plaintiffs' testimony conflicts with the discovery responses and their obligation to provide truthful responses and produce responsive documents, we request that plaintiffs provide new verifications. This verification should state the discovery requests and responses were accurately translated and must include the translators' name and relationship to the plaintiffs.

Although the Federal Rules of Civil Procedure does not require the disclosure or declaration of a translator, case law has determined that a translator's declaration is necessary under the circumstances that exist here. A similar issue arose in in *S.C. v. Buddi US LLC*, No. 8:20-cv-01370-CJC-KESx, 2021 U.S. Dist. LEXIS 273992, at *4 (C.D. Cal. July 2, 2021), the court explained:

Defendant is entitled to propound written discovery in English. If Plaintiff's counsel needs to translate that discovery so that Plaintiff can understand it, then counsel should arrange for that translation. Plaintiff must provide factually accurate verifications. For example, the verification form should not say that Plaintiff read and verifies the truthfulness of English-language responses if Plaintiff cannot understand English-language responses. **If accuracy requires stating that the responses were translated for Plaintiff prior to obtaining Plaintiff's verification, then the verification form should so state and be accompanied by the translator's declaration**.

(emphasis added).

Here, counsel for the defense has made efforts to compromise with plaintiffs and forego translators' declaration. We only ask the new verification includes the name and relationship of the translator to the plaintiffs. This information is not protected in any way.

<u>Plaintiffs' Position</u>

In an attempt to resolve any discovery dispute and not having to involve the Court, Plaintiffs offered to amend the verifications to include that they have been translated from English to Spanish and vice versa. Defendants were not agreeable and instead required an additional name on the verifications in addition to the Plaintiff's name. Plaintiff's offer to amend the verifications to resolve this issue without further Court intervention remains open.

With regards to any text messages and a Mother's Day card between Plaintiff and her son, Decedent, Plaintiff has supplemented her disclosures and provided said text messages and card and have agreed to produce Plaintiff for a second deposition for the limited purpose of questioning on the text and card. Accordingly, this agreement to produce Plaintiff for a second round of deposition should resolve this issue and not require further intervention from the Court.

With regards to Plaintiff's testimony he did not recall responding to written questions in this case, nor did he recall signing a verification stating that responses to certain questions are true and correct, Plaintiff corrected this error after reviewing his deposition. See Plaintiff's errata sheet, attached hereto as Plaintiff's Exhibit "A".

1    Pursuant to Rule 30 (e)(1)(A-B) of the Federal Rules of Civil Procedure ("FRCP"), a

2    deponent is permitted to make changes and to sign a statement listing the changes and

3    the reasons for making them.  Plaintiff's deposition errata sheet indicates that he was

4    mistaken as to not having seen or responded to the discovery request and that because of

5    some recent health issues that Plaintiff has suffered from (including a stroke which

6    caused paralysis to half of his face), Plaintiff has difficulty with his memory.  Therefore,

7    the deposition errata sheet should resolve any issues stemming from the deposition

8    pursuant to FRCP 30(e)(1)(A-B).

9        With regards to the issue of the verifications, FRCP 33 requires that interrogatory

10   answers must be under oath.  See FRCP 33(b)(3).  This under oath requirement is

11   universally satisfied with verifications.  By its plain language, FRCP 33, does not require

12   anyone else, other than the respondent and the attorney, to sign the interrogatory answers.

13   FRCP 33 does not require anyone who assisted respondent in answering the interrogatory

14   responses (including translating them), to also sign the answers under oath, or identify

15   themselves.  Plaintiff's counsel has represented several Spanish only speaking clients in

16   well over ten years of practice and has never had this issue be raised by the defense.

17   Further, the single case cited by the defense, is an unpublished decision and is not binding

18   authority in this Circuit.  However, FRCP 33, is binding authority in this Circuit and

19   does not require what defense counsel is asking.  The defense is attempting to add

20   additional requirements to satisfy the under oath element of FRCP 33, which is not

21   supported by the overwhelming authority which indicates a verification is sufficient.

22   Essentially, the defense is attempting to create new law and requirements, which is not

23   supported by FRCP 33 and its precedent.  Accordingly, since Plaintiffs have agreed to

24   ///

25   ///

26   ///

27   ///

28   ///

1  amend the verifications and are producing Plaintiff for a second round of deposition this

2  Wednesday (Sept. 17, 2025), the Court should deny Defendants' requested relief.

3

4  Dated: September 15, 2025                    Law Offices of Dale K. Galipo

5

6                                              By:  /s/ Eric Valenzuela

7                                                   Eric Valenzuela
                                                    Attorneys for Plaintiffs
8                                                   Email:  evalenzuela@galipolaw.com

9

10  Dated: September 15, 2025                   Dean Gazzo Roistacher LLP

11

12                                             By:  /s/ Brooke M. Mesner

13                                                  Lee H. Roistacher
                                                    Kimberly A. Sullivan
14                                                  Brooke M. Mesner
                                                    Attorneys for Defendants
15                                                  State of California by and through
                                                    California Highway Patrol and Officer
16                                                  Basir Qurishi
17                                                  Email: lroistacher@deangazzo.com
                                                           ksullivan@deangazzo.com
18                                                         bmesner@deangazzo.com

19

20

21

22

23

24

25

26

27

28

# DEFENDANTS' EXHIBIT "A"

Dale K. Galipo, Esq. (SBN 144074)
*dalekgalipo@yahoo.com*
Eric Valenzuela, Esq. (SBN 284500)
*evalenzuela@galipolaw.com*
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

*Attorneys for Plaintiff*s

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARIA LINA YURIAR; and JUAN GUILLERMO,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF ALAMEDA; STATE OF CALIFORNIA; BASIR QURISHI; ALEXIS PEREZ-ROJAS and DOES 3-10, inclusive,<br><br>        Defendants. | **Case No. 4:23-cv-06438-KAW**<br><br><br>**PLAINTIFF MARIA YURIAR'S RESPONSES TO DEFENDANT CALIFORNIA HIGHWAY PATROL'S REQUESTS FOR PRODUCTION (SET ONE)** |

**PROPOUNDING PARTY:**    Defendant California Highway Patrol

**RESPONDING PARTY:**    Plaintiff Maria Yuriar

**SET NO.:**    One (1)

Plaintiff, Maria Yuriar, hereby responds Defendant California Highway Patrol's Request for Production as follows:

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff incorporates her general objections. Plaintiff further objects that the Document Request calls for information protected by the federal privacy privilege. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

After a diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive documents in her possession, custody, or control that have not already been produced. Plaintiff's investigation is ongoing and she will produce additional non-privileged documents if and when obtained.

**REQUEST FOR PRODUCTION NO. 3:**

All **DOCUMENTS** reflecting income earned by Juan Diego Bernal-Yuriar in the five years prior to his death, including but not limited to, employer check stubs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff incorporates her general objections. Plaintiff further objects that the Document Request calls for information protected by the federal privacy privilege. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

After a diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive documents in her possession, custody, or control that have not already been produced. Plaintiff's investigation is ongoing and she will produce additional non-privileged documents if and when obtained.

**REQUEST FOR PRODUCTION NO. 4:**

All correspondence between **YOU** and Juan Diego Bernal-Yuriar, including but not limited to, emails, letters, text messages, voice messages, birthday cards, anniversary cards, holiday cards, thank you cards, etc. from the last five years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

After a diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive documents in his possession, custody, or control that have not already been produced. Plaintiff's investigation is ongoing and he will produce additional non-privileged documents if and when obtained.

## <u>VERIFICATION</u>

I, the undersigned, hereby declare:

I am a Plaintiff in the matter of *Yuriar, et al. v. County of Alameda, et al.* I have read the responses to the propounded discovery as identified below. I know their content and based on my knowledge and/or on my information and belief, I believe them to be true.

PLAINTIFF MARIA LINA YURIAR'S RESPONSES TO
DEFENDANT CALIFORNIA HIGHWAY PATROL'S REQUESTS
FOR PRODUCTION OF DOCUMENTS (SET ONE)

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct. Executed on _____11/7/2024_____, at Los Angeles, California.



Signed by:

MARIA LINA YURIAR

# DEFENDANTS' EXHIBIT "B"

Maria Lina Yuriar                                    August 15, 2025

 1  no.

 2       Q   Do you still have on your phone any text

 3  messages that your son sent to you at any point in time?

 4       A   Yes.

 5       Q   How many text messages, if you can give me your

 6  best estimate?

 7       A   Many, many.  The whole time we were texting.

 8       Q   Okay.  I also ask that you retain those text

 9  messages and not delete them.  Understood?

10       A   I understand.  I agree.

11       Q   When you saw your son on July 2nd, 2023, before

12  he went to work at the 99 Cent Store, what was he

13  wearing?

14       A   Just Levi's and a little T-shirt.  That's all.

15       Q   Did your son have a backpack with him or any

16  other belongings with him when he left for work?

17       A   No.

18       Q   How did your son get to work, if you know?  Did

19  he get in a car, did he get picked up, did he ride his

20  bicycle?

21       A   Bicycle, on a bicycle.  Sometimes I would drop

22  him off.

23       Q   But on the morning of July 2nd, 2023, your son

24  left your house on his bicycle and, to your

25  understanding, rode his bicycle to work?

1      Q    What did you buy him, if you recall?

2      A    His bicycle.  I bought his bicycle because the

3  first one he had they stole and he cried a lot about it

4  and I said, "Don't worry, son, I'm going to get you

5  another bicycle."  Yeah, he cried a lot because when he

6  came out of work his bicycle was no longer there.  They

7  had stolen it.

8      Q    And do you recall any other birthday or

9  Christmas presents that you bought your son?

10     A    Yes.  When we first got here I bought him an

11 airplane because he already back then wanted to be a

12 pilot.  And so I bought him this little airplane and

13 when I woke up that morning he was already crying

14 because he had already broken it.

15     Q    Did Diego ever buy you any birthday,

16 Mother's Day, or Christmas presents?

17     A    Yes.  Yes.  I've got pictures of the gifts that

18 he -- my son gave me.

19     Q    The pictures that you have of the gifts, can

20 you please retain them and not destroy them?

21     A    No.  I keep them -- I keep them very close, a

22 lot.  I've also got the note that he left me on

23 Mother's Day.

24     Q    What's the most memorable gift that your son

25 bought you?

**DEFENDANTS' EXHIBIT "C"**

Dale K. Galipo, Esq. (SBN 144074)
*dalekgalipo@yahoo.com*
Eric Valenzuela, Esq. (SBN 284500)
*evalenzuela@galipolaw.com*
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

*Attorneys for Plaintiff*s

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LINA YURIAR; and JUAN GUILLERMO, <br><br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF ALAMEDA; STATE OF CALIFORNIA; BASIR QURISHI; ALEXIS PEREZ-ROJAS and DOES 3-10, inclusive, <br><br><br> Defendants. | **Case No. 4:23-cv-06438-KAW** <br><br><br> **PLAINTIFF JUAN GUILLERMO'S RESPONSES TO DEFENDANT CALIFORNIA HIGHWAY PATROL'S SPECIAL INTERROGATORIES (SET ONE)** |

**PROPOUNDING PARTY:**     Defendant California Highway Patrol

**RESPONDING PARTY:**     Plaintiff Juan Guillermo

**SET NO.:**     One (1)

or saw Decedent before his death. For each visit, state the location where, and the date on which, the visit took place.

**RESPONSE TO SPECIAL INTERROGATORY NO. 19 (ERRONEOUSLY LABELLED AS SPECIAL INTERROGATORY NO. 8):**

Plaintiff lived with Decedent so they would see each other every single day up until 2012. After 2012, Plaintiff did not visit or see Decedent.

**SPECIAL INTERROGATORY NO. 20 (ERRONEOUSLY LABELLED AS SPECIAL INTERROGATORY NO. 9:**

Since your birth, state how many times or the frequency with which you spoke with Decedent on the telephone before his death. For each telephone call, state the date when the call took place and who initiated the call.

**RESPONSE TO SPECIAL INTERROGATORY NO. 20 (ERRONEOUSLY LABELLED AS SPECIAL INTERROGATORY NO. 9:**

Plaintiff lived with his son up until 2012, so they would speak every day during this time. After 2012, Decedent would speak to his dad at least once a week, but over the years the calls became much less frequent.

**SPECIAL INTERROGATORY NO. 21 (ERRONEOUSLY LABELLED AS SPECIAL INTERROGATORY NO. 10:**

In the two years before the incident, state how many times or the frequency with which you wrote, emailed, texted, or had other written communication with Decedent before his death.

**RESPONSE TO SPECIAL INTERROGATORY NO. 21 (ERRONEOUSLY LABELLED AS SPECIAL INTERROGATORY NO. 10:**

None.

**SPECIAL INTERROGATORY NO. 22 (ERRONEOUSLY LABELLED AS SPECIAL INTERROGATORY NO. 11:**

In the two years before the incident, state how many times or the frequency with which Decedent wrote, emailed, texted, or had other written communication with you

# **VERIFICATION**

I, the undersigned, hereby declare:

I am a Plaintiff in the matter of *Yuriar, et al. v. County of Alameda, et al.*  I have read the responses to the propounded discovery as identified below.  I know their content and based on my knowledge and/or on my information and belief, I believe them to be true.

PLAINTIFF JUAN GUILLERMO'S RESPONSES TO DEFENDANT CALIFORNIA HIGHWAY PATROL'S INTERROGATORIES (SET ONE)

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.  Executed on ____11/7/2024____, at San Ignacio, Mexico.



JUAN GUILLERMO

# DEFENDANTS' EXHIBIT "D"

1      A   About 10 years ago, to be honest.

2      Q   My understanding was the last time you saw

3   Juan Diego was in 2012, does that sound accurate?

4      A   Yes.

5      Q   Did you ever attempt to see Juan Diego in

6   California after 2012?

7      A   No.

8      Q   Why not?

9      A   I would communicate with him a lot.

10     Q   Did you ever want to see him in person?

11     A   Yes.

12     Q   Why not plan a trip to go see your son in

13   person after 2012?

14     A   Because of all the violence here in Sinaloa,

15   that's why.

16     Q   So the violence prevented you from leaving

17   Mexico to visit your son in California?

18     A   Yes.

19     Q   Can you explain that to me, please, because I'm

20   not sure I'm understanding.

21     A   I live in a small town, a little village, and

22   it's very dangerous for us to try to leave to go to the

23   city, like to go to the airport.  And because I live

24   here, we have to keep in.  And that keeps us from going

25   to a bigger city to be able to find a way to get there.

Juan Guillermo Bernal Sanchez                           August 15, 2025

1       Q    Did Juan Diego ever attempt to visit you in

2   person in Mexico after he moved to California in 2012?

3       A    No.

4       Q    Is it for the same reason that you just gave

5   related to violence preventing you from leaving your

6   town?

7       A    Yes.

8       Q    When was the last time before the incident that

9   you spoke with Juan Diego?

10      A    It was a week before he died.

11      Q    Do you recall responding to some written

12  questions in this case?

13      A    No.

14      Q    Do you recall signing a verification stating

15  that responses to certain questions are true and

16  correct?

17      A    No.

18      Q    Do you recall signing any documentation in this

19  case verifying certain written -- written responses were

20  true and correct?

21      A    No.

22      Q    When you spoke to your son a week before the

23  incident, what did you talk about?

24      A    We spoke about the birth of a grandson that

25  I just -- that had just been sworn and how happy we were

**PLAINTIFF'S EXHIBIT "A"**

Juan Guillermo Bernal Sanchez                                    August 15, 2025

1                        CORRECTION CERTIFICATE

2    To add testimony, indicate "Add" and print the exact
     words you wish to add.  To delete testimony, indicate
3    "Delete" and print the exact workds you wish to delete.

4    Deposition of:   Juan Guillermo Bernal Sanchez
     Proceedings Date:   August 15, 2025
5

6

7    I, JUAN GUILLERMO BERNAL SANCHEZ,

8    have the following changes to my proceedings transcript:

9    PAGE    LINE    CHANGE TESTIMONY TO READ AS FOLLOWS:

10    20      13      Yes, I was confused and did not remember.

11    20      17      Yes, I forgot and did not remember.

12    20      21      Yes. I forgot and did not remember.

13    23      15      Yes, I was confused and forgot.

14    24      13      Yes, it was translated for me.

15    24      16      Yes. I was confused and did not

16                    remember after some recent health

17                    issues. I have trouble remembering things.

18    ____   _____    _____

19    ____   _____    _____

20    ____   _____    _____

21    ____   _____    _____

22    ____   _____    _____

23

24    _____date_____9/15/2025_____

25    JUAN GUILLERMO BERNAL SANCHEZ