UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LINA YURIAR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 23-cv-06438-KAW<br><br>**ORDER RE 9/15/2025 DISCOVERY LETTER**<br><br>Re: Dkt. No. 67<br><br>[Discovery Letter No. 2] |

On September 15, 2025, the parties filed a discovery letter concerning whether Plaintiffs must provide discovery verifications that include the name and relationship of their translator. (Discovery Letter at 2, Dkt. No. 67.) Although Plaintiffs do not read or write in English, all discovery in this case has been propounded and answered in English. The current discovery verifications signed by Plaintiffs do not indicate whether the discovery requests and responses were translated. (*Id.*)

The parties agree that Plaintiffs shall provide new verifications affirming that translations were provided. (Discovery Letter at 2.) Defendants, however, also seek to have the verification include the translator's name and their relationship to Plaintiffs. (*Id.*) Defendants seek this information because they have identified inconsistencies between Plaintiffs' deposition testimony and their discovery responses. Specifically, Plaintiff Yuriar stated in her discovery response that she did not have any correspondence between herself and her son ("Decedent"), but testified in her deposition that she did have text messages and a card. (*Id.* at 2-3.) Likewise, Plaintiff Guillermo stated in his discovery response that he had increasingly infrequent conversations with Decedent but testified in his deposition that he spoke with Decedent a lot. (*Id.* at 3.) He also testified that he did not remember responding to written discovery or signing the verification. (*Id.*) Plaintiffs,

1  in turn, have agreed to provide the text messages and card and to produce Plaintiffs for a second
2  round of depositions. (*Id.* at 4.) Plaintiff Guillermo also explained his error regarding the written
3  discovery, stating that it was a mistake due to memory difficulties following recent health issues
4  including a stroke. (*Id.* at 4-5.)

The parties do not dispute that the Federal Rules do not require the translator information sought by Defendants. (*See* Discovery Letter at 3, 5.) Indeed, Plaintiffs point out that Federal Rule of Civil Procedure 33 does not even require that anyone who assisted in responding to interrogatory responses identify themselves or sign anything under oath. (Discovery Letter at 5.) Defendants' only authority in support of requiring translator information is a non-binding district court case, in which the district court required the plaintiff's verification to identify whether a translator was required and be accompanied by a translator's declaration. *S.C. v. Buddi US LLC*, No. 8:20-cv-01370-CJC-KESx, 2021 U.S. Dist. LEXIS 273992, at *4 (C.D. Cal. July 2, 2021). The district court, however, did not explain any basis for this requirement. Further, it is not apparent why Defendants require information about the translator or how it is relevant to their case. While there were inconsistencies, there is no showing that the inconsistencies were the result of any translation errors beyond Defendants' belief. Further, it appears that the inconsistencies have been resolved.

Accordingly, the Court will not require Plaintiffs to provide the translator's name or relationship to Plaintiffs.

This order disposes of Dkt. No. 67.

IT IS SO ORDERED.

Dated: September 24, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge