1  Dean Gazzo Roistacher LLP
   Lee H. Roistacher, Esq. (SBN 179619)
2  Kimberly A. Sullivan, Esq. (317857)
   Brooke M. Mesner, Esq. (SBN 354265)
3  440 Stevens Avenue, Suite 100
   Solana Beach, CA  92075
4  Telephone:  (858) 380-4683
   Facsimile:  (858) 492-0486
5  E-mail:  lroistacher@deangazzo.com
             ksullivan@deangazzo.com
6            bmesner@deangazzo.com

7  Attorneys for Defendants
   State of California by and through California Highway
8  Patrol and Officer Basir Qurishi

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11 MARIA LINA YURIAR; and JUAN          Case No.:   4:23-cv-06438 KAW
   GUILLERMO,
12                                       [PROPOSED] ORDER GRANTING
                Plaintiffs,              MOTION FOR SUMMARY JUDGMENT
13                                       BY DEFENDANTS STATE OF
        v.                               CALIFORNIA BY AND THROUGH
14                                       CALIFORNIA HIGHWAY PATROL AND
   COUNTY OF ALAMEDA; STATE OF           OFFICER BASIR QURISHI
15 CALIFORNIA; BASIR QURISHI'
   ALEXIS PEREZ-ROJAS; and DOES 3-10,
16 inclusive,                            Date:        November 20, 2025
                                         Time:        1:30 p.m.
17              Defendants.              Courtroom:   TBD

18                                       Magistrate: Judge Kandis A. Westmore
                                         Referred to: Magistrate Judge Peter H Kang
19                                       (Settlement)

20                                       Complaint Filed: 12/14/2023
                                         Trial Date: 03/02/2026
21

22       Defendants State of California by and through California Highway Patrol and Officer

23 Basir Qurishi's Motion for Summary Judgment came on for hearing on _____, 2025, at

24 _:_0  a.m./p.m.,  in  Department  _____  of  the  above-entitled  court,  located  at

25 _____,  California,  _____,  the  Honorable  Kandis  A.  Westmore,

26 presiding.

27 ///

28 ///

                                        1
[Proposed] Order Granting Motion for Summary Judgment by        Case No.:    4:23-cv-06438 KAW
Defendants State of California and Through California Highway
Patrol and Officer Basir Qurishi

1  The Court has reviewed the papers, considered arguments and evidence, and finds no

2  genuine issue of material fact under the governing law and accordingly GRANTS defendants'

3  motion for summary judgment as follows:

4  1. Qurishi is entitled to summary judgment on plaintiffs' Fourth Amendment excessive

5  force claim (Claim 1) because he is entitled to qualified immunity. *See District of Columbia v.*

6  *Wesby*, 583 U.S. 48, 62-63 (2018) (describing two prongs of qualified immunity). Qurishi did

7  not violate Juan Yuriar's Fourth Amendment rights when using deadly force to stop Yuriar's

8  violent physical attack because the use of deadly force was objectively reasonable under the

9  factors established in *Graham v. Connor*, 490 U.S. 386, 396-97 (1989) and any others considered

10  by the Ninth Circuit. *Hart v. City of Redwood City*, 99 F.4th 543, 549 (9th Cir. 2024) (describing

11  *Graham* factors); *Napouk v. L.V. Metro. Police Dep't*, 123 F.4th 906, 920 (9th Cir. 2024)

12  (describing additional factors). Alternatively, no "clearly established" law existed on July 3,

13  2023 demonstrating all reasonable law enforcement officers would know Qurishi's use of deadly

14  force under the particular facts of this case violate Yuriar's Fourth Amendment. *Wesby*, 583

15  U.S. at 63 (articulating "clearly established" standard); *Kisela v. Hughes*, 584 U.S. 100, 104

16  (2018) (same); *White v. Pauly*, 580 U.S. 73, 79 (2017) (same).

17  2. Qurishi is entitled to summary judgment on plaintiffs' Fourth Amendment failure to

18  intervene and integral participant claims (Claim 1) because the complaint alleges no facts

19  supporting them. *Hartzell v. Marana Unified Sch. Dist*., 130 F.4th 722, 745 (9th Cir. 2025);

20  *Wasco Prods. v. Southwall Techs., Inc.,* 435 F.3d 989, 992 (9th Cir. 2006): *Frohm v. City &*

21  *County of S.F*., 2025 U.S. Dist. LEXIS 92317, at *9 (N.D. Cal. May 14, 2025). Alternatively,

22  Qurishi is entitled to qualified immunity because no evidence supports liability under either

23  theory. Qurishi did not have a "realistic opportunity to intervene in the use of deadly force by

24  Deputy Rojas-Perez, *Hughes v. Rodriguez*, 31 F.4th 1211, 1223 (9th Cir. 2022), *Cunningham v.*

25  *Gates*, 229 F.3d 1271, 1290 (9th Cir. 2000), and Qurishi was unaware of Deputy Rojas-Perez's

26  presence thus precluding an awareness of the allegedly unconstitutional use of deadly force

27  when it occurred, *Tobias v. Arteaga*, 996 F.3d 571, 584 (9th Cir. 2021). For the same reasons,

28  integral participant liability cannot exist. *Peck v. Montoya*, 51 F.4th 877, 889 (9th Cir. 2022)

2

1    (elements). Moreover, no clearly established law existed on July 3, 2023 demonstrating what

2    constitutes a "realistic opportunity to intercede." *Penaloza v. City of Rialto*, 836 F. App'x 547,

3    549-50 (9th Cir. 2020), *Gellos v. City of Phx.*, 2025 U.S. Dist. LEXIS 13601, at *8-9 (D. Ariz.

4    Jan. 24, 2025); *Dunivin v. County of Riverside,* 2023 U.S. Dist. LEXIS 238872, at *37 (C.D.

5    Cal. Nov. 21, 2023); *Stroud v. Gore*, 2022 U.S. Dist. LEXIS 172094, at *8 (S.D. Cal. Sept. 22,

6    2022).  Nor did clearly establish law demonstrate the "minimum level of of involvement for

7    liability under the integral-participant doctrine." *Peck*, 51 F.4th at 889; *Rose v. Farney*, No. 23-

8    2846, 2025 U.S. App. LEXIS 5738, at *5-6 (9th Cir. Mar. 12, 2025) (affirming qualified

9    immunity on integral participant claim).

10        3. Qurishi is entitled to summary judgment on plaintiff's Fourteenth Amendment

11   interference with familial relationship claim (Claim 3) because he is entitled to qualified

12   immunity. Qurishi did not violate Yuriar's Fourth Amendment rights, which is required to

13   maintain a Fourteenth Amendment loss of familial association claim. *Gauslik v. Perez,* 392 F.3d

14   1006, 1008 (9th Cir. 2004); *Schwarz v. Lassen County*, 628 F. App'x 527, 528 (9th Cir. 2016);

15   *Galindo v. City of S.F.*, 718 F. Supp. 3d 1121, 1143 (N.D. Cal. 2024). Further, Qurishi did not

16   act with an intent to harm Yuriar unrelated to the legitimate law enforcement objective of self-

17   protection in the fast moving and evolving physical fight where there was no time to deliberate.

18   *Puente v. City of Phx.*, 123 F.4th 1035, 1055 (9th Cir. 2024); *Napouk*, 123 F.4th at 923; *Porter*

19   *v. Osborn*, 546 F.3d 1131, 1139 (9th Cir. 2008). Moreover, no clearly established law existed

20   on July 3, 2023 demonstrating all reasonable law enforcement officers would know Qurishi's

21   use of deadly force under the particular facts of this case would violate plaintiffs' Fourteenth

22   Amendment rights. *Nicholson v. City of L.A.,* 935 F.3d 685, 696 & n.5 (9th Cir. 2019) (Fourth

23   Amendment cases don't satisfy the "clearly established" component of qualified immunity for

24   a Fourteenth Amendment claim).

25        4. Qurishi and CHP are entitled to summary judgment on plaintiffs' battery claim (Claim

26   4) because Qurishi did not violate the Fourth Amendment. *Reyes v. City of Santa Ana*, 832 F.

27   App'x 487, 491 (9th Cir. 2020); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922

28   (9th Cir. 2001); *Avina v. United States*, 681 F.3d 1127, 1131 (9th Cir. 2012); *Reimann v. Town*

1    *of Los Gatos*, 2024 U.S. Dist. LEXIS 247946, at *12 (N.D. Cal. Sep. 16, 2024); *Rosenbaum v.*

2    *City of San Jose*, 2021 U.S. Dist. LEXIS 245185, at *70-71 (N.D. Cal. Dec. 23, 2021); *Brown*

3    *v. Ransweiler*, 171 Cal. App. 4th 516, 527 (2009).

4        5. Qurishi and CHP are entitled to summary judgment on plaintiffs' negligence claim

5    (Claim 5) because Qurishi's use of deadly force was objectively reasonable under the totality of

6    circumstances which include his perforce tactical decisions. *Hayes v. County of San Diego*, 57

7    Cal. 4th 622, 629-632 (2013) (articulating duty to reasonably use deadly force and how perforce

8    tactical decisions impact analysis); *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1125-

9    26 (9th Cir. 2021) (explaining use of force negligence analysis); *Koussaya v. City of Stockton*,

10   54 Cal. App. 5th 909, 932-37 (2021) (same).

11       6. Qurishi and CHP are entitled to summary judgment on plaintiffs' Bane Act claim

12   (Claim 6) because Qurishi did not violate Yuriar's Fourth Amendment rights. *Williamson v. City*

13   *of Nat'l City,* 23 F.4th 1146, 1155 (9th Cir. 2022). There is also no evidence demonstrating

14   Qurishi's specific intent to violate Yuriar's Fourth Amendment rights. *Reese v. County of*

15   *Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (articulating specific intent requirement).

16       7. Qurishi and CHP are entitled to summary judgment on plaintiffs' claims for battery

17   (Claim 4), negligence (Claim 5), and Bane Act (Claim 6) seeking "wrongful death" damages

18   because Qurishi's use of deadly force didn't cause Yuriar's death. *Chaudhry v. Aragón*, 68 F.4th

19   1161, 1169-70 (9th Cir. 2023) (causation under § 1983); *Norgart v. Upjohn Co.,* 21 Cal. 4th

20   383, 390 (1999) (wrongful death claim requires the defendant to have caused the death).

21                                           Honorable _____

22                                           JUDGE OF THE SUPERIOR COURT

23

24

25

26

27

28

[Proposed] Order Granting Motion for Summary Judgment
by Defendants State of California by and Through California
Highway Patrol and Officer Basir Qurishi                   Case No. ASDF