Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
Kimberly A. Sullivan, Esq. (317857)
Brooke M. Mesner, Esq. (SBN 354265)
440 Stevens Avenue, Suite 100
Solana Beach, CA  92075
Telephone:  (858) 380-4683
Facsimile:  (858) 492-0486
E-mail:  lroistacher@deangazzo.com
           ksullivan@deangazzo.com
           bmesner@deangazzo.com

Attorneys for Defendants
State of California by and through California Highway
Patrol and Officer Basir Qurishi

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LINA YURIAR; and JUAN GUILLERMO,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA; STATE OF CALIFORNIA; BASIR QURISHI; ALEXIS PEREZ-ROJAS; and DOES 3-10, inclusive,<br><br>Defendants. | Case No.:    4:23-cv-06438 KAW<br><br>**REPLY OF DEFENDANTS STATE OF CALIFORNIA BY AND THROUGH CALIFORNIA HIGHWAY PATROL AND OFFICER BASIR QURISHI TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Date:          December 18, 2025<br>Time:          1:30 p.m.<br>Courtroom:   TBD<br><br>Magistrate: Judge Kandis A. Westmore<br>Referred to: Magistrate Judge Peter H Kang (Settlement)<br><br>Complaint Filed: 12/14/2023<br>Trial Date: 03/02/2026 |

///

///

///

///

///

///

///

1

Reply of Defendants State of California by and Through California Highway Patrol and Officer Basir Qurishi to Plaintiffs' Opposition to Motion for Summary Judgment

Case No.:    4:23-cv-06438 KAW

1

**TABLE OF CONTENTS**

2   INTRODUCTION……………………………………………………………………8

3   ARGUMENT…………………………………………………………………...9

4   A.   Roger Clark's opinions are inadmissible and don't create material factual disputes…...9

5      1.   The opinions in Roger Clark's declaration not in his Rule 26 report are
           inadmissible…………………………………………………………………..9

6      2.   Clark's opinions are inadmissible under Federal Rule of Evidence 702……...10

7          a.   Clark is unqualified to offer unhelpful opinions based on his video
               interpretation ……………………………………………………………11

8

9          b.   Clark doesn't provide a sufficient factual or foundational basis for
               his opinions………………………………………………………………12

10        c.   All of Clark's opinions are inadmissible opinions on ultimate
               issues of law……………………………………………………………14

11

12   B.   Parents don't meet their burden of showing a material factual dispute………………17

13   C.   Officer Qurishi is entitled to qualified immunity on parents' Fourth Amendment
      excessive force claim because Qurishi's use of deadly force to stop Yuriar's brutal
14     injury producing attack was objectively reasonable and, alternatively, there is an
      absence of "clearly established" law on July 3, 2023…………………………………18

15      1.   No disputed material fact precludes concluding Qurishi didn't violate
16         the Fourth Amendment when using deadly force………………………………18

17      2.   Absence of clearly established law………………………………………………19

18   D.   Precedent forecloses parents' unsupported argument that a California battery
      and Fourth Amendment excessive force claim are now analyzed differently………..21
19

20   E.   Parents' cursory and conclusionary Bane Act argument is weak at best…………...22

21   F.   Roger Clark's inadmissible opinions cannot create material factual disputes
      sufficient to deny summary judgment on the negligence claim …………………...22

22

23

24

25

26

27

28

Reply of Defendants State of California by and Through
California Highway Patrol and Officer Basir Qurishi to
Plaintiffs' Opposition to Motion for Summary Judgment

Case No.:    4:23-cv-06438 KAW

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Acosta v. Cal. Highway Patrol*
    2019 U.S. Dist. LEXIS 105372 (N.D. Cal. June 24, 2019)………………..……9, 15, 16

4

*Anderson v. Liberty Lobby, Inc.*
    477 U.S. 242 (1986)……………………………………………………....…17, 18

5

6

*AngioScore, Inc. v. TriReme Med., Inc.*
    87 F. Supp. 3d 986, 1017 (N.D. Cal. 2015)…………………………………...12

7

*Alves v. Cty. of Riverside*
    135 F.4th 1161 (9th Cir. 2025)…………………………………………21, 22

8

9

*Ashcroft v. al Kidd*
    563 U.S. 731 (2011)…………………………………………………………...20

10

*Briscoe v. City of Seattle*
    483 F. Supp. 3d 999 (W.D. Wash. 2020)……………………………………...14

11

12

*Brollier v. Astrue*
    2013 U.S. Dist. LEXIS 62573 (N.D. Cal. Apr. 30, 2013)…………………..…..21, 22

13

*Camenisch v. Umpqua Bank*
    763 F. Supp. 3d 871 (N.D. Cal. 2025)……………………………………….11

14

*Case v. Kitsap Cty. Sheriff's Dep't,*
    249 F.3d 921 (9th Cir. 2001)…………………………………………..19

15

16

*City & Cty. of S.F. v. Sheehan*
    575 U.S. 600 (2015)…………………………………………………...21

17

*District of Columbia v. Wesby*
    583 U.S. 48 (2018)………………………………………………………20

18

19

*Dominguez v. City of L.A.*
    2018 U.S. Dist. LEXIS 224976 (C.D. Cal. Oct. 9, 2018)………………………16

20

*Est. of Elkins v. Pelayo*
    2022 U.S. Dist. LEXIS 69648 (E.D. Cal. Apr. 14, 2022)………………………..…16

21

22

*Est. of Hernandez v. City of L.A.*
    139 F.4th 790 (9th Cir. 2025)…………………………………………………18

23

*Est. of Stanley v. City of San Jose*
    2024 U.S. Dist. LEXIS 113909 (N.D. Cal. Jan. 20, 2024)……………………14, 15, 16

24

25

*Ford v. Ramirez-Palmer*
    301 F.3d 1043 (9th Cir. 2002)……………………………………………………19

26

*Foshee v. Zuniga*
    2021 U.S. Dist. LEXIS 92474 (N.D. Cal. May 14, 2021)……………...…………13, 14

27

28

3

Reply of Defendants State of California by and Through
California Highway Patrol and Officer Basir Qurishi to
Plaintiffs' Opposition to Motion for Summary Judgment

Case No.:    4:23-cv-06438 KAW

*Gordon v. City & Cty. of S.F.*
    2021 U.S. Dist. LEXIS 225119 (N.D. Cal. Nov. 22, 2021)…………..………10, 11, 13

*Graham v. Conner*
    490 U.S. 386 (1989)…………………………………………………………………...18

*Hart v. City of Redwood City*
    99 F.4th 543 (9th Cir. 2024)……………………………………………………………18

*Hayes v. County of San Diego*
    57 Cal. 4th 622 (2013)…………………………………………………………………22

*Hemmings v. Tidyman's Inc.*
    285 F.3d 1174 (9th Cir. 2002)…………………………………………………………11

*Hernandez v. Town of Gilbert*
    989 F.3d 739 (9th Cir. 2021)………………………………………………………...…17

*Hopkins v. Andaya*
    958 F.2d 881 (9th Cir. 1992)……………………………………………………19, 20, 21

*Isayeva v. Sacramento Sheriff's Dep't,*
    872 F.3d 938 (9th Cir. 2017)…………………………………………………………...21

*Jenkins v. Cty. of Riverside*
    398 F.3d 1093 (9th Cir. 2005)…………………………………………………………..8

*Johnson v. Alameda Cty. Sheriff's Dep't Arresting Deputy #1*
    2024 U.S. Dist. LEXIS 11072 (N.D. Cal. Jan. 22, 2024)………………………………22

*Johnson v. City of L.A.*
    2019 U.S. Dist. LEXIS 241011 (C.D. Cal. Jan. 31, 2019)………………………………12

*Johnson v. City of San Jose*
    2023 U.S. Dist. LEXIS 227978 (N.D. Cal. Dec. 21, 2023)…………………………...11

*Kass v. Holland*
    2021 U.S. Dist. LEXIS 145292 (N.D. Cal. Aug. 3, 2021)……………………………16

*Kisela v. Hughes*
    584 U.S. 100 (2018)…………………………………………………………………...20

*Koussaya v. City of Stockton*
    54 Cal. App. 5th 909 (2020)…………………………………………………………...21

*Krish Singh v. City of Phx.*
    2025 U.S. Dist. LEXIS 112716 (D. Ariz. June 12, 2025)…………………………....15, 16

*Lam v. City of Los Banos*
    976 F.3d 986 (9th Cir. 2020)………………………………………………………...…20

*Ligon v. Lafuaci*
    2015 U.S. Dist. LEXIS 8076 (N.D. Cal. Jan. 22, 2015)………………………………17

4

Reply of Defendants State of California by and Through                Case No.:    4:23-cv-06438 KAW
California Highway Patrol and Officer Basir Qurishi to
Plaintiffs' Opposition to Motion for Summary Judgment

*Lopez v. Florez*
    2013 U.S. Dist. LEXIS 151088 (E.D. Cal. Oct. 18, 2013)................................12

*Marcus v. Air & Liquid Sys. Corp.*
    2024 U.S. Dist. LEXIS 110891 (N.D. Cal. June 24, 2024)..............................9

*Matthews v. Cty. of Santa Cruz*
    2022 U.S. Dist. LEXIS 7751 (N.D. Cal. Jan. 14, 2022)................................8

*Mattos v. Agarano*
    661 F.3d 443 (9th Cir. 2011)..........................................................20

*May v. San Mateo Cnty.*
    2017 U.S. Dist. LEXIS 83425 (N.D. Cal. May 26, 2017)...............................15

*Mohamed Sabra v. Maricopa Cty. Cmty. Coll. Dist.*
    44 F.4th 867 (9th Cir. 2022)..........................................................20

*Moller v. Cty. of San Bernardino*
    2024 U.S. Dist. LEXIS 232429 (C.D. Cal. Jan. 2, 2024)...............................9

*Mondragon v. City of Fremont*
    2022 U.S. Dist. LEXIS 213071 (N.D. Cal. May 13, 2022)..............................12

*Monroe v. Griffin*
    2015 U.S. Dist. LEXIS 120125 (N.D. Cal. Sep. 9, 2015)...........................15, 16

*Nenkov v. Siegmann*
    2025 U.S. Dist. LEXIS 49305 (W.D. Wash. Mar. 18, 2025).............................9

*Pajas v. Cty. of Monterey*
    2019 U.S. Dist. LEXIS 6629 (N.D. Cal. Jan. 14, 2019)...............................9

*Perfect 10 v. Giganews, Inc.*
    2014 U.S. Dist. LEXIS 185066 (C.D. Cal. Oct. 31, 2014)............................11

*Power Integrations, Inc. v. On Semiconductor Corp.*
    396 F. Supp. 3d 851 (N.D. Cal. 2019).................................................13

*Primiano v. Cook*
    598 F.3d 558 (9th Cir. 2010).........................................................10

*Ramirez v. City of Gilroy*
    2020 U.S. Dist. LEXIS 56109 (N.D. Cal. Mar. 27, 2020)..............................9

*Reese v. Cty. of Sacramento*
    888 F.3d 1030 (9th Cir. 2018)........................................................22

*R.H. v. City of Redding*
    2023 U.S. Dist. LEXIS 116434 (E.D. Cal. July 6, 2023)..............................16

*Rivas Villegas v. Cortesluna*
    595 U.S. 1  (2021)..................................................................20

Reply of Defendants State of California by and Through
California Highway Patrol and Officer Basir Qurishi to
Plaintiffs' Opposition to Motion for Summary Judgment

Case No.:    4:23-cv-06438 KAW

*Romero v. Riverside Cty. Sheriff's Dep't.*
2025 U.S. Dist. LEXIS 222917 (C.D. Cal. Nov. 12, 2025)……………………....22

*Ruiz v. Walmart Inc.*
2021 U.S. Dist. LEXIS 49761 (C.D. Cal. Jan. 21, 2021)……………………………9

*Ryburn v. Huff*
565 U.S. 469 (2012)…………………………………………………………...18

*Sankaranarayanan v. Sashidhar*
2025 U.S. Dist. LEXIS 1082 (W.D. Wash. Jan. 3, 2025)……………………………9

*Saucier v. Katz*
533 U.S. 194 (2001)…………………………………………………………...19

*S.E.C. v. Daifotis*
2012 U.S. Dist. LEXIS 79332 (N.D. Cal. June 7, 2012)………………………………14

*Smith v. Agdeppa*
81 F.4th 994 (9th Cir. 2023)…………………………………………………...19

*Spencer v. Pew*
117 F.4th 1130 (9th Cir. 2024)………………………………………………....20

*Tyler v. Travelers Commer. Ins. Co.*
499 F. Supp. 3d 693 (N.D. Cal. 2020)…………………………………………………8

*United States v. Diaz*
876 F.3d 1194 (9th Cir. 2017)……………………………………………………11

*Waid v. Cty. of Lyon*
87 F.4th 383 (9th Cir. 2023)…………………………………………………...20

*Ward v. Cty. of Mendocino*
2018 U.S. Dist. LEXIS 163532 (N.D. Cal. Sep. 24, 2018)…………………………17

*White v. Pauly*
580 U.S. 73 (2017)…………………………………………………………...20

*Wilkinson v. Torres*
610 F.3d 546 (9th Cir. 2010)……………………………………………………18

*Winchester v. Ward*
2020 U.S. Dist. LEXIS 97491 (N.D. Cal. June 3, 2020)…………………………15

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*
259 F.3d 1101 (9th Cir. 2001)……………………………………………………9

*Zeen v. Cnty. of Sonoma*
2018 U.S. Dist. LEXIS 137744 (N.D. Cal. Aug. 9, 2018)…………………......15, 16

**Statutes**

Cal. Pen. Code § 835a……………………………………………………....21

Reply of Defendants State of California by and Through
California Highway Patrol and Officer Basir Qurishi to
Plaintiffs' Opposition to Motion for Summary Judgment

Case No.:    4:23-cv-06438 KAW

1

Fed. R. Civ. P. 26……………………………………………………...…………9, 13

Fed. R. Civ. P. 37…………………………………………………………………9

Fed. R. Civ. P. 56…………………………………………………………………9

Fed. R. Evid. 702………………………………………………………..………10, 11

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Reply of Defendants State of California by and Through
California Highway Patrol and Officer Basir Qurishi to
Plaintiffs' Opposition to Motion for Summary Judgment

Case No.:     4:23-cv-06438 KAW

1

**INTRODUCTION**

2      Making no arguments on these claims, parents concede Officer Qurishi is entitled to

3  qualified immunity on their Fourth Amendment excessive force claim based on failure to

4  intervene and integral participant theories of liability (claim 1) and the Fourteenth Amendment

5  loss of familial association claim (claim 3). *Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095

6  n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition

7  to the County's motion for summary judgment."); *Matthews v. Cty. of Santa Cruz*, 2022 U.S.

8  Dist. LEXIS 7751, at *12-13 (N.D. Cal. Jan. 14, 2022) (stating rule and citing cases); *Tyler v.

9  Travelers Commer. Ins. Co.*, 499 F. Supp. 3d 693, 701-02 (N.D. Cal. 2020) (same).

10      Regarding parents' remaining Fourth Amendment excessive force claim theory –

11  Qurishi's use of deadly force – resolution in Qurishi's favor isn't a close call. No genuine dispute

12  of any *material* fact precludes this Court finding Qurishi is entitled to qualified immunity

13  because: (1) he didn't violate the Fourth Amendment when using deadly force to stop Yuriar's

14  brutal injury producing attack; *and* (2) no clearly established law existed on July 3, 2023 putting

15  all reasonable officers on notice that it's unconstitutional for an officer to use deadly force

16  against a suspect who is mounted on top of him, threatened to kill him while repeatedly landing

17  two-handed powerful blows to the officer's head and face with no intention of stopping. Indeed,

18  it is telling that parents don't address a single authority Qurishi used to demonstrate his right to

19  qualified immunity.

20      Because no Fourth Amendment violation exists, parents' battery claim (claim 4) fails.

21  Parents' unsupported assertion that a battery and Fourth Amendment claim are now analyzed

22  differently is wrong and foreclosed by precedent. Parent's Bane Act claim (claim 6) fails for the

23  absence of both a Fourth Amendment violation and evidence of a subjective intent by Qurishi

24  to violate Yuriar's Fourth Amendment rights. Parents' mere unanalyzed assertion of evidence

25  of the latter is insufficient.

26      Parents' negligence claim (claim 5) fails because Qurishi's use of deadly force was

27  objectively reasonable under the totality of circumstances. Parents analytically devoid

28  argument that Qurishi's pre-shooting conduct rendered his use of deadly force unreasonable is

8

Reply of Defendants State of California by and Through
California Highway Patrol and Officer Basir Qurishi to
Plaintiffs' Opposition to Motion for Summary Judgment

Case No.:    4:23-cv-06438 KAW

unsupported by evidence other than the expert Roger Clark's inadmissible "opinions."

Summary judgment on all parents' claims is appropriate.

## ARGUMENT

**A.      Roger Clark's opinions are inadmissible and don't create material factual disputes**

Under Federal Rule of Civil Procedure ("Rule") 56(c), a party can object to an opposing party's declarations and evidentiary material if not in a form that "'would be admissible in evidence.'" *Acosta v. Cal. Highway Patrol*, 2019 U.S. Dist. LEXIS 105372, at *17 (N.D. Cal. June 24, 2019).

*1.      The opinions in Roger Clark's declaration not in his Rule 26 report are inadmissible*

A Rule 26 report shall contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Rule 37(c) "'gives teeth' to Rule 26's disclosure requirements." *Sankaranarayanan v. Sashidhar*, 2025 U.S. Dist. LEXIS 1082, at *3 (W.D. Wash. Jan. 3, 2025) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). "[A] party that fails to provide information as required by Rule 26(a) may not use that information on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1)." *Ruiz v. Walmart Inc.,* 2021 U.S. Dist. LEXIS 49761, at *11 (C.D. Cal. Jan. 21, 2021). This is an "'automatic sanction.'" *Id.* at *11; *see also Moller v. Cty. of San Bernardino*, 2024 U.S. Dist. LEXIS 232429, at *11 (C.D. Cal. Jan. 2, 2024) ("experts will be precluded from providing opinions that are not set forth in their reports").

Thus, opinions in Clark's declaration not contained in his Rule 26 report are inadmissible. *Nenkov v. Siegmann*, 2025 U.S. Dist. LEXIS 49305, at *6 (W.D. Wash. Mar. 18, 2025) (declaration); *Marcus v. Air & Liquid Sys. Corp.*, 2024 U.S. Dist. LEXIS 110891, at *37 (N.D. Cal. June 24, 2024) (same); *see also Ramirez v. City of Gilroy*, 2020 U.S. Dist. LEXIS 56109, at *18-19 (N.D. Cal. Mar. 27, 2020) (deposition); *Pajas v. Cty. of Monterey*, 2019 U.S. Dist. LEXIS 6629, at *7-9 (N.D. Cal. Jan. 14, 2019) (same).

Roger Clark prepared a Rule 26 report. *See* Exh. 34. Clark's declaration contains opinions not in that report and, as such, are inadmissible:

Reply of Defendants State of California by and Through
California Highway Patrol and Officer Basir Qurishi to
Plaintiffs' Opposition to Motion for Summary Judgment

Case No.:    4:23-cv-06438 KAW

| Clark Declaration (Doc. 74-2) | Clark Rule 26 Report (Exh. 34)[1] | Inadmissible |
|---|---|---|
| ¶ 10(c): Officers are trained that "deadly force should only be used when *all other options have been exhausted* and no other reasonable measures are available." (Emphasis added). | ¶ 2. "Officers are also trained… that there needs to be no other reasonable alternatives[.]" | The "opinion" regarding after exhausting all other options isn't in Clark's Rule 26 report. |
| ¶ 10(e): "Likewise, a fear of future harm is not enough. *Deputies [sic] are also trained to control their fear.*" (Emphasis added). | ¶ 3 "A fear of future harm is insufficient." | The "opinion" regarding controlling fear isn't in Clark's Rule 26 report. |
| ¶ 10(i): "An officer must justify every shot he or she fires and to re-assess the threat or danger before firing the initial shots." | Nowhere. | Entirety of "opinion" isn't in Clark's Rule 26 report. |
| ¶ 13: "Further, Office[r] Qurishi also does not appear to have ever blacked out or lost consciousness based on his conduct immediately after the shooting, including unjamming his gun, making radio communications, telling Deputy Perez-Rojas that he was ok, going and handcuffing the second suspect and then extensively telling the other officers at the scene what had occurred for several minutes." | Nowhere. | Entirety of "opinion" isn't in Clark's Rule 26 report. |
| ¶14: "Qurishi also had several less lethal options such as a taser and a baton, as well as an additional officer who had just arrived on scene to assist." | Nowhere. | Entirety of "opinion" isn't in Clark's Rule 26 report. |
| ¶14: "The taser or the baton are far more appropriate uses of force against someone throwing punches at an officer, as opposed to using deadly force against them." | Nowhere. | Entirety of "opinion" isn't in Clark's Rule 26 report. |

2.      *Clark's opinions are inadmissible under Federal Rule of Evidence 702*

The district court has a "gatekeeping" function regarding admissibility of expert testimony under Federal Rule of Evidence 702, *Primiano v. Cook*, 598 F.3d 558, 564-65 (9th Cir. 2010), and admissibility "can be distilled to two overarching considerations: 'reliability and relevance.'" *Gordon v. City & Cty. of S.F.,* 2021 U.S. Dist. LEXIS 225119, at *21 (N.D. Cal.

---

[1] Clark's report doesn't have page numbers.  Paragraph references are to, by hand count, pages 4 and 5 of the report.

Reply of Defendants State of California by and Through California Highway Patrol and Officer Basir Qurishi to Plaintiffs' Opposition to Motion for Summary Judgment

Case No.:    4:23-cv-06438 KAW

1   Nov. 22, 2021) (citation omitted). '"The party offering the expert bears the burden of

2   establishing that Rule 702 is satisfied.'" *Id.* at 22-23 (citation omitted).

3          The relevance inquiry focuses on whether an expert's opinion is "helpful" to the jury.

4   *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1184 (9th Cir. 2002). As well explained by one

5   court, "ostensibly relevant expert opinion testimony is only 'helpful to the jury if it concerns

6   matters beyond the common knowledge of the average layperson and is not misleading. Expert

7   testimony is inadmissible if it concerns factual issues within the knowledge and experience of

8   ordinary lay people, because it would not assist the trier of fact in analyzing the evidence. Expert

9   testimony that merely tells the jury what result to reach is inadmissible. Nor is expert testimony

10  helpful if it encroaches on the jury's vital and exclusive function to make credibility

11  determinations." *Perfect 10 v. Giganews, Inc.*, 2014 U.S. Dist. LEXIS 185066, at *8-9 (C.D.

12  Cal. Oct. 31, 2014) (simplified).

13         Moreover, "the Ninth Circuit 'has repeatedly affirmed that "an expert witness cannot

14  give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law."'"

15  *Gordon*, 2021 U.S. Dist. LEXIS 225119, at *13 (citations omitted). "This prohibition of opinion

16  testimony on an ultimate issue of law recognizes that, [w]hen an expert undertakes to tell the

17  jury what result to reach, this does not aid the jury in making a decision, but rather attempts to

18  substitute the expert's judgment for the jury's.'" *Id.* (citations omitted); *accord United States v.*

19  *Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017); *Camenisch v. Umpqua Bank*, 763 F. Supp. 3d 871,

20  891 (N.D. Cal. 2025).

21  a.    Clark is unqualified to offer unhelpful opinions based on his video interpretation

22         Given the absence of foundational support for Clark's opinions in his declaration (shown

23  next), it's unclear whether his opinions are based on his interpretation of the video evidence.

24  Because Clark wasn't present for the incident, watched videos, and he purports to state what

25  occurred in certain terms, Clark's belief in what the videos show clearly underly his opinions.

26         Because Clark provides nothing demonstrating his qualifications to interpret videos, he

27  cannot do it and his view of what the videos show is not "helpful." *See Johnson v. City of San*

28  *Jose*, 2023 U.S. Dist. LEXIS 227978, at *8 (N.D. Cal. Dec. 21, 2023) ("Nothing before the

                                                  11

Reply of Defendants State of California by and Through
California Highway Patrol and Officer Basir Qurishi to
Plaintiffs' Opposition to Motion for Summary Judgment                    Case No.:    4:23-cv-06438 KAW

1    Court indicates that Mr. Clark is qualified by knowledge, skill, experience, training, or education

2    as an expert on video interpretation.  Additionally, the jury does not need the assistance of an

3    expert to tell them what they can see for themselves in the videos. Accordingly, the Court cannot

4    conclude that Mr. Clark's opinions about what the videos display are reliable expert testimony,

5    and therefore will not permit Mr. Clark to testify as an expert about the events depicted in the

6    video evidence.") (simplified); *Mondragon v. City of Fremont*, 2022 U.S. Dist. LEXIS 213071,

7    at *4 (N.D. Cal. May 13, 2022) ("Clark may not testify as to any opinions on … body-worn

8    cameras").

9         b.    <u>Clark doesn't provide a sufficient factual or foundational basis for his opinions</u>

10          "It is well-established that expert opinions lacking an adequate foundation may not be

11   considered by the Court." *Lopez v. Florez*, 2013 U.S. Dist. LEXIS 151088, at *21 (E.D. Cal.

12   Oct. 18, 2013). "The Ninth Circuit has explained that 'in the context of a motion for summary

13   judgment, an expert must back up his opinion with specific facts.' Put another way, an expert

14   should 'include "how" and "why" the expert reached a particular result, not merely the expert's

15   conclusory opinions ... [because] an expert who supplies only an ultimate conclusion with no

16   analysis supplies nothing of value to the judicial process.'" *Id.* (citations omitted). Put simply,

17   expert opinions lacking a sufficient factual and foundational basis are inadmissible because they

18   are not "helpful." *Johnson v. City of L.A.*, 2019 U.S. Dist. LEXIS 241011, at *6 (C.D. Cal. Jan.

19   31, 2019) ("'[E]xpert opinions must have a sufficient factual and foundational basis in order to

20   be helpful.'") (quoting *AngioScore, Inc. v. TriReme Med., Inc.*, 87 F. Supp. 3d 986, 1017 (N.D.

21   Cal. 2015)).

22          Clark's opinions suffer from myriad factual and foundational problems.

23          Clark opines Qurishi didn't act in accordance with "police practices and basic police

24   training" and his conduct was contrary to "police officer standards and training."  *See, e.g.,* Doc.

25   74-2, ¶ 16; *see also id.*, ¶ 18 ("It is my opinion that Qurishi's use of force was inconsistent with

26   his training as a CHP officer."). Yet nowhere does Clark identify the source of these purported

27   "police practices," "standards" or "training." Nor does Clark say these unidentified things apply

28   to Qurishi, a CHP officer, and Clark further doesn't demonstrate knowledge of CHP policies,

Reply of Defendants State of California by and Through
California Highway Patrol and Officer Basir Qurishi to
Plaintiffs' Opposition to Motion for Summary Judgment

Case No.:    4:23-cv-06438 KAW

1    practices and training.

2        Clark's declaration likewise fails to adequately identify where he got his purported

3    knowledge of what occurred during the incident. Clark merely, and insufficiently, says he

4    "reviewed the photographs, police reports, videos, deposition transcripts, recorded interviews

5    and other material." Doc. 71-2, ¶ 9; *cf.* Fed. R. Civ. P. 26 (a)(1)(B)(ii) (expert report must state

6    "the facts or data considered by the witness in forming [opinions]."). Absent adequately

7    identifying the sources of information underlying his opinions, there is absence of demonstrated

8    foundation for Clark's opinions.

9        Clark's declaration also doesn't articulate the factual basis for his opinions; he simply

10   comes to conclusions. *See Power Integrations, Inc. v. On Semiconductor Corp.*, 396 F. Supp.

11   3d 851, 886 (N.D. Cal. 2019) ("In the context of a motion for summary judgment, an expert

12   must back up his opinion with specific facts. An expert's conclusory assertions are not sufficient

13   to create a genuine issue of material fact.") (simplified). Nor does Clark recite any of the incident

14   facts. At best, Clark selectively chooses a few "facts" derived from *his interpretation* of what

15   occurred to interweave into improper conclusions. *See, e.g.,* Doc. 74-2, ¶ 12 (Yuriar "had not

16   attempted to grab the officer's gun or disarm the officer of his gun"); *id.*, ¶ 13 ("Qurishi also

17   does not appear to have ever blacked out or lost consciousness"). This is improper. *Foshee v.*

18   *Zuniga*, 2021 U.S. Dist. LEXIS 92474, at *16-17 (N.D. Cal. May 14, 2021) ("Mr. Smith may

19   not testify regarding his view or assessment of what actually occurred…. The jury does not need

20   assistance in making findings as to what actually happened. More to the point, Mr. Smith's

21   proposed statements are at best merely his interpretation of evidence that may be introduced at

22   trial and at worst entirely misleading characterizations of that evidence. …  Mr. Smith may not

23   … testify generally to his view of what happened or suggest that one interpretation of the

24   evidence is more credible than another.").

25       Making it worse, some of Clark's "facts" are contrary to the evidence. *See Gordon v.*

26   *City & Cty. of S.F.*, 2021 U.S. Dist. LEXIS 225119, at *21-22 (N.D. Cal. Nov. 22, 2021) ("Here,

27   Clark's report is unreliable because it is not 'based on sufficient facts or data,' or, put differently,

28   it is irrelevant because it does not accurately address the facts of this case. Portions of the report

Reply of Defendants State of California by and Through
California Highway Patrol and Officer Basir Qurishi to
Plaintiffs' Opposition to Motion for Summary Judgment
Case No.:    4:23-cv-06438 KAW

1     simply misstate the facts ….").

2         For example, Clark repeatedly states Yuriar "had not attempted to grab [Qurishi's] gun."

3 Clark doesn't know whether Yuriar did or didn't. And Deputy Perez-Rojas testified he saw a

4 pair of arms fighting for the gun and both Qurishi's and Yuriar's hands on it, which Clark

5 ignores. Ex. 23, pp. 29:14-18, 32:20-33:7, 75:19-24; Ex. 27, pp. 39:1-19, 74:15-25. Regardless,

6 Clark cannot take a position on it. *Foshee,* 2021 U.S. Dist. LEXIS 92474, at *16-17; *see also*

7 *Briscoe v. City of Seattle*, 483 F. Supp. 3d 999, 1014 n.15 (W.D. Wash. 2020) (There is an "'all-

8 too-common misuse' of forensic experts who propose 'to tell the jury what actually occurred in

9 the case,' and … a retained witness, who has no personal knowledge of the underlying facts,

10 'should never be allowed to pretend to divine for the jury the truth of what actually occurred or

11 what the mental state of an actor was' or to 'vouch for one side's fact scenario.'") (quoting *S.E.C.*

12 *v. Daifotis*, 2012 U.S. Dist. LEXIS 79332, *2, 7 (N.D. Cal. June 7, 2012)).

13         Clark also states "Qurishi had already requested backup which had arrived without with

14 his lights and sirens activated prior to Qurishi's use of deadly force." Doc. 74-2, ¶ 13. Qurshi

15 did request back-up, but it was Deputy Perez-Rojas that first arrived without lights and sirens

16 not as back-up but in response to a call about Yuriar and his comrades fleeing the crash. Exh.

17 23, pp. 13:15-15:16.

18         Concluding Qurishi was "negligent," Clark states as a fact – despite having no firsthand

19 knowledge – that Qurishi never "tr[ied] to handcuff Mr. Yuriar when he was down prone on the

20 ground." Doc. 74-2, ¶ 13. But Clark states the opposite in his Rule 26 report: "Qurishi chased

21 after Mr. Yuriar and quickly caught up to him and *proceeded to attempt to handcuff Mr. Yuriar*

22 *as he lay prone, chest down, on the ground*." Exh. 34, p. 4. (emphasis added).

23     c.   <u>All of Clark's opinions are inadmissible opinions on ultimate issues of law</u>

24         "[T]he Ninth Circuit has repeatedly affirmed that an expert witness cannot give an

25 opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law. This prohibition

26 of opinion testimony on an ultimate issue of law recognizes that, when an expert undertakes to

27 tell the jury what result to reach, this does not aid the jury in making a decision, but rather

28 attempts to substitute the expert's judgment for the jury's." *Est. of Stanley v. City of San Jose*,

Reply of Defendants State of California by and Through
California Highway Patrol and Officer Basir Qurishi to
Plaintiffs' Opposition to Motion for Summary Judgment         Case No.:    4:23-cv-06438 KAW

1    2024 U.S. Dist. LEXIS 113909, at *13 (N.D. Cal. Jan. 20, 2024) (simplified).

2        Thus, an expert is precluded from stating things like an officer used "excessive force,"

3 "acted unreasonably," "inappropriately", or was "negligent." *May v. San Mateo Cnty.*, 2017 U.S.

4 Dist. LEXIS 83425, at *25 (N.D. Cal. May 26, 2017) ("Experts cannot tell the jury, point blank,

5 that a given defendant 'used excessive force' or 'acted unreasonably.' That would simply be

6 telling the jury what to conclude. That would not help the trier of fact-and such an opinion would

7 be barred even after the demise of the hoary 'ultimate issue' rule."); *Krish Singh v. City of Phx.*,

8 2025 U.S. Dist. LEXIS 112716, at *25 (D. Ariz. June 12, 2025) ("[B]ecause the statement

9 encompasses a direct assertion that the Officers acted excessively and unreasonably in this case,

10 the statement is impermissible."); *see also Monroe v. Griffin*, 2015 U.S. Dist. LEXIS 120125,

11 at *16-17 (N.D. Cal. Sep. 9, 2015) ("Courts have held that an expert's use of 'judicially defined'

12 and 'legally specialized' terms constitutes an expression of opinion on an ultimate issue of law.")

13 (citing cases). Experts further cannot state that an officer's conduct violated standards or

14 training. *Zeen v. Cnty. of Sonoma,* 2018 U.S. Dist. LEXIS 137744, at *7-9 (N.D. Cal. Aug. 9,

15 2018) (precluding Clark from opining that officers use of force was "grossly unjustified,

16 excessive and unnecessary in the totality of the circumstances confronting him, and includes his

17 collective failure to abide by POST standards, and law (as taught by POST).'").

18        These rules apply equally in the summary judgment context. *Acosta*, 2019 U.S. Dist.

19 LEXIS 105372, at *17-21; *see also Winchester v. Ward*, 2020 U.S. Dist. LEXIS 97491, at *20

20 n.8 (N.D. Cal. June 3, 2020) ("As to the expert report, insofar as Mr. Clark offers improper legal

21 conclusions, his opinions are excluded for purposes of rendering this decision on summary

22 judgment.").

23        Clark repeatedly offers these types of inadmissible opinions, and this Court should

24 exclude *all of them*. For example, paragraph 16 does nothing but conclude what the trier of fact

25 is charged with deciding. Doc. 74-2, ¶ 16 (articulating reasons why Qurishi is liable). The same

26 is done throughout Clark's declaration where Clark repeatedly improperly expresses "opinions"

27 on the precise issues the trier of fact is charged with resolving. *See* Doc. 74-2, ¶ 12 ("There was

28 no immediate defense of life situation when Officer Qurishi fired his lethal shots …."); *id.*

Reply of Defendants State of California by and Through
California Highway Patrol and Officer Basir Qurishi to
Plaintiffs' Opposition to Motion for Summary Judgment
           Case No.:    4:23-cv-06438 KAW

1    ("[T]aking Qurishi down to the ground and throwing several punches at him does not justify the

2    use of deadly force against Mr. Yuriar because this is considered assaultive conduct and is not

3    immediately life threatening, which does not rise to the level of justifying the use of deadly

4    force. Taking the officer to the ground and throwing several punches at him does not constitute

5    an imminent or immediate threat of death or serious bodily injury. This conduct also does not

6    establish that Mr. Yuriar had the ability, opportunity, and apparent intent to immediately cause

7    death or serious bodily injury to Quirishi. Officer Qurishi also should never have unholstered

8    his gun while in a physical altercation with Mr. Yuriar ...."); *id.*, ¶ 13 ("Office[r] Qurishi also

9    does not appear to have ever blacked out or lost consciousness based on his conduct immediately

10   after the shooting[.]"); *id.* ("Qurishi also should have given Mr. Yuriar a verbal warning that

11   deadly force would be used before firing, and it was feasible to do so."); *id.*, ¶ 14 ("The taser or

12   the baton are far more appropriate uses of force against someone throwing punches at an officer,

13   as opposed to using deadly force against them."); *id.*, ¶ 15 ("Qurishi was also negligent in his

14   pre-shooting conduct, and his preshooting conduct was inappropriate and inconsistent with

15   police officer standards and training ...."); *id.*, ¶ 17 ("Officer Qurishi engaged in inproper and

16   inappropriate tactics ...."); *id.*, ¶ 18 ("Qurishi's use of force was inconsistent with his training

17   as a CHP officer."); *id.* ("[I]t was inappropriate for Qurishi to determine that Mr. Yuriar posed

18   an immediate threat of death of serious bodily injury to Qurishi or anyone else at the time of the

19   shooting.").

20         There are legions of district court decisions throughout the Ninth Circuit precluding

21   Clark from offering the same type of opinions contained in his declaration, including decisions

22   from the Northern District, and this Court shouldn't conclude differently. *See, e.g., Singh,* 2025

23   U.S. Dist. LEXIS 112716, at *24; *Est. of Stanley,* 2024 U.S. Dist. LEXIS 113909, at *10-12;

24   *R.H. v. City of Redding,* 2023 U.S. Dist. LEXIS 116434, at *21 (E.D. Cal. July 6, 2023); *Est. of*

25   *Elkins v. Pelayo,* 2022 U.S. Dist. LEXIS 69648, at *8 (E.D. Cal. Apr. 14, 2022); *Kass v. Holland*,

26   2021 U.S. Dist. LEXIS 145292, at *5 (N.D. Cal. Aug. 3, 2021); *Acosta,* 2019 U.S. Dist. LEXIS

27   105372, at *17-21; *Zeen,* 2018 U.S. Dist. LEXIS 137744, at *7-9; *Dominguez v. City of L.A.*

28   2018 U.S. Dist. LEXIS 224976, at *39-40) (C.D. Cal. Oct. 9, 2018); *Monroe v. Griffin,* 2015

Reply of Defendants State of California by and Through
California Highway Patrol and Officer Basir Qurishi to
Plaintiffs' Opposition to Motion for Summary Judgment                    Case No.:    4:23-cv-06438 KAW

1   U.S. Dist. LEXIS 120125, at *16-19 (N.D. Cal. Sep. 9, 2015); *Ligon v. Lafuaci*, 2015 U.S. Dist.

2   LEXIS 8076, at *10-11 (N.D. Cal. Jan. 22, 2015).

3   **B.      Parents don't meet their burden of showing a material factual dispute**

4          Parents *argue* disputed facts exist. But argument doesn't create disputed facts; only

5   admissible evidence does. *Ward v. Cty. of Mendocino*, 2018 U.S. Dist. LEXIS 163532, at *4

6   (N.D. Cal. Sep. 24, 2018) ("When the moving party has carried its burden, the nonmoving party

7   must respond with specific facts, supported by admissible evidence, showing a genuine issue for

8   trial.'") (citations omitted). Many purported "facts" articulated by parents improperly lack an

9   evidence citation and are taken out of the proper sequencing of events. *Id.* Further, the video

10  evidence shows what it shows, and it doesn't support parents' version of the facts. *Hernandez*

11  *v. Town of Gilbert*, 989 F.3d 739, 746 (9th Cir. 2021) ("[W]e are not required to accept a non-

12  movant's version of events when it is clearly contradicted by a video in the record.").

13         Demonstrating all of parents' futile attempts to factual disputes is too great a task for the

14  page limits of this reply, but Qurishi explains a few that are indicative of the rest.

15         Whether Yuriar grabbed or otherwise had his hand on Qurishi's gun is not a disputed

16  fact. Deputy Rojas-Perez says it occurred; no witness says it didn't.  A witness not seeing it

17  happen based on vantage point or something else is different than saying "it didn't happen."

18  Even assuming a dispute, it is immaterial because Qurishi had already decided to use deadly

19  force when he withdrew his gun from the holster. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S.

20  242, 247-48 (1986) (only disputes over "material facts" defeat summary judgment). Parents

21  concede this. Doc. 74, p. 10:12, 18 ("Qurishi unholstered his handgun due to the punches being

22  thrown by Decedent" "with the intent to shot Decedent.").

23         Likewise immaterial is any dispute over whether a jam in Qurishi's gun prevented a

24  second shot because Qurishi had already used deadly force. But there is no dispute anyway

25  because that is what the evidence establishes.

26         Whether Qurishi lost consciousness or "blacked out" during Yuriar's attack is not a

27  disputed fact because Qurishi never said he did but only that he feared that would happen.  And

28  any dispute is immaterial because the law doesn't require Qurishi to have lost consciousness

Reply of Defendants State of California by and Through
California Highway Patrol and Officer Basir Qurishi to
Plaintiffs' Opposition to Motion for Summary Judgment

Case No.:    4:23-cv-06438 KAW

1    before using deadly force or even have sustained injury (which he did) – just "probable cause to

2    believe that [Yuriar] pose[d] a threat of serious physical harm" to him. *Est. of Hernandez v. City*

3    *of L.A.,* 139 F.4th 790, 799 (9th Cir. 2025) (en banc); *Wilkinson v. Torres*, 610 F.3d 546, 553

4    (9th Cir. 2010) ("'[T]he Fourth Amendment does not require omniscience,' and absolute

5    certainty of harm need not precede an act of self-protection."); *see Anderson*, 477 U.S. at 248

6    ("Only disputes over facts that might affect the outcome of the suit under the governing law will

7    properly preclude the entry of summary judgment.").

8    **C.    Officer Qurishi is entitled to qualified immunity on parents' Fourth Amendment**
      **excessive force claim because Qurishi's use of deadly force to stop Yuriar's brutal**
9    **injury producing attack was objectively reasonable and, alternatively, there is an**
      **absence of "clearly established" law on July 3, 2023**

10   *1.    No disputed material fact precludes concluding Qurishi didn't violate the Fourth*
11        *Amendment when using deadly force*

12   Because the immediacy of the threat Yuriar posed is the most important and dispositive

13   factor, *see Hart v. City of Redwood City*, 99 F.4th 543, 552 (9th Cir. 2024), Qurishi focuses on

14   that issue but observes the other *Graham* factors also weigh heavily in his favor.

15   Parents' main argument does two flawed things.

16   First, it improperly employs a hindsight argument ignoring the realities of what occurred

17   and "second guessing" what Qurishi believed, reasonably, was the threat Yuriar posed and the

18   "split second judgments" he made "in circumstances that are tense, uncertain, and rapidly

19   evolving." *Graham v. Conner*, 490 U.S. 386, 397 (1989); s*ee also Ryburn v. Huff*, 565 U.S. 469,

20   477 (2012) ("Judges should be cautious about second guessing a police officer's assessment,

21   made on the scene, of the danger presented by a particular situation.").

22   Second, parents' argument ignores and downplays the brutality of Yuriar's attack,

23   specifically ignoring Yuriar told Qurishi he was going to kill him, and further wrongfully

24   assumes punches cannot create an immediate or imminent threat of death or serious injury

25   which, of course, they most certainly can. Indeed, parents don't address one case from the

26   authority Qurishi cited refuting their argument. *See* Doc. 71, p. 24 (citing cases).

27   Qurishi and Yuriar were not in a stand-up fist fight with both getting as good as they

28   gave. Yuriar was mounted on top of a defenseless Qurishi pummeling him with both fists after

18

Reply of Defendants State of California by and Through
California Highway Patrol and Officer Basir Qurishi to
Plaintiffs' Opposition to Motion for Summary Judgment

Case No.:    4:23-cv-06438 KAW

yelling "I'll kill you, nigga." The significance of Yuriar's attack is painfully obvious from the video evidence, and it defies logic to say *the repeated punches Yuriar was landing on Qurishi's face and head* don't create an immediate or imminent threat of, at the very least, a serious injury. And, critically, as just explained, Qurishi wasn't required to first sustain a serious injury before employing deadly force. Further, the video evidence shows Qurishi was "out of it" after the fight.  Testimony of those with him afterward confirm this. Exh. 23, p. 76:11-23; Exh. 27, pp. 30:5-15, 81:5-25. A photo also show the injuries to Qurishi's face and head. Exh. 29. And Qurishi's medical records demonstrate serious injury lasting well after the incident – including a concussion. Exhs. 30, 31. That parents think Qurishi's injuries were "not that bad" is quite beside the point.

### 2.    *Absence of clearly established law*

Contrary to parents' arguments, it isn't premature to decide the issue, this is not an "obvious" case and the factually dissimilar *Hopkins v. Andaya,* 958 F.2d 881 (9th Cir. 1992) doesn't carry the day for parents.  And parents don't attempt to draw any distinction between this case and those cases Qurishi cited demonstrating the law is not "clearly established" in cases like this one.[2] *See* Doc. 71, pp. 27-28 (citing cases).

Qurishi already demonstrated the absence of any *material* factual disputes but even assuming some, "the goal of qualified immunity would be undermined if summary judgment were denied every time a material issue of fact remains on an excessive force claim." *Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049 (9th Cir. 2002) (citing *Saucier v. Katz*, 533 U.S. 194, 202 (2001)). Even if some disputed facts exist, none are material to the Court determining whether clearly established law existed on July 3, 2023. *See Smith v. Agdeppa*, 81 F.4th 994, 1003 (9th Cir. 2023) ("[T]he asserted factual disputes do not take away from the core undisputed features of this case which, at a minimum, confirm that any constitutional violation was not clearly

---

[2] Parents casual assertion that some unspecified purported policy violation is sufficient to deny qualified immunity, see Doc. 74, p. 23, is wrong. *Case v. Kitsap Cty. Sheriff's Dep't*, 249 F.3d 921, 929 (9th Cir. 2001) ("[O]ur focus is on whether a reasonable officer would have known that the deputies' conduct violated Case's federal statutory or constitutional rights rather than merely a state law or policy provision.").

1    established.").

2    Parents' "obvious" case argument fairs no better. "Obvious" cases "are few and far

3    between," *Mohamed Sabra v. Maricopa Cty. Cmty. Coll. Dist.,* 44 F.4th 867, 888 (9th Cir. 2022),

4    and this case is far below the high bar of a "rare" "obvious" case, *Mattos v. Agarano*, 661 F.3d

5    443, 42 (9th Cir. 2011) ("[T]he bar for finding such obviousness is quite high."). *See also Waid*

6    *v. Cty. of Lyon*, 87 F.4th 383, 389 (9th Cir. 2023) ("[O]nly the rare case will find that conduct

7    obviously violated the Constitution.").

8    Finally, *Hopkins* (the sole precedent parents rely on) doesn't meet *parents' burden of*

9    *proof* for at least four reasons. *Spencer v. Pew*, 117 F.4th 1130, 1137 (9th Cir. 2024). First,

10    *Hopkins* is "materially distinguishable." *Rivas Villegas v. Cortesluna*, 595 U.S. 1, 6 7 (2021).

11    Second, *Hopkins* doesn't "place the constitutional question" "beyond debate." *District of*

12    *Columbia v. Wesby*, 583 U.S. 48, 63 (2018); *White v. Pauly*, 580 U.S. 73, 79 (2017). Third,

13    *Hopkins* provides no clarity to the "'hazy border between excessive and acceptable force.'"

14    *Kisela v. Hughes*, 584 U.S. 100, 105 (2018). Fourth, *Hopkins* doesn't show Qurishi was "plainly

15    incompetent" or "knowingly violate[d] the law." *Ashcroft v. al Kidd*, 563 U.S. 731, 743 (2011).

16    *Hopkins'* facts were unique, which itself demonstrates how it doesn't constitute clearly

17    established law in this case. "In *Hopkins*, according to the officer, the decedent grabbed the

18    officer's baton and 'us[ed] it to hit the officer ten or twenty times over his head, back, shoulders

19    and arms.'" *Lam v. City of Los Banos*, 976 F.3d 986, 998 (9th Cir. 2020) (quoting *Hopkins*, 958

20    F.2d at 886). "The officer shot the decedent 'six times at a range of three to four feet,' injuring

21    but not killing the decedent. *Id.* (quoting *Hopkins*, at 883). "The officer moved away from the

22    decedent after firing that round of shots, and the decedent 'followed at a brisk pace,' though he

23    no longer had the baton in his hands." *Id.* (quoting *Hopkins*, at 887). "The officer 'yelled at [the

24    decedent] to stop and leave him alone,' but apparently the decedent continued to advance. *Id.*

25    (quoting *Hopkins*, at 887). "The officer then shot the decedent four times, [citation], and the

26    decedent died after the second round of shots[.]" *Id.* at 998-99 (citing *Hopkins*, at 884, 887).

27    "[B]ased on th[at] version of events," the court held "that only the first use of deadly

28    force could be justified because the decedent was 'allegedly beating' the officer" but "could not

Reply of Defendants State of California by and Through
California Highway Patrol and Officer Basir Qurishi to
Plaintiffs' Opposition to Motion for Summary Judgment                    Case No.:    4:23-cv-06438 KAW

1    'say as a matter of law that [the officer] acted reasonably' when he fired the second round of

2    shots because 'it was far from clear that [the officer] reasonably feared for his life.'" *Id.* at 999

3    (quoting *Hopkins*, at 887.) This was because when "the officer fired those [second round of]

4    shots, the decedent 'had  been wounded and was unarmed,' and the officer 'had already called

5    for help; he needed only to delay [the decedent] for a short period of time'—which he could

6    have done by evading the decedent or 'attempt[ing] to subdue him with his fists, his feet, his

7    baton or the butt of his gun.'" *Id.* (quoting *Hopkins*, at 887.)

8         "Whatever the merits of the decision in [*Hopkins*], the differences between that case and

9    the case … leap from the page." *See City & Cty. of S.F. v. Sheehan*, 575 U.S. 600, 614 (2015).

10   One obvious difference is we are not dealing with two volleys of shots by Qurishi. An unlike

11   *Hopkins*, Qurishi and Yuriar were in the middle of the fight when Qurishi used deadly force – a

12   fight Yuriar was dominating - and Qurishi remained in "serious danger" with Yuriar inflicting

13   significant and potentially greater injury on him. *See Isayeva v. Sacramento Sheriff's Dep't*, 872

14   F.3d 938, 953 (9th Cir. 2017) (distinguishing *Hopkins* in a case where officers were in a physical

15   fight with a suspect when deadly force was used: "Unlike the present case, the decedent in

16   *Hopkins* at no point had the upper hand in the fight, and the officer never came close to passing

17   out.") (citations omitted).

18   **D.    Precedent forecloses parents' unsupported argument that a California battery and**
         **Fourth Amendment excessive force claim are now analyzed differently**

19        Parents argue "[a]fter California passed California Penal Code section 835a "the

20   reasonableness standard applied to state law battery by a police officer no longer 'matches the

21   reasonableness standard used for Fourth Amendment excessive force claims.'"  Doc. 74, p.

22   23:18-23. Ignoring § 835a was first passed in 1957, *see Koussaya v. City of Stockton,* 54 Cal.

23   App. 5th 909, 932 (2020), there is no authority or reasoned analysis supporting some change in

24   the battery standard. *See Brollier v. Astrue*, 2013 U.S. Dist. LEXIS 62573, at *18 (N.D. Cal.

25   Apr. 30, 2013) ("The court is not required to consider conclusory unsupported arguments.").

26        Regardless, in April of this year, the Ninth Circuit reaffirmed battery and Fourth

27   Amendment liability standards are identical. *Alves v. Cty. of Riverside*, 135 F.4th 1161, 1166

28

Reply of Defendants State of California by and Through
California Highway Patrol and Officer Basir Qurishi to
Plaintiffs' Opposition to Motion for Summary Judgment          Case No.:    4:23-cv-06438 KAW

1   n.3 (9th Cir. 2025) ("California battery claims are coextensive with claims for excessive force

2   under the Fourth Amendment."). District courts are in accord. *See, e.g., Romero v. Riverside*

3   *Cty. Sheriff's Dep't*, 2025 U.S. Dist. LEXIS 222917, at *16 (C.D. Cal. Nov. 12, 2025) ("A claim

4   for excessive force is analyzed under the 'reasonableness standard of the Fourth Amendment.'");

5   *Johnson v. Alameda Cty. Sheriff's Dep't Arresting Deputy #1*, 2024 U.S. Dist. LEXIS 11072, at

6   *16 (N.D. Cal. Jan. 22, 2024) ("'The law governing a [California] state law claim for battery is

7   the same as that used to analyze a claim for excessive force under the Fourth Amendment.'").

8   **E.      Parents' cursory and conclusionary Bane Act argument is weak at best**

9       Completely divorced from the facts, parents argue "Qurishi showed a 'reckless disregard

10  for [Yuriar's] Fourth Amendment rights when he shot the unarmed decedent." Doc. 74, p. 25:2-

11  4. Parents don't explain how "reckless disregard" is shown or how Yuriar being unarmed equates

12  to evidence of Qurishi's "reckless disregard." This Court should, pass on parents' undeveloped

13  argument, *Brollier*, 2013 U.S. Dist. LEXIS 62573, at *18, but no evidence demonstrates Qurishi

14  "intended not only the force, but its unreasonableness, its character as more than necessary under

15  the circumstances." *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018).

16  **F.      Roger Clark's inadmissible opinions cannot create material factual disputes
        sufficient to deny summary judgment on the negligence claim**

17

18       Parents rely on Clark's inadmissible opinions to support asserting "Qurishi was negligent

   in his pre-shooting conduct." Doc. 74, p. 25:7-18. Ignoring that, parents don't engage in any
19

20  analysis demonstrating how Qurishi's "pre-shooting conduct" could transform a reasonable use

   of deadly force into an unreasonable one. *Hayes v. County of San Diego*, 57 Cal. 4th 622, 630
21

22  (2013); *see Brollier*, 2013 U.S. Dist. LEXIS 62573, at *18.

    Dated: December 2, 2025             Dean Gazzo Roistacher LLP
23

24
                    By:  */s/ Lee H. Roistacher*
25                          Lee H. Roistacher

26                          Attorneys for Defendants
                          Email: lroistacher@deangazzo.com

27

28

Reply of Defendants State of California by and Through
California Highway Patrol and Officer Basir Qurishi to
Plaintiffs' Opposition for Motion for Summary Judgment      Case No.:    4:23-cv-06438 KAW